1  BRIAN R. STRANGE (SBN 103252)
   *lacounsel@earthlink.net*
2  GRETCHEN CARPENTER (SBN 180525)
   *gcarpenter@strangeandcarpenter.com*
3  STRANGE & CARPENTER
   12100 Wilshire Blvd., Suite 1900
4  Los Angeles, CA 90025
   Telephone:    310-207-5055
5  Fax:          310-826-3210

6  RANDALL S. ROTHSCHILD (SBN 101301)
   *randy.rothschild@verizon.net*
7  12100 Wilshire Blvd., Suite 800
   Los Angeles, CA 90025
8  Telephone:    310-806-9245
   Fax:          310-988-2723
9
   Attorneys for Plaintiffs Vivian Fiori and Roggie Trujillo
10
                 **UNITED STATES DISTRICT COURT**
11
            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
12
                        **SAN JOSE DIVISION**
13

| | |
|---|---|
| 14  VIVIAN FIORI and ROGGIE TRUJILLO, on behalf of themselves and all others similarly situated, | **Case No. C09 01518 JW** |
| 15 | **FIRST AMENDED COMPLAINT FOR:** |
| 16           Plaintiffs, | 1.   **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CALIFORNIA CIVIL CODE §§ 1790,** *et seq.* |
| 17           vs. | |
| 18  DELL INC., a corporation; BANCTEC, INC., a corporation; QUALXSERV LLC, an entity; DELL CATALOG SALES, L.P., an entity; DELL PRODUCTS, L.P., an entity; DELL MARKETING L.P., an entity; DELL MARKETING L.P., LLC, an entity; DELL MARKETING G.P., LLC, an entity; DELL USA, L.P., an entity; and DOES 1 Through 10, | 2.   **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750,** *et seq.* |
| 19 | |
| 20 | 3.   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *et seq.* |
| 21 | |
| 22 | 4.   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.* |
| 23           Defendants. | |
| 24 | **DEMAND FOR JURY TRIAL** |
| 25 | **CLASS ACTION** |
| 26 | Assigned to the Honorable James Ware |
| 27 | Action filed on April 7, 2009 |
| 28 | |

Plaintiffs Vivian Fiori and Roggie Trujillo, on behalf of themselves and all other similarly situated persons in the State of California, allege as follows:

## NATURE OF THE CASE

1.      This suit concerns Defendants' deceptive business practice of secretly charging Dell customers for onsite repair service for the first year after they purchased their Dell computers.  Because the hidden charges are never disclosed – except in Defendants' internal invoicing which is never shown to the customer -- customers are completely unaware they have paid for an onsite service contract they never knew they were purchasing, let alone consent to buying.

2.      This case is brought as a California-only class action on behalf of California consumers based upon service contracts that were sold here for services to be performed solely in California by Defendants' employees located here.  California is also where all the injuries in issue took place.

3.      Class action treatment is appropriate as this matter involves a scheme to deliberately cheat large numbers of consumers out of individually small sums of money through a uniform course of conduct involving standardized business practices, common material omissions, and substantially identical pre-preprinted form documentation.  Plaintiffs are informed and believe and thereon allege that the individual sums in issue are typically in the range of $60-$120, the exact amount being in the exclusive knowledge of the Defendants.

## JURISDICTION

4.      This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because members of the proposed California statewide Class are citizens of California, a different state from Defendants, which are incorporated and have principal places of business in Texas, Delaware or Massachusetts.  The aggregate amount in controversy exceeds $5,000,000.  Furthermore, Defendants Dell Inc.; Banctec, Inc.; QualxServ LLC; Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. (hereafter "**Defendants**") have purposefully availed themselves of the benefits and protections of this District and/or have had

1   sufficient contacts with this District such that maintenance of the action in this locale is

2   consistent with traditional notions of fair play and substantial justice.

3   **INTRA-DISTRICT ASSIGNMENT**

4   5.      Pursuant to Civil Local Rule 3-2(c), this case should be assigned to the San Jose

5   Division of this Court, as San Benito County is the residency of the Plaintiffs and where a

6   substantial part of the events or omissions which give rise to Plaintiffs' claims occurred.

7   **PARTIES**

8   6.      Plaintiff Vivian Fiori and Plaintiff Roggie Trujillo are residents of San Benito

9   County, California, and were residents of California at the time they purchased the goods and

10  services in issue through the time of filing this action.

11  7.      Plaintiffs are informed and believe and thereon allege that defendant Dell Inc. is a

12  corporation organized under the laws of the State of Delaware, with its principal place of

13  business in Round Rock, Texas, and was formerly known as "Dell Computer Corporation."  Dell

14  Inc. is engaged in the business of manufacturing, marketing, selling, retailing, maintaining,

15  repairing, servicing, and providing support for computer systems and computer products.  Dell

16  Inc. is also engaged in the business of making, marketing, selling, and retailing service contracts

17  for the repair of Dell computers, including the ones involved in this case.  In addition, Dell Inc. is

18  engaged in the business of repairing, servicing, and providing support for onsite warranty repair

19  services to purchasers of Dell computer systems, including the onsite warranty repair services at

20  issue in this case.

21  8.      Plaintiffs are informed and believe and thereon allege that defendants Dell

22  Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell

23  Marketing G.P., LLC; and Dell USA, L.P. are wholly-owned subsidiaries and/or affiliates

24  through which Dell Inc. conducts its business.  Dell Inc. and the foregoing Dell defendants have

25  been or are the principals, agents, employees, representatives, partners, joint venturers and/or

26  co-conspirators of each other and, in such capacity or capacities, participated in the acts or

27  conduct alleged herein and incurred liability therefor.  Further, Plaintiffs are informed and

28  believe and thereon allege that Defendants Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell

3

1   Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. are,

2   and at all times herein mentioned were, the alter egos of Defendant Dell Inc., and there exists,

3   and at all times herein mentioned has existed, a unity of interest and ownership between such

4   Dell defendants and Dell Inc. such that any separateness between them has ceased to exist, in that

5   Defendant Dell Inc. completely controls, dominates, manages, and operates Dell Catalog Sales,

6   L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P.,

7   LLC; and Dell USA, L.P. to the detriment of Plaintiffs and class members.  Adherence to the

8   fiction of the existence of Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.;

9   Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. as entities separate

10  and distinct from Dell Inc. would permit an abuse of corporate privileges and would sanction a

11  fraud and promote injustice.

12         9.      Collectively, all of the Dell defendants will hereafter be referred to as "**Dell**" or

13  "**Dell Defendants**."  Thus, "**Dell**" or "**Dell Defendants**" includes Dell Inc.; Dell Catalog Sales,

14  L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P.,

15  LLC; and Dell USA, L.P.

16         10.     Plaintiffs are informed and believe and thereon allege that defendant Banctec, Inc.

17  ("**Banctec**") is a corporation organized under the laws of the State of Delaware with its principal

18  place of business located in Irving, Texas.  Banctec is engaged in the making, marketing, selling,

19  and retailing of service contracts for the repair of Dell computers.  Banctec is also engaged in the

20  business of repairing, servicing, and providing support for onsite warranty repair services to

21  purchasers of Dell computer systems, including the onsite warranty repair services at issue in this

22  case.  Further, Banctec, along with Dell and defendant Qualxserv LLC, sells service contracts to

23  California residents for the repair of Dell computers, including the ones involved in this case, and

24  Banctec provides onsite repair services to Dell customers in California through its employees

25  who are located here.

26         11.     Plaintiffs are informed and believe and thereon allege that defendant QualxServ

27  LLC ("**Qualxserv**") is a limited liability company organized under the laws of the State of

28  Delaware with its principal place of business located in Tewksbury, Massachusetts.  Qualxserv is

1   engaged in the making, marketing, selling, and retailing of service contracts for the repair of Dell

2   computers. Qualxserv is also engaged in the business of repairing, servicing, and providing

3   support for onsite warranty repair services to purchasers of Dell computer systems, including the

4   onsite warranty repair services at issue in this case. Further, Qualxserv, along with Dell and

5   Banctec, sells service contracts to California residents for the repair of Dell computers, including

6   the ones involved in this case, and Qualxserv provides onsite repair services to Dell customers in

7   California through its employees who are located here.

8          12.    Plaintiffs are informed and believe and thereon allege that with respect to the

9   claims asserted herein, each of the Defendants has been or is the principal, agent, employee,

10  representative, partner, joint venturer and/or co-conspirator of each of the other Defendants and

11  in such capacity or capacities participated in the acts or conduct alleged herein and incurred

12  liability therefor. Further, at all times relevant hereto, each of the Defendants has been or is the

13  agent, partner and/or joint venturer of each other Defendant with respect to the making,

14  marketing, selling, maintaining, repairing, servicing, and providing warranty services, parts and

15  labor to purchasers of Dell computer systems, including the onsite warranty repair services at

16  issue. Each Defendant derived, accepted and retained monetary profits and benefits from the sale

17  of the service contracts in issue. Further, each of the Defendants acted for and on behalf of each

18  other Defendant with respect to the service contracts, with actual and apparent authority to act,

19  and did so within the course and scope of their agency, partnership, joint venture and/or

20  authority. With regard to the specific warranties, representations and agreements alleged herein,

21  each was made with the knowledge, consent, authorization, ratification and approval of each of

22  the Defendants.

23         13.    More specifically, Banctec and Qualxserv participated in and profited from all of

24  the business practices and policies alleged herein with full knowledge of the facts, and were fully

25  aware of the material omissions and business practices and policies in issue which were

26  committed on their behalf as well as on behalf of Dell.

27         14.    The true names and capacities, whether individual, corporate, associate or

28  otherwise, of Defendant Does 1-10, inclusive, are unknown to Plaintiffs, who therefore sue such

5

1 Defendants by such fictitious names. Plaintiffs will amend this Complaint to show such

2 Defendants' true names or capacities when the same have been ascertained. Plaintiffs are

3 informed and believe and thereon allege that each of said fictitious named Defendants is

4 responsible in some manner for the occurrences herein alleged.

5 **California Regulation**

6      15.     The service contracts that are the subject of this dispute were all sold in California

7 to California residents for use in California on Dell computers located here. As such, the service

8 contracts in issue, as well as any onsite repair services performed thereunder, are statutorily

9 regulated by the State of California through the Business and Professions Code §§ 9800, *et seq.*,

10 the Song-Beverly Act (Civil Code §§ 1790, *et seq.*), and Title 16 of the California Code of

11 Regulations, Division 27. Further, Defendants, as sellers of the service contracts as well as being

12 providers of repair services, are regulated in California by the Bureau of Electronic and

13 Appliance Repair as "service dealers" pursuant to § 9801(f) of the California Business and

14 Professions Code, as "service contract sellers" or "sellers" pursuant to subsection c of § 9855 of

15 that Code, as well as "service contractors" pursuant to § 9855(e). Plaintiffs are informed and

16 believe and thereon allege that as sellers of service contracts and providers of repair services in

17 California, Defendants are required to be registered with the State of California, and that

18 Defendants are either presently registered or have been in the past.

19                  **GENERAL ALLEGATIONS**

20 **Defendants' Common Practice**

21      16.     Dell sells desktop and laptop computers directly to consumers through its website

22 as well as over the telephone through its sales representatives. Dell computers are broadly

23 advertised in California to California consumers through various media, including Dell's

24 website, mail order catalogs, newspapers, television and the Internet.

25      17.     Dell, on behalf of itself and all Defendants, advertises and represents that warranty

26 repairs for Dell computers are made onsite for the first year after purchase. As a matter of

27 business policy and practice common to all their customers, including Plaintiffs and class

28 members, Defendants secretly charge Dell customers for this first year onsite repair service

1   without the customer's knowledge or informed consent.  This charge is hidden from the customer

2   and never disclosed by Defendants either prior to, at the time of, or after the sale of a Dell

3   computer.

4       18.   Further, Defendants' standard policy is that the service contracts for the first year

5   after purchase are optional and do not have to be bought by the customer.  However, in

6   furtherance of their scheme to deceive, Defendants never disclose this standard policy or option

7   to the customer prior to, at the time of, or after the sale of a Dell computer.  As a result, the

8   customers are completely unaware they are being charged for the first year onsite repair service,

9   or even that they had the option not to be charged in the first place.

10      19.   Also in furtherance of the scheme, Defendants memorialize every computer sale

11  in writing by way of a standard Invoice or Acknowledgment (see example attached as Exhibits 1-

12  2).  These Invoices are sent to Dell customers after they purchase a computer as a matter of

13  Defendants' standard business practice.  The Invoices do not list a charge for the first year

14  service contract, nor do they disclose that the customer has been charged for a first year onsite

15  service contract.  In contrast, as a matter of Defendants' standard business practice, the charge for

16  the service contract is clearly and conspicuously listed in Defendants' <u>internal</u> invoicing that is

17  never shown to the customer.

18      20.   Similarly, Defendants, as a matter of standard business practice, make available to

19  Dell customers a copy of their standard service contract that, again, fails to disclose that there

20  was any charge for the service contract or for the onsite repair service.

21      21.   Plaintiffs are informed and believe and thereon allege that Defendants charge the

22  customer somewhere between $60 to $120 for this onsite service for the first year, the exact

23  amount being in the exclusive knowledge of Defendants.

24      22.   Given the foregoing practices and policies, buyers of Dell computers, as

25  reasonable consumers, reasonably believe there is no charge for first year onsite warranty repair

26  service.  As buyers and reasonable consumers, customers purchasing Dell computers, including

27  Plaintiffs and class members, would reasonably expect that if Defendants, as sellers, imposed a

28  charge for the first year onsite repair service, such a cost would be clearly and conspicuously

1  disclosed to buyers before or at the time of sale.

2      23.    In addition, as buyers and reasonable consumers, customers purchasing Dell

3  computers, including Plaintiffs and class members, would reasonably expect that if they had the

4  option and choice whether or not to purchase onsite repair service for the first year, Defendants,

5  as sellers, would clearly and conspicuously disclose this option to them before or at the time of

6  sale.  Taken together, customers purchasing Dell computers, including Plaintiffs and class

7  members, would reasonably expect that if a charge existed for the first year onsite repair service,

8  Defendants would clearly and conspicuously disclose to them the full details of the charge, as

9  well as disclose to them their option and choice whether to incur the extra charge or not.

10 **Uniform Omissions and Standard Documentation**

11     24.    Defendants' policy and standard business practices as alleged herein are common

12 to all Dell customers, including Plaintiffs and class members.  Further, Defendants made the

13 same uniform omissions and lack of disclosures to all Dell customers, including Plaintiffs and

14 class members, and irrespective of whether the customers purchased their computers at Dell's

15 website or over the telephone from Dell's sales representatives.  Defendants' uniform omissions

16 were material in inducing Plaintiffs and class members to incur, without their knowledge or

17 consent, charges for their first year onsite repair service through the unintentional purchase of a

18 service contract.

19     25.    In addition, Defendants provided Dell customers, including Plaintiffs and class

20 members, with the same or substantially the same uniform standard documentation, including

21 substantially identical form invoices and pre-printed form service contracts.  Defendants drafted

22 all sales documentation, and are in a superior bargaining position from their customers, including

23 Plaintiffs and class members.  Customers, including Plaintiffs and class members, have no input

24 or ability to negotiate any of the terms of these "take it or leave it" form adhesion documents.

25 Further, Defendants unilaterally insert unfair terms in their form documents, such as class action

26 bans and Texas choice of law provisions, for the distinct purpose of trying to immunize

27 themselves from any material liability so that they will be free to engage in their wrongful

28 conduct to substantially increase profits without any real consequences.

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

**Defendants' Motives**

26.     Plaintiffs are informed and believe and thereon allege that the reason Defendants engage in the deceptive acts alleged herein is to allow them to substantially increase sales of Dell computers and increase profits.  Plaintiffs are informed and believe and thereon allege that, since Dell has no retail outlets, Defendants believe that if they did not provide their customers with onsite repair service for the first year after purchase, they would be at a substantial competitive disadvantage to box-store retailers such as Best Buy which offers their customer the convenience of returning a broken computer to any store for warranty service.  Defendants attempt to counteract this advantage by offering to come to a customer's home to fix their computer if it is broken but, to maintain high profits, they force the customer to secretly pay for this service option.  Without the onsite repair service, Dell customers would be forced to package-up their computer and mail it to a Dell repair facility for warranty repair.

27.     Plaintiffs are also informed and believe and thereon allege that Defendants believe that if they did not conceal the charge for this onsite service, Defendants fear that potential customers would find it more attractive to purchase their computers at a store where warranty repair options are both free and more convenient, rather then pay a premium price for Defendants' promise to fix their Dell computers onsite at some time in the future.  Plaintiffs are also informed and believe and thereon allege that sales of service contracts are a high profit margin business for Defendants which provides them further incentive for the scheme.

**Fiori Service Contract**

28.     On or around September 5, 2003, Plaintiff Vivian Fiori purchased a Dell computer for her personal, family and household use through Dell's website, and did use the computer for her personal, family and household use.  She selected the computer she wanted from among various different choices presented on the Dell website.  According to the written representations and advertising Defendants made on the website, which Plaintiff Fiori read before making her computer purchase, warranty repairs for her computer would be made onsite for the first year after purchase.

///

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

29.     Plaintiff Fiori was provided no option to delete or eliminate the first year onsite repair service.  Further, Defendants made no disclosure on the website that there was any charge or cost associated with the first year onsite repair service.  Nor was there any disclosure on the website giving Plaintiff the option of just purchasing the computer without the onsite repair service for a lesser price.

30.     Based on the foregoing, and as a reasonable consumer, Plaintiff reasonably concluded there was no charge for the first year onsite repair service.  Plaintiff reasonably expected that if there was a charge for the first year onsite service, Defendants would clearly disclose this cost prior to or at the time of the sale.  Further, Plaintiff reasonably expected that if there was a charge or cost associated with the onsite service for the first year of purchase, Defendants would have provided an option prior to or at the time of the sale for Plaintiff to purchase the computer without the onsite service.

31.     Relying upon the foregoing lack of disclosures, and not knowing that there actually was a charge for the onsite service, Plaintiff made her purchase of the computer through Dell's website on or about September 5, 2003.  She did this with a credit card payment that Defendants immediately accepted.

32.     Defendants, pursuant to their standard business practice, sent Plaintiff Fiori a written Acknowledgment Invoice dated September 12, 2003 memorializing her purchase.  (A true and correct redacted copy of the front of this Invoice is attached hereto as Exhibit 1.)  The Invoice, pursuant to Defendants' standard business practice, did not list a price for the initial, or first year, onsite repair service, and did not indicate anywhere that she had been charged the price for a service contract.  Further, and also pursuant to Defendants' established business practice, nowhere on the Invoice did Defendants disclose to Plaintiff that there was a charge for her first year onsite repair service or that Defendants had actually charged Plaintiff for the cost of a service contract.  Nor did Defendants disclose to Plaintiff anywhere on the Invoice that she had the option to purchase the computer without incurring a charge for the onsite repair service and service contract.

///

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

33.     Plaintiff is also informed and believes and thereon alleges that, pursuant to Defendants' standard business practice, Defendants made available to her a pre-printed form service contract for the onsite service.  As with the Invoice, Plaintiff is informed and believes and thereon alleges that nowhere on the form did Defendants disclose there was any charge for the first year onsite service or that Plaintiff had the option not to have this onsite service for the first year after purchase.

34.     Within the year before filing this action, Plaintiff Fiori discovered, as a result of an unrelated legal proceeding, that Defendants had secretly charged her for onsite warranty repair service during the first year after purchase through the undisclosed sale of a service contract to her.  Defendants concealed and suppressed the true facts from Plaintiff and never disclosed them to Plaintiff before or after her computer purchase took place.  Plaintiff Fiori had no knowledge that she was charged for onsite service through a service contract, and never agreed or consented to this charge.

35.     If Defendants had disclosed the charge for the first year onsite repair service and service contract prior to or at the time of sale, Plaintiff Fiori would have been aware of it, would have acted differently, and would not have purchased the onsite service through the purchase of a service contract.  Likewise, if Defendants had disclosed to her prior to or at the time of sale that the onsite service costs extra money and that she had the option not to purchase it, Plaintiff Fiori would have been aware of it, would have acted differently, and would have chosen the option not to have the onsite service and service contract for the first year.

36.     Plaintiff is informed and believes and thereon alleges that the cost of the first year onsite repair service and service contract that she unwittingly purchased without her consent, ranged from approximately $60 to $120.  The exact cost of the first year onsite service is presently unknown to Plaintiff, and remains within Defendants' exclusive knowledge.

**Trujillo Service Contract**

37.     On or around March 23, 2004, Plaintiff Vivian Fiori purchased through Dell's website another Dell computer, this time on behalf of her mother, Plaintiff Roggie Trujillo, for her mother's personal, family and household use in California.  Plaintiff Trujillo delegated to her

1    daughter, as her agent for purposes of buying the computer, full authority and discretion to buy

2    the same type or substantially similar computer as her daughter had purchased the prior year.

3    Plaintiff Trujillo wanted the computer for her personal, family and household use, and Plaintiff

4    Trujillo did use the computer for her personal, family and household use.  Prior to and at the time

5    of the purchase of her mother's computer in March, 2004 ("**the Trujillo computer**"), neither

6    Plaintiff Fiori nor Plaintiff Trujillo were aware that Defendants secretly charge customers for a

7    first year service contract as part of the transaction.  If they had known about the charge, they

8    would have chosen not to purchase the service contract.

9           38.    On behalf of her mother, Plaintiff Fiori selected the same type of computer she

10   had previously purchased for herself from among the various choices presented on Dell's

11   website.  According to the written representations and advertising Defendants made on the

12   website, which Plaintiff Fiori read before making the purchase of the Trujillo computer, warranty

13   repairs for the computer would be made onsite for the first year after purchase.

14          39.    In purchasing the Trujillo computer, Plaintiff Fiori was provided no option to

15   delete or eliminate the first year onsite repair service.  Further, Defendants made no disclosure on

16   the website that there was any charge or cost associated with the first year onsite repair service.

17   Nor was there any disclosure on the website giving Plaintiffs the option of just purchasing the

18   computer without the onsite repair service for a lesser price.

19          40.    Based on the foregoing, and as a reasonable consumer, Plaintiff Fiori, on behalf of

20   herself and her mother, reasonably concluded there was no charge for the first year of onsite

21   repair service for the Trujillo computer.  Plaintiffs reasonably expected that if there was a charge

22   for the first year onsite service, Defendants would clearly disclose this cost prior to or at the time

23   of the sale.  Further, Plaintiffs reasonably expected that if there was a charge or cost associated

24   with the onsite service for the first year of purchase, Defendants would provide an option prior to

25   or at the time of the sale for Plaintiffs to purchase the computer without the onsite service.

26          41.    Relying upon the foregoing lack of disclosures, and not knowing that there

27   actually was a charge for the onsite service, Plaintiff Fiori, on behalf of her mother, purchased the

28   Trujillo computer through Dell's website on or about March 23, 2004, and paid for it with

1  Plaintiff Fiori's credit card. Defendants accepted payment immediately. Plaintiff Fiori was

2  subsequently reimbursed by her mother for the cost of the Trujillo computer.

3         42.    Defendants, pursuant to their standard business practice, sent a written

4  Acknowledgment Invoice dated April 9, 2004 memorializing the purchase of the Trujillo

5  computer. (A true and correct redacted copy of the front of the Invoice is attached hereto as

6  Exhibit 2.) The Invoice, pursuant to Defendants' standard business practice, did not list a price

7  for the initial, or first year, onsite repair service, and did not indicate anywhere that the customer

8  had been charged the price for a service contract. Further, and also pursuant to Defendants'

9  established business practice, nowhere on the Invoice did Defendants disclose that there was a

10  charge for her first year onsite repair service or that Defendants had actually charged for the cost

11  of a service contract. Nor did Defendants disclose anywhere on the Invoice that the customer had

12  the option to purchase the computer without incurring a charge for the onsite repair service and

13  service contract.

14         43.    Plaintiffs are also informed and believe and thereon allege that, pursuant to

15  Defendants' standard business practice, Defendants made available a pre-printed form service

16  contract for the onsite service. As with the Invoice, Plaintiffs are informed and believe and

17  thereon allege that nowhere on the form did Defendants disclose there was any charge for the

18  first year onsite service or that the customer had the option not to have this onsite service and

19  save herself the cost of the service.

20         44.    Within the year before filing this action, Plaintiff Trujillo, as did Plaintiff Fiori,

21  discovered, as a result of an unrelated legal proceeding, that Defendants had secretly charged for

22  the first year onsite warranty repair service for the Trujillo computer. Defendants concealed and

23  suppressed the true facts from Plaintiffs and never disclosed them to Plaintiffs before or after the

24  Trujillo computer purchase took place. Neither Plaintiff Trujillo nor Plaintiff Fiori had any

25  knowledge that they were being charged for onsite service for the Trujillo computer through a

26  service contract, and neither Plaintiff ever agreed or consented to this charge.

27         45.    If Defendants had disclosed to Plaintiffs prior to or at the time of sale that there

28  was a charge for the first year onsite repair service and service contract, Plaintiffs would have

1   been aware of it, would have acted differently, and would not have purchased the onsite service.

2   Likewise, if Defendants had disclosed to Plaintiffs prior to or at the time of the sale of the

3   Trujillo computer that the onsite service costs extra money and that they had the option not to

4   purchase it, Plaintiffs would have been aware of it, would have acted differently, and would have

5   chosen the option not to have the onsite service and service contract for the first year.

6       46.     Plaintiffs are informed and believe and thereon allege that the cost of the first year

7   onsite repair service that they unknowingly purchased for the Trujillo computer without their

8   knowledge or informed consent, ranged from approximately $60 to $120.  The exact cost of the

9   first year onsite service is presently unknown to Plaintiffs, and remains within Defendants'

10  exclusive knowledge.

11                    **CLASS ACTION ALLEGATIONS**

12      47.     Plaintiffs bring this action on behalf of themselves and all others similarly situated

13  as representatives of the following class:

14          All individuals in the State of California who purchased a Dell desktop
            or notebook computer system and who also received the right to have
15          onsite warranty repair service during the first year after purchase.
            Excluded from the class are employees of Defendants, their officers,
16          directors, subsidiaries and affiliates (the "Class").

17      48.     This action has been brought and may properly be maintained as a class action,

18  satisfying the numerosity, commonality, typicality, adequacy, and superiority requirements of

19  Rule 23 of the Federal Rules of Civil Procedure.

20      49.     Members of the Class are so numerous that joinder of all members is

21  impracticable.  Plaintiffs do not know the exact size of the Class since such information is in the

22  exclusive control of Defendants.  The exact numbers, however, may be determined by

23  appropriate discovery.  Plaintiffs believe that the Class members number at least in the

24  thousands.

25      50.     There are questions of fact and law common to the Class which common

26  questions predominate over any questions affecting only individual members.  Those common

27  questions include whether Defendants engaged in the following conduct and whether such

28  conduct is improper and wrongful:

A.    Charging Plaintiffs and plaintiff Class members for onsite warranty repair service through the undisclosed sale of a service contract without their knowledge or consent.

B.    Failing to clearly and conspicuously disclose to Plaintiffs and plaintiff Class members prior to, at the time of, and after the purchase of their Dell computers that they were being charged for the cost of their first year onsite warranty repair service through the undisclosed sale of a service contract.

C.    Failing to clearly and conspicuously disclose to Plaintiffs and plaintiff Class members prior to, at the time of, and after the purchase of their Dell computers that they had the option not to incur the cost of their first year onsite warranty repair service and service contract.

D.    Carrying out a scheme designed to deliberately cheat large numbers of persons out of individually small sums of money.

51.    The claims of the Representative Plaintiffs are typical of the claims of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct.

52.    The Representative Plaintiffs will fairly and adequately represent and protect the interests of the Class.  They have no interests that conflict with or are antagonistic to the interests of the Class.  The Representative Plaintiffs have retained experienced and competent attorneys who are experienced in class action litigation and who will fairly and adequately protect the interests of the Class.

53.    All Class members have the same legal rights to, and interest in, the subject matter of this action, which are substantially similar, if not identical, for Plaintiffs and plaintiff Class members.

54.    The class action is an appropriate method for fair and efficient adjudication of the controversy given the following:

A.    Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to

1   the courts and the parties in litigating the common issues on a classwide,

2   instead of a repetitive individual, basis;

3   B.   Class members' individual damage claims are too small to make

4   individual litigation an economically viable alternative;

5   C.   Despite the relatively small size of individual Class members' claims, their

6   aggregate volume, coupled with the economies of scale inherent in

7   litigating similar claims on a common basis, will enable this case to be

8   litigated as a class action on a cost-effective basis, especially when

9   compared with repetitive individual litigation; and

10  D.   No unusual difficulties are likely to be encountered in the management of

11  this class action in that all or substantially all questions of law and fact to

12  be litigated are common to the Class.

13      55.   Class certification is fair and efficient as well because prosecution of separate

14  actions would create a risk of adjudications with respect to individual members of the Class,

15  which as a practical matter, may be dispositive of the interests of others members not parties to

16  the adjudication or substantially impair or impede their ability to protect their interests.  In

17  addition, Defendants have acted or refused to act on grounds generally applicable to all members

18  of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate.

19  **FIRST CAUSE OF ACTION**

20  **FOR VIOLATION OF THE SONG-BEVERLY CONSUMER**

21  **WARRANTY ACT, CALIFORNIA CIVIL CODE §§ 1790, *et seq.***

22  **(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants)**

23      56.   Plaintiffs reallege and incorporate by reference paragraphs 1-55 above into this

24  claim for relief with the same force and effect as though these paragraphs were set forth at length

25  herein.

26      57.   Every service contract sold to a consumer in California for services to be

27  rendered in this State is controlled and governed by the Song-Beverly Consumer Warranty Act,

28  California Civil Code §§ 1790, *et seq.,* including § 1794.41(a).  Any waiver of a buyer of a

16

1    service contract of consumer goods falling under this Act is contrary to public policy and is

2    unenforceable and void under Civil Code § 1790.1.

3         58.    Plaintiffs and plaintiff Class members are "buyers," and the computers in issue are

4    "consumer goods" and "home electronic products" as these terms are defined under California

5    Civil Code § 1791.  At all times herein alleged, Dell is a "manufacturer" and each Defendant is a

6    "retail seller," "seller" and/or "retailer" as those terms are defined in California Civil Code §

7    1791.  The onsite service repair contracts at issue are "service contracts" as defined in California

8    Civil Code § 1791, as well as a "service contract covering a home electronic product" as those

9    terms are used in California Civil Code § 1794.41.  Further, pursuant to § 9855 of the California

10   Business and Professions Code, each of the Defendants is a "service contract seller or seller" and

11   "service contractor" as those terms are defined in subsections c and e, and the onsite service

12   repair contracts at issue are "service contracts" as defined in § 9855(a).  As a result, the

13   provisions of §§ 1794.4 and 1794.41 of the Song-Beverly Consumer Warranty Act also apply to

14   Defendants pursuant to Business and Professions Code § 9855.5.

15        59.    In doing the acts alleged above, Defendants have carried out a scheme designed to

16   deliberately cheat large numbers of consumers out of individually small sums of money.  In

17   furtherance of this scheme, Defendants breached § 1794.41(a)(1) of the Song-Beverly Consumer

18   Warranty Act by, among other things, failing to comply with the requirements and disclosures of

19   subsection (a) of section 1794.4 in failing to fully and conspicuously disclose the charges for the

20   onsite repair service and service contract in issue, and that this onsite service and service contract

21   were optional.  In addition, Defendants violated § 1794.4(c)(5)(I) by failing to accurately and

22   completely disclose all "fees, charges, and other costs that the buyer must pay to obtain service."

23        60.    Plaintiffs and Class members have been damaged by Defendants' failure to

24   comply with their obligations under the Song-Beverly Consumer Warranty Act with respect to

25   their service contracts.

26        61.    As a proximate result of Defendants' actions, Plaintiffs and members of the

27   plaintiff Class have suffered substantial monetary and non-monetary damage and are entitled to

28   injunctive relief to stop the offensive practices in issue as well as damages for all monies

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

1   unknowingly paid for the onsite repair service plus all applicable civil penalties and attorneys'

2   fees and costs pursuant to Civil Code § 1794.

3   <center>**SECOND CAUSE OF ACTION**</center>

4   <center>**FOR VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,**</center>

5   <center>**CALIFORNIA CIVIL CODE §§ 1750, *et seq.***</center>

6   <center>**(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants**</center>

7        62.     Plaintiffs reallege and incorporate by reference paragraphs 1-55 above into this

8   claim for relief with the same force and effect as though these paragraphs were set forth at length

9   herein.

10        63.     This cause of action is brought on behalf of Plaintiffs and Class members pursuant

11   to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").

12   The CLRA applies to Defendants' actions and conduct described herein.  Any waiver by

13   Plaintiffs and Class members of the provisions of the CLRA is contrary to public policy and is

14   unenforceable and void under Civil Code § 1751.

15        64.     Plaintiffs and Class members bought Dell computers primarily for personal,

16   family, or household use and are thus "consumers" within the meaning of California Civil Code

17   § 1761(d).  The computers that Plaintiff and each member of the plaintiff Class bought are

18   "goods" within the meaning of California Civil Code § 1761(a), and the onsite repair service and

19   service contract in issue is a "service" within the meaning of California Civil Code § 1761(b).

20   This matter, involving the purchase of Dell computers and the unknowing purchase of service

21   contracts, constitutes a "transaction" within the meaning of California Civil Code § 1761(e).

22        65.     In doing the acts alleged herein, Defendants have carried out a scheme designed to

23   deliberately cheat large numbers of consumers out of individually small sums of money.  In

24   furtherance of this scheme, Defendants engaged in a number of proscribed practices under §

25   1770 of the CLRA, namely § 1770(a)(5), (9), (14) and (15).  These provisions proscribe as

26   follows:

27        (a)     The following unfair methods of competition and unfair or deceptive acts
               or practices undertaken by any person in a transaction intended to result or

28                  which results in the sale or lease of goods or services to any consumer are

<center>18</center>

unlawful:

    (5)    Representing that goods or services have ... characteristics, ... [or] benefits ... which they do not have ...

    (9)    Advertising goods or services with intent not to sell them as advertised. ...

    (14)    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. ...

    (15)    Representing that a part, replacement, or repair service is needed when it is not.

66.    Defendants' material omissions in failing to disclose their charges to Plaintiffs and Class members for their first year onsite service and service contract, and their failure to disclose the customers' option not to have the onsite service and service contract in the first place as more fully alleged above, is a violation of the CLRA and breach of the proscribed practices described above.  Further, these acts were likely to mislead the members of the public and reasonable consumers, including Plaintiffs and plaintiff Class members, and did mislead members of the public and reasonable consumers, including Plaintiffs and plaintiff Class members.

67.    Plaintiffs and Class members request that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged above, pursuant to California Civil Code § 1780(a)(2).  Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, current and future consumers of Defendants' products will be affected in the same way as have Plaintiffs and members of the Class.

68.    Further, as a direct and proximate result of the above-described deceptive practices, Plaintiffs and Class members have sustained damages in an amount to be proven at trial.

69.    Defendants' deceptive practices were also directed to Class members who are senior citizens and disabled persons, as defined in California Civil Code § 1761(f) and (g), who are substantially more vulnerable to Defendants' conduct than other members of the public and

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

1   who actually suffered economic damage resulting from Defendants' conduct, and are therefore

2   entitled to additional statutory damages pursuant to California Civil Code § 1780(b).

3          70.    As a further result of Defendants' conduct alleged above, and because Defendants

4   are guilty of fraud, malice, and/or oppression, Plaintiffs and Class members are entitled not only

5   to damages as set forth above, but also to exemplary and punitive damages in a sum not presently

6   known, but sufficient for the sake of example and by way of deterring Defendants and others

7   from further such actions.

8          71.    On April 7, 2009, Plaintiffs provided Defendants with written notice of their

9   claims and the Class's claims, via U.S. certified mail, return receipt requested, and demanded

10  that, within 30 days, Defendants correct, repair, replace or otherwise rectify the deceptive

11  practices complained of herein for the entire Class pursuant to California Civil Code § 1770.

12  Defendants failed to do so or agree to do so.  Therefore, Plaintiffs now seek damages for such

13  deceptive practices pursuant to California Civil Code Section 1782.

14                          **THIRD CAUSE OF ACTION**

15              **FOR FALSE AND MISLEADING ADVERTISING IN VIOLATION OF**

16              **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *et seq.*

17      **(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants**

18         72.    Plaintiffs reallege and incorporate by reference paragraphs 1-55 above into this

19  claim for relief with the same force and effect as though these paragraphs were set forth at length

20  herein.

21         73.    Dell computers are broadly advertised to California consumers through various

22  media, including through Dell's website, mail order catalogs, newspapers, television and the

23  Internet.  Defendants, with full knowledge that there is a charge for first year onsite service repair

24  and that this service is optional, intentionally and deceptively misled consumers, including

25  Plaintiffs and Class members, into believing that there was no charge for first year onsite service

26  through their advertising and statements, including their invoices and service contracts.  The

27  advertising and statements fail to disclose all material and relevant information, namely, that

28  there was a charge for the onsite service for the first year of ownership, and that this onsite

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

service, which is sold through a service contract, was optional and customers had the choice not to buy it.

74.     Defendants' advertisements and statements were likely to deceive or mislead or had the capacity, likelihood or tendency to deceive or confuse the consuming public, including Plaintiffs and Class members.  As a result, Defendants' acts and conduct in making and disseminating the advertising and statements before the public in California were false and misleading within the meaning, and in violation, of California Business & Professions Code § 17500.

75.     Further, to the extent it is found that Defendants conditioned the sale of their computers with the sale of a service contract, Defendants are in breach of California Business & Professions Code § 17509(a) for failing to clearly and conspicuously disclose and list the price for the onsite service contract separate and apart from the price of the computer in their advertising and statements when soliciting purchasers for Dell computers.

76.     In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.  As a proximate result of Defendants' actions, Plaintiffs and members of the Class are entitled to injunctive relief, restitution of all moneys wrongfully obtained from Plaintiffs and members of the Class, and disgorgement.

### FOURTH CAUSE OF ACTION

**FOR UNFAIR, DECEPTIVE, AND UNLAWFUL BUSINESS**

**PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE**

**§§ 17200, *et seq.***

**(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants)**

77.     Plaintiffs reallege and incorporate by reference all of the paragraphs above into this claim for relief with the same force and effect as though these paragraphs were set forth at length herein.

78.     Defendants' actions alleged above, such as their failing to disclose the onsite service contract charge or that the onsite service was optional for the first year, constitute

21

1  unlawful and unfair and fraudulent business practices and acts under California Business and

2  Professions Code §§ 17200, *et seq.*  These actions and business practices are forbidden by law,

3  create harm that outweighs any benefit to customers, and are likely to deceive members of the

4  public.

5         79.    In doing the acts alleged above, Defendants have carried out a scheme designed to

6  deliberately cheat large numbers of consumers out of individually small sums of money.

7  Plaintiffs have suffered injury in fact and have lost money in at least the amount they

8  unknowingly paid for the first year service contract, as a result of Defendants' unfair competition

9  and deceptive advertising as defined in Business and Professions Code §§ 17200, *et seq.*

10         80.    In addition, the acts and practices of Defendants are unlawful because they violate

11  one or more of the following statutes and regulations:

12              a)    California Business and Professions Code §§ 17500, *et seq.*, and § 9855.5.

13  as set forth above.

14              b)    Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*, as set

15  forth above.

16              c)    Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1790, *et seq.*,

17  as set forth above.

18              d)    16 C.C.R. § 2720 of the California Administrative Code, which provides

19  that "[n]o service dealer shall, in filling out an estimate or an invoice, withhold therefrom or

20  insert therein any statement or information where the tendency or effect thereby is to mislead or

21  deceive customers, prospective customers, or the consuming public."

22         81.    Defendants' acts and practices as described herein have deceived and/or are likely

23  to deceive members of the consuming public and reasonable consumers, including Plaintiffs and

24  Class members.

25         82.    Unless Defendants are enjoined from continuing to engage in the unlawful, unfair,

26  fraudulent, untrue and deceptive acts and practices described herein, Plaintiffs and members of

27  the Class will continue to be damaged by Defendants' unfair business practices.

28  ///

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

83.     Defendants, through their acts of unfair competition and unfair, deceptive, untrue and misleading advertising, have acquired money from Plaintiffs and Class members.  Thus, Plaintiffs and plaintiff Class members request that this Court restore this money to them, enjoin Defendants from continuing to violate California Business & Professions Code §§ 17200, *et seq.*, and order disgorgement.

**WHEREFORE,** Plaintiffs request the following relief, on behalf of themselves and on behalf of the Class:

1.     An order confirming that this action is properly maintainable as a class action and appointing Plaintiffs and their counsel to represent the Class;

2.     An award of damages, restitution, punitive damages, civil penalties, and all other monetary relief authorized by law or referenced herein;

3.     An order enjoining Defendants from charging customers for first year onsite repair warranty services without conspicuously disclosing this cost to customers and their option not to purchase the onsite service in the first place, and from engaging in unfair competition and deceptive advertising and acts and practices as set forth in or related to the allegations herein;

4.     An award of prejudgment interest and post-judgment interest;

5.     An award providing for payment of costs of suit, including payment of experts' fees and expenses;

6.     An award of reasonable attorneys' fees; and

7.     Such other and further relief as this Court may deem proper and just.

DATED: May 19, 2009

Respectfully submitted,

STRANGE & CARPENTER

By:     _____
Gretchen Carpenter
Attorneys for Plaintiffs

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs hereby demand a trial by jury.

3   DATED: May 19, 2009                          Respectfully submitted,

4                                                STRANGE & CARPENTER

5

6                                        By:    _____

7                                                Gretchen Carpenter
                                                 Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C09 01518 JW – First Amended Complaint; Demand for Jury Trial

# EXHIBIT 1



This is your **ACKNOWLEDGMENT**                                      Page:    1 of 2

FID Number: 74-2616805
Sales Rep: MICHAEL HODGKISS
For Sales: (800)695-8133
Sales Fax: (877)204-8109
For Customer Service: (800)695-8133
For Technical Support: (800)695-8133
Dell Online: http://www.dell.com

Customer Number:  034441005
Purchase Order:  NAONLINECUST
Order Number:  461602352
Order Date:  09/05/03

23 01 V 01 01 N

Invoice Number: | 461602352

Invoice Date:  09/12/03
Payment Terms:  VISA
Shipped Via:  LTL 5 DAY OR LESS
Waybill Number:  ZZ3070050933574

SOLD TO:
#BWNHKPV
#0344 4100 55# 00009035  1 MB  0.309 01
VIVIAN FIORI
FIORI VIVIAN

SHIP TO:
VIVIAN  FIORI
FIORI VIVIAN

PLEASE REVIEW IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 221-2530 | Dimension 4600 Series, Intel Pentium 4 Processor at 2.80GHz with HT Technology | EA | 1,494.00 | 1,494.00 |
| 1 | 1 | 311-9002 | 512MB DDR SDRAM at 400MHz | EA | 0.00 | 0.00 |
| 1 | 1 | 310-1696 | Dell Enhanced Multimedia PS/2 Keyboard | EA | 0.00 | 0.00 |
| 1 | 1 | 320-0578 | 17 in (17 in viewable) E171FPB Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 320-0735 | 128MB DDR NVidia GeForce FX 5200 graphics card | EA | 0.00 | 0.00 |
| 1 | 1 | 340-3274 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 340-8446 | USB Memory Key,64MB, Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 340-8688 | No Floppy Drive Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 313-7222 | Dell Application Back-up CD, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 420-1921 | Microsoft Windows XP Home Edition,Service Pack 1,English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0409 | Generic Dimension Dell Support | EA | 0.00 | 0.00 |
| 1 | 1 | 310-4037 | Dell USB Optical Mouse | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0472 | 10/100/1000 Networking Card | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1313 | 56K PCI Data Fax Modem for Windows | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1476 | 48X Max Variable CD-ROM Drive, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2758 | Integrated Audio | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2198 | No Speaker Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 410-0144 | Symantec Norton Antivirus 2003 CD With Documentation, Retail Version | EA | 0.00 | 0.00 |
| 1 | 1 | 365-1234 | Readyware Installation Fee | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0298 | MusicMatch 7.1x Basic | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0271 | Dell Picture Studio Image Expert Standard,Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0273 | Dell Picture Studio Paint Shop Pro Try and Buy,Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 420-3224 | Broadband Icon for Inspiron | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0445 | AOL 8.0 PUB | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0380 | Real Network RealOne Player Basic,Version 6,US English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0402 | Word Perfect Office 11 | EA | 0.00 | 0.00 |
| 1 | 1 | 950-1260 | *Type 3- Third Party At Home Service, 24x7 Technical Support, Initial Year | EA | 0.00 | 0.00 |
| 1 | 1 | 950-3337 | *1 Year Limited Warranty | EA | 0.00 | 0.00 |
| 1 | 1 | 950-9797 | *No Warranty, Year 2 and 3 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0360 | Soft Contracts - Banctec | EA | 0.00 | 0.00 |
| 1 | 1 | 970-1017 | *NO WARRANTY COMPLETE CARE | EA | 0.00 | 0.00 |
| 1 | 1 | 462-1662 | 48x/24x/48x CD-RW Drive | EA | 0.00 | 0.00 |

Service contract may be subject to sales tax.
.ny on-site or other service covers Dell system hardware only.
'LEASE KEEP ORIGINAL BOX FOR ALL RETURNS. COMPREHENSIVE ONLINE CUSTOMER CARE
NFORMATION AND ASSISTANCE IS A CLICK AWAY AT WWW.DELL.COM/PUBLIC-ECARE TO
NSWER A VARIETY OF QUESTIONS REGARDING YOUR DELL ORDER.

| Ship. &/or Handling | $ | 0.00 |
|---|---|---|
| Subtotal | $ | 1,494.00 |
| Taxable: | Tax: | |
| $    1,494.00 | $ | 123.28 |
| Invoice Total | $ | 1,617.28 |
| VISA | $ | 1,617.28 |
|  | $ | |
|  | $ | |
| Balance Due | $ | 0.00 |

FEL Rev 9/2002)



**FID Number:** 74-2616805
**Sales Rep:** MICHAEL HODGKISS
**For Sales:** (800)695-8133
**Sales Fax:** (877)204-8109
**For Customer Service:** (800)695-8133
**For Technical Support:** (800)695-8133
**Dell Online:** http://www.dell.com

This is your ACKNOWLEDGMENT          **Page:** 2 of 2

**Customer Number:** 034441005
**Purchase Order:** NAONLINECUST
**Order Number:** 461602352
**Order Date:** 09/05/03

23  01  V  01  01  N

**Invoice Number:** 461602352

**Invoice Date:** 09/12/03
**Payment Terms:** VISA
**Shipped Via:** LTL 5 DAY OR LESS
**Waybill Number:** ZZ3070050933574

**SOLD TO:**

VIVIAN FIORI
FIORI VIVIAN

**SHIP TO:**
VIVIAN FIORI
FIORI VIVIAN

0411256010903550002

PLEASE REVIEW IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 460-9055 | DHS Instant $100 Off<br>Discount(s) and/or coupo | EA | 0.00 | 0.00 |
|   |   | System Service Tags | B3YNG31 |   |   |   |



RIEL Rev 9/2002)

# EXHIBIT 2



**This is your ACKNOWLEDGEMENT**

Page 1 of 2

FID Number: 74-2616805
Sales Rep: JORGE CALDERON
For Sales: (800) 695-8133
Sales Fax: (877) 204-8109
Customer Service: (800) 695-8133
Technical Support: (800) 695-8133
Dell Online: http://www.dell.com

Customer Number: 41742381
Purchase Order:
Order Number: 694349854
Order Date: 03/23/04

Invoice Number: 694349854

Invoice Date: 04/09/04
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: 6AT9894214207974

23 01 V 01 01 N

SOLD TO:
VIVIAN FIORI
VIVIAN FIORI

SHIP TO:
VIVIAN FIORI
VIVIAN FIORI

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 221-3725 | Dimension 4600 Series, Intel Pentium 4 Processor at 2.8GHz | EA | 770.00 | 770.00 |
| 1 | 1 | 462-1656 | 512MB DDR SDRAM at 333MHz | EA | 0.00 | 0.00 |
| 1 | 1 | 310-1582 | Dell Quiet Key Keyboard | EA | 0.00 | 0.00 |
| 1 | 1 | 462-8471 | 17 in (17 in viewable) E172FPB Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 320-2870 | Integrated Intel Extreme Graphics 2 | EA | 0.00 | 0.00 |
| 1 | 1 | 341-0834 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 341-0217 | USB Memory Key,64MB | EA | 0.00 | 0.00 |
| 1 | 1 | 340-8688 | No Floppy Drive Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 313-7222 | Dell Application Back-up CD, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 420-1921 | Microsoft Windows XP Home Edition,Service Pack 1,English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0409 | Generic Dimension Dell Support | EA | 0.00 | 0.00 |
| 1 | 1 | 310-4037 | Dell USB Optical Mouse | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0472 | 10/100/1000 Networking Card | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2279 | 56K PCI Data Fax Modem | EA | 0.00 | 0.00 |
| 1 | 1 | 462-6817 | 48X Max CD-RW Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 313-0917 | 16X DVD-Rom Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0594 | Cyberlink Software Decoding for DVD Drives | EA | 0.00 | 0.00 |
| 1 | 1 | 462-7810 | Info,16X DVD ROM and 48X CDRW | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1932 | SoundBlaster Live! with 5.1 Support | EA | 0.00 | 0.00 |
| 1 | 1 | 313-6010 | Factory Installed Audio | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2201 | AS500 Sound Bar Speaker with Power Adapter for E152,E172FP Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 365-1234 | Readyware Installation Fee | EA | 0.00 | 0.00 |
| 1 | 1 | 410-0632 | Symantec Norton Anitvirus 2004 CD With Documentation,Retail Version,Factory Installed | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0516 | Dell Jukebox powered by Music Match | EA | 0.00 | 0.00 |

PLEASE KEEP ORIGINAL BOX FOR ALL RETURNS. COMPREHENSIVE ONLINE CUSTOMER CARE IN
FORMATION AND ASSISTANCE IS A CLICK AWAY AT WWW.DELL.COM/PUBLIC-ECARE TO ANSWER
A VARIETY OF QUESTIONS REGARDING YOUR DELL ORDER.

| | | |
|---|---|---|
| Ship. &/or Handling | $ | 90.00 |
| Subtotal | $ | 860.00 |
| Taxable: $ 860.00 | Tax: $ | 62.33 |
| Invoice Total | $ | 922.33 |
| VISA | $ | 922.33 |
| | $ | |
| | $ | |
| Balance | $ | 0.00 |



This is your **ACKNOWLEDGEMENT**

Page 2 of 2

FID Number: 74-2616805
Sales Rep: JORGE CALDERON
For Sales: (800) 695-8133
Sales Fax: (877) 204-8109
Customer Service: (800) 695-8133
Technical Support: (800) 695-8133
Dell Online: http://www.dell.com

Customer Number: 41742381
Purchase Order:
Order Number: 694349854
Order Date: 03/23/04

Invoice Number: 694349854

Invoice Date: 04/09/04
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: 6AT9894214207974

23 01 V 01 01 N

SOLD TO:
VIVIAN FIORI
VIVIAN FIORI

SHIP TO:
VIVIAN FIORI
VIVIAN FIORI

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|---|---|---|---|---|---|---|
| 1 | 1 | 412-0521 | Dell Photo Album Standard | EA | 0.00 | 0.00 |
| 1 | 1 | 420-3224 | Broadband Icon for Inspiron | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0625 | Dell/My Way Home Page | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0590 | AOL 9.0 EPP | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0380 | Real Network RealOne Player Basic,Version 6,US English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0395 | Word Perfect Productivity Pack | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0551 | Money 2004 Standard Version for Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0555 | Microsoft Encyclopedia,2004 for Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 950-1260 | *Type 3* Third Party At Home Service, 24x7 Technical Support, Initial Year | EA | 0.00 | 0.00 |
| 1 | 1 | 950-3337 | *1 Year Limited Warranty | EA | 0.00 | 0.00 |
| 1 | 1 | 950-9797 | *No Warranty, Year 2 and 3 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0360 | Soft Contracts - Banctec | EA | 0.00 | 0.00 |
| 1 | 1 | 420-4125 | Turbo Tax 2003 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0519 | Dell Media Experience | EA | 0.00 | 0.00 |
| 1 | 1 | 462-1590 | DHS Instant $150 Off | EA | 0.00 | 0.00 |
|  |  | System Service Tags | 9WNRN41 |  |  |  |

**PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is:

12100 Wilshire Boulevard, Suite 1900
Los Angeles, California 90025

On May 19, 2009, I served the forgoing document, described as:
**FIRST AMENDED COMPLAINT FOR:**
1. **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CALIFORNIA CIVIL CODE §§ 1790,** *et seq.*
2. **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750,** *et seq.*
3. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *et seq.*
4. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.*

on the interested parties in this action:   **[ X ] ECF** or  [ ]  by placing
[ ]  the original  [ ]  a true copy thereof to in an envelope addressed only as follows:

Sean P. DeBruine, Esq.
C. Augustine Rakow, Esq.
ALSTON & BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: 650-838-2000
Fax: 650-838-2001
sean.debruine@alston.com
augie.rakow@alston.com

Kristine M. Brown, Esq.
Matthew D. Richardson, Esq.
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309
Tel: 404-881-7000
Fax: 404-881-7777
kristy.brown@alston.com
matt.richardson@alston.com

Paul W. Schlaud, Esq.
REEVES & BRIGHTWELL LLP
221 West 6th Street, Suite 1000
Austin, TX 78701-3410
Tel: 512-334-4504
Fax: 512-334-4492
pschlaud@reevesbrightwell.com

*Counsel for Defendants Dell Inc.; Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; Dell USA, L.P.; BancTec, Inc.; and QualxServ LLC*

1   RANDALL S. ROTHSCHILD, ESQ.
    *randy.rothschild@verizon.net*
2   12100 Wilshire Blvd., Suite 800
    Los Angeles, CA 90025
3   Tel: 310-806-9245
    Fax: 310-988-2723
4
    *Co-Counsel for Plaintiffs*
5
    [ X ]   **VIA ECF**
6
    [ ] I deposited such an envelope in the mail at Los Angeles, California.  The envelope was
7   mailed with postage thereon fully prepaid.

8   [ X ] As follows:  I am "readily familiar" with the firm's practice of collection and processing
    correspondence for mailing.  Under that practice it would be deposited with U.S. postal service
9   on that same day with postage thereon fully prepaid at Los Angeles, California.  I am aware that
    on motion of party served, service is presumed invalid if postal cancellation date or postage
10  meter date is more than one day after date of deposit for mailing in affidavit.

11  [ ]  **BY PERSONAL SERVICE**

12          I delivered such envelope by hand to the addressee.
            Executed on May 19, 2009, at Los Angeles, California.
13
    [ X ]  **(Federal)**       I declare that I am employed in the office of a member of the bar of this
14                             court at whose direction the service was made.

15

16                                                                Jill Hood

17

18

19

20

21

22

23

24

25

26

27

28