1   BRIAN R. STRANGE (SBN 103252)
    *lacounsel@earthlink.net*
2   GRETCHEN CARPENTER (SBN 180525)
    *gcarpenter@strangeandcarpenter.com*
3   STRANGE & CARPENTER
    12100 Wilshire Blvd., Suite 1900
4   Los Angeles, CA 90025
    Telephone:     310-207-5055
5   Fax:            310-826-3210

6   RANDALL S. ROTHSCHILD (SBN 101301)
    *randy.rothschild@verizon.net*
7   RANDALL S. ROTHSCHILD, A P.C.
    12100 Wilshire Blvd., Suite 800
8   Los Angeles, CA 90025
    Telephone:     310-806-9245
9   Fax:            310-988-2723

10  Attorneys for Plaintiffs Vivian Fiori and Roggie Trujillo

11              **UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13                  **SAN JOSE DIVISION**

| | |
|---|---|
| 14 VIVIAN FIORI and ROGGIE TRUJILLO, on<br>15 behalf of themselves and all others similarly<br>situated, | **Case No. C09 01518 JW** |
| 16     Plaintiffs, | **SECOND AMENDED COMPLAINT FOR:** |
| 17     vs. | 1.   **VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT, CALIFORNIA CIVIL CODE §§ 1790,** *et seq.* |
| 18 DELL INC., a corporation; BANCTEC, INC.,<br>19 a corporation; QUALXSERV LLC, an entity;<br>DELL CATALOG SALES, L.P., an entity;<br>20 DELL PRODUCTS, L.P., an entity; DELL<br>MARKETING L.P., an entity; DELL<br>21 MARKETING L.P., LLC, an entity; DELL<br>MARKETING G.P., LLC, an entity; DELL<br>22 USA, L.P., an entity; and DOES 1 Through<br>10, | 2.   **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CALIFORNIA CIVIL CODE §§ 1750,** *et seq.*<br>3.   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *et seq.* |
| 23     Defendants. | 4.   **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.* |
| 24 | **DEMAND FOR JURY TRIAL** |
| 25 | **CLASS ACTION** |
| 26 | Assigned to the Honorable James Ware |
| 27 | Action filed on April 7, 2009 |
| 28 | |

1

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

Plaintiffs Vivian Fiori and Roggie Trujillo, on behalf of themselves and all other similarly situated persons in the State of California, allege as follows:

### NATURE OF THE CASE

1.     This suit concerns Defendants' deceptive business practice of secretly charging Dell customers for onsite repair service for the first year after they purchased their Dell computers.  Because the hidden charges are never disclosed – except in Defendants' internal invoicing which is never shown to the customer -- customers are completely unaware they have paid for an onsite service contract they never knew they were purchasing, let alone consent to buying.

2.     This case is brought as a California-only class action on behalf of California consumers based upon service contracts that were sold here for services to be performed solely in California by Defendants' employees located here.  California is also where all the injuries in issue took place.

3.     Class action treatment is appropriate as this matter involves a scheme to deliberately cheat large numbers of consumers out of individually small sums of money through a uniform course of conduct involving standardized business practices, common material omissions, and substantially identical pre-preprinted form documentation.  Plaintiffs are informed and believe and thereon allege that the individual sums in issue are typically in the range of $60-$120, the exact amount being in the exclusive knowledge of the Defendants.

### JURISDICTION

4.     This Court has subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because members of the proposed California statewide Class are citizens of California, a different state from Defendants, which are incorporated and have principal places of business in Texas, Delaware or Massachusetts.  The aggregate amount in controversy exceeds $5,000,000.  Furthermore, Defendants Dell Inc.; Banctec, Inc.; QualxServ LLC; Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. (hereafter "**Defendants**") have purposefully availed themselves of the benefits and protections of this District and/or have had

1  sufficient contacts with this District such that maintenance of the action in this locale is

2  consistent with traditional notions of fair play and substantial justice.

3  **INTRA-DISTRICT ASSIGNMENT**

4      5.    Pursuant to Civil Local Rule 3-2(c), this case is assigned to the San Jose Division

5  of this Court, as San Benito County is the residence of the Plaintiffs and where a substantial part

6  of the events or omissions which give rise to Plaintiffs' claims occurred.

7  **PARTIES**

8      6.    Plaintiff Vivian Fiori and Plaintiff Roggie Trujillo are residents of San Benito

9  County, California, and were residents of California at the time they purchased the goods and

10  services in issue through the time of filing this action.

11      7.    Plaintiffs are informed and believe and thereon allege that defendant Dell Inc. is a

12  corporation organized under the laws of the State of Delaware, with its principal place of

13  business in Round Rock, Texas, and was formerly known as "Dell Computer Corporation."  Dell

14  Inc. is engaged in the business of manufacturing, marketing, selling, retailing, maintaining,

15  repairing, servicing, and providing support for computer systems and computer products.  Dell

16  Inc. is also engaged in the business of making, marketing, selling, and retailing service contracts

17  for the repair of Dell computers, including the ones involved in this case.  In addition, Dell Inc. is

18  engaged in the business of repairing, servicing, and providing support for onsite warranty repair

19  services to purchasers of Dell computer systems, including the onsite warranty repair services at

20  issue in this case.

21      8.    Plaintiffs are informed and believe and thereon allege that defendants Dell

22  Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell

23  Marketing G.P., LLC; and Dell USA, L.P. are wholly-owned subsidiaries and/or affiliates

24  through which Dell Inc. conducts its business.  Dell Inc. and the foregoing Dell defendants have

25  been or are the principals, agents, employees, representatives, partners, joint venturers and/or

26  co-conspirators of each other and, in such capacity or capacities, participated in the acts or

27  conduct alleged herein and incurred liability therefor.  Further, Plaintiffs are informed and

28  believe and thereon allege that Defendants Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell

1   Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. are,

2   and at all times herein mentioned were, the alter egos of Defendant Dell Inc., and there exists,

3   and at all times herein mentioned has existed, a unity of interest and ownership between such

4   Dell defendants and Dell Inc. such that any separateness between them has ceased to exist, in that

5   Defendant Dell Inc. completely controls, dominates, manages, and operates Dell Catalog Sales,

6   L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P.,

7   LLC; and Dell USA, L.P. to the detriment of Plaintiffs and class members.  Adherence to the

8   fiction of the existence of Dell Catalog Sales, L.P.; Dell Products, L.P.; Dell Marketing, L.P.;

9   Dell Marketing L.P., LLC; Dell Marketing G.P., LLC; and Dell USA, L.P. as entities separate

10  and distinct from Dell Inc. would permit an abuse of corporate privileges and would sanction a

11  fraud and promote injustice.

12          9.      Collectively, all of the Dell defendants will hereafter be referred to as "**Dell**" or

13  "**Dell Defendants**."  Thus, "**Dell**" or "**Dell Defendants**" includes Dell Inc.; Dell Catalog Sales,

14  L.P.; Dell Products, L.P.; Dell Marketing, L.P.; Dell Marketing L.P., LLC; Dell Marketing G.P.,

15  LLC; and Dell USA, L.P.

16          10.     Plaintiffs are informed and believe and thereon allege that defendant Banctec, Inc.

17  ("**Banctec**") is a corporation organized under the laws of the State of Delaware with its principal

18  place of business located in Irving, Texas.  Banctec is engaged in the making, marketing, selling,

19  and retailing of service contracts for the repair of Dell computers.  Banctec is also engaged in the

20  business of repairing, servicing, and providing support for onsite warranty repair services to

21  purchasers of Dell computer systems, including the onsite warranty repair services at issue in this

22  case.  Further, Banctec, along with Dell and defendant Qualxserv LLC, sells service contracts to

23  California residents for the repair of Dell computers, including the ones involved in this case, and

24  Banctec provides onsite repair services to Dell customers in California through its employees

25  who are located here.

26          11.     Plaintiffs are informed and believe and thereon allege that defendant QualxServ

27  LLC ("**Qualxserv**") is a limited liability company organized under the laws of the State of

28  Delaware with its principal place of business located in Tewksbury, Massachusetts.  Qualxserv is

1   engaged in the making, marketing, selling, and retailing of service contracts for the repair of Dell

2   computers.  Qualxserv is also engaged in the business of repairing, servicing, and providing

3   support for onsite warranty repair services to purchasers of Dell computer systems, including the

4   onsite warranty repair services at issue in this case.  Further, Qualxserv, along with Dell and

5   Banctec, sells service contracts to California residents for the repair of Dell computers, including

6   the ones involved in this case, and Qualxserv provides onsite repair services to Dell customers in

7   California through its employees who are located here.

8        12.      Plaintiffs are informed and believe and thereon allege that with respect to the

9   claims asserted herein, each of the Defendants has been or is the principal, agent, employee,

10  representative, partner, joint venturer and/or co-conspirator of each of the other Defendants and

11  in such capacity or capacities participated in the acts or conduct alleged herein and incurred

12  liability therefor.  Further, at all times relevant hereto, each of the Defendants has been or is the

13  agent, partner and/or joint venturer of each other Defendant with respect to the making,

14  marketing, selling, maintaining, repairing, servicing, and providing warranty services, parts and

15  labor to purchasers of Dell computer systems, including the onsite warranty repair services at

16  issue.  Each Defendant derived, accepted and retained monetary profits and benefits from the sale

17  of the service contracts in issue.  Further, each of the Defendants acted for and on behalf of each

18  other Defendant with respect to the service contracts, with actual and apparent authority to act,

19  and did so within the course and scope of their agency, partnership, joint venture and/or

20  authority.  With regard to the specific warranties, representations and agreements alleged herein,

21  each was made with the knowledge, consent, authorization, ratification and approval of each of

22  the Defendants.

23       13.      More specifically, Banctec and Qualxserv participated in and profited from all of

24  the business practices and policies alleged herein with full knowledge of the facts, and were fully

25  aware of the material omissions and business practices and policies in issue which were

26  committed on their behalf as well as on behalf of Dell.

27       14.      The true names and capacities, whether individual, corporate, associate or

28  otherwise, of Defendant Does 1-10, inclusive, are unknown to Plaintiffs, who therefore sue such

1  Defendants by such fictitious names.  Plaintiffs will amend this Complaint to show such

2  Defendants' true names or capacities when the same have been ascertained.  Plaintiffs are

3  informed and believe and thereon allege that each of said fictitious named Defendants is

4  responsible in some manner for the occurrences herein alleged.

5  **California Regulation**

6       15.  The service contracts that are the subject of this dispute were all sold in California

7  to California residents for use in California on Dell computers located here.  As such, the service

8  contracts in issue, as well as any onsite repair services performed thereunder, are statutorily

9  regulated by the State of California through Business and Professions Code §§ 9800, *et seq.*, the

10  Song-Beverly Act (Civil Code §§ 1790, *et seq.*), and Title 16 of the California Code of

11  Regulations, Division 27.  Further, Defendants, as sellers of the service contracts as well as being

12  providers of repair services, are regulated in California by the Bureau of Electronic and

13  Appliance Repair as "service dealers" pursuant to § 9801(f) of the California Business and

14  Professions Code, as "service contract sellers" or "sellers" pursuant to subsection c of § 9855 of

15  that Code, as well as "service contractors" pursuant to § 9855(e).  Plaintiffs are informed and

16  believe and thereon allege that as sellers of service contracts and providers of repair services in

17  California, Defendants are required to be registered with the State of California, and that

18  Defendants are either presently registered or have been in the past.

19      **GENERAL ALLEGATIONS**

20  **Defendants' Common Practice**

21       16.  Dell sells desktop and laptop computers directly to consumers through its website

22  as well as over the telephone through its sales representatives.  Independent and separate from its

23  computers, Dell, on behalf of itself and all Defendants, also sells and markets onsite warranty

24  repair services via service contracts to Dell computer customers.  Dell broadly advertises both its

25  computers and service contracts throughout California to California consumers through various

26  media, including Dell's website, mail order catalogs, newspapers, television and the Internet.

27       17.  Dell, on behalf of itself and all Defendants, advertises and represents that warranty

28  repairs for Dell computers are made onsite for the first year after purchase.  As a matter of

1  business policy and practice common to all their customers, including Plaintiffs and class

2  members, Defendants secretly charge Dell customers for this first year onsite repair service

3  without the customer's knowledge or informed consent.  This charge is hidden from the customer

4  and never disclosed by Defendants either prior to, at the time of, or after the sale of a Dell

5  computer.

6        18.    Further, Defendants' standard policy is that the service contracts for the first year

7  after purchase are optional and do not have to be bought by the customer.  However, in

8  furtherance of their scheme to deceive, Defendants never disclose this standard policy or option

9  to the customer prior to, at the time of, or after the sale of a Dell computer.  As a result, the

10  customers are completely unaware they are being charged for the first year onsite repair service,

11  or even that they had the option not to be charged in the first place.

12        19.    Also in furtherance of the scheme, Defendants memorialize every computer sale

13  in writing by way of a standard Invoice or Acknowledgment (see example attached as Exhibits 1-

14  2).  These Invoices are sent to Dell customers after they purchase a computer as a matter of

15  Defendants' standard business practice.  The Invoices do not list a charge for the first year

16  service contract, nor do they disclose that the customer has been charged for a first year onsite

17  service contract.  In contrast, as a matter of Defendants' standard business practice, the charge for

18  the service contract is clearly and conspicuously listed in Defendants' _internal_ invoicing that is

19  never shown to the customer.

20        20.    Similarly, Defendants, as a matter of standard business practice, make available to

21  Dell customers a copy of their standard service contract that, again, fails to disclose that there

22  was any charge for the service contract or for the onsite repair service.

23        21.    Plaintiffs are informed and believe and thereon allege that Defendants charge the

24  customer somewhere between $60 to $120 for this onsite service for the first year, the exact

25  amount being in the exclusive knowledge of Defendants.  The fact that there is a charge for the

26  first year onsite service contract and such charge is optional, is in the exclusive knowledge of

27  Defendants which Defendants suppress and conceal from customers, including Plaintiffs.

28  ///

22.     Aiding in their scheme is the fact that Defendants **do** disclose that the customer has the option to buy extended service contracts for additional years of onsite warranty repair service beyond the first year, and the fact that Defendants do itemize and specify the charges for the additional years of onsite service or extended service contracts. Plaintiffs allege that this charge ranged from approximately $60-$120 per year during the relevant period. The end result of Defendants' partial representations of some material facts and suppression of others is that Defendants create the false impression in the customer, and misled their customers into believing, that there is no charge for their first year onsite warranty repair service.

23.     Given the foregoing practices and policies, buyers of Dell computers, as reasonable consumers, reasonably believe there is no charge for first year onsite warranty repair service. As buyers and reasonable consumers, customers purchasing Dell computers, including Plaintiffs and class members, would reasonably expect that if Defendants, as sellers, imposed a charge for the first year onsite repair service, such a cost would be clearly and conspicuously disclosed to buyers before or at the time of sale. This is especially true given the fact that Defendants disclose that service contracts beyond the first year are optional and the fact Defendants disclose the costs for service contracts beyond the first year to their customers.

24.     In addition, as buyers and reasonable consumers, customers purchasing Dell computers, including Plaintiffs and class members, would reasonably expect that if they had the option and choice whether or not to purchase onsite repair service for the first year, Defendants, as sellers, would clearly and conspicuously disclose this option to them before or at the time of sale. Taken together, customers purchasing Dell computers, including Plaintiffs and class members, would reasonably expect that if a charge existed for the first year onsite repair service, Defendants would clearly and conspicuously disclose to them the full details of the charge, as well as disclose to them their option and choice whether to incur the extra charge or not.

**Uniform Omissions and Standard Documentation**

25.     Defendants' policy and standard business practices as alleged herein are common to all Dell customers, including Plaintiffs and class members. Further, Defendants made the same uniform omissions and lack of disclosures to all Dell customers, including Plaintiffs and

1  class members, and irrespective of whether the customers purchased their computers at Dell's
2  website or over the telephone from Dell's sales representatives. Defendants' uniform omissions
3  were material in inducing Plaintiffs and class members to incur, without their knowledge or
4  consent, charges for their first year onsite repair service through the unintentional purchase of a
5  service contract.

6       26.    In addition, Defendants provided Dell customers, including Plaintiffs and class
7  members, with the same or substantially the same uniform standard documentation, including
8  substantially identical form invoices and pre-printed form service contracts. Defendants drafted
9  all sales documentation, and are in a superior bargaining position from their customers, including
10 Plaintiffs and class members. Customers, including Plaintiffs and class members, have no input
11 or ability to negotiate any of the terms of these "take it or leave it" form adhesion documents.
12 Further, Defendants unilaterally insert unfair terms in their form documents, such as class action
13 bans and Texas choice of law provisions, for the distinct purpose of trying to immunize
14 themselves from any material liability so that they will be free to engage in their wrongful
15 conduct to substantially increase profits without any real consequences.

16 **Defendants' Motives**

17      27.    Plaintiffs are informed and believe and thereon allege that the reason Defendants
18 engage in the deceptive acts alleged herein is to allow them to substantially increase sales of Dell
19 computers and increase profits. Plaintiffs are informed and believe and thereon allege that, since
20 Dell has no retail outlets, Defendants believe that if they did not provide their customers with
21 onsite repair service for the first year after purchase, they would be at a substantial competitive
22 disadvantage to box-store retailers such as Best Buy which offer their customer the convenience
23 of returning a broken computer to any store for warranty service. Defendants attempt to
24 counteract this advantage by offering to come to a customer's home to fix their computer if it is
25 broken but, to maintain high profits, they force the customer to secretly pay for this service
26 option. Without the onsite repair service, Dell customers would be forced to package-up their
27 computer and mail it to a Dell repair facility for warranty repair.

28 ///

28.     Plaintiffs are also informed and believe and thereon allege that Defendants believe that if they did not conceal the charge for this onsite service, Defendants fear that potential customers would find it more attractive to purchase their computers at a store where warranty repair options are both free and more convenient, rather then pay a premium price for Defendants' promise to fix their Dell computers onsite at some time in the future. Plaintiffs are also informed and believe and thereon allege that sales of service contracts are a high profit margin business for Defendants which provides them further incentive for the scheme.

**Fiori Service Contract**

29.     On or around September 5, 2003, Plaintiff Vivian Fiori purchased a Dell computer for her personal, family and household use through Dell's website, and did use the computer for her personal, family and household use. She selected the computer she wanted from among various different choices presented on the Dell website. According to the written representations and advertising Defendants made on the website, which Plaintiff Fiori read before making her computer purchase, warranty repairs for her computer would be made onsite for the first year after purchase.

30.     Plaintiff Fiori was provided no option to delete or eliminate the first year onsite repair service. Further, Defendants made no disclosure on the website that there was any charge or cost associated with the first year onsite repair service. Nor was there any disclosure on the website giving Plaintiff the option of just purchasing the computer without the onsite repair service for a lesser price. In contrast, Defendants did disclose to Plaintiff through their website and advertising that she had the option to purchase, for a specified, itemized amount, additional years of onsite service beyond the first year.

31.     Based on the foregoing, and as a reasonable consumer, Plaintiff reasonably concluded there was no charge for the first year onsite repair service. Plaintiff reasonably expected that if there was a charge for the first year onsite service, Defendants would clearly disclose this cost prior to or at the time of the sale. Further, Plaintiff reasonably expected that if there was a charge or cost associated with the onsite service for the first year of purchase, Defendants would have provided an option prior to or at the time of the sale for Plaintiff to

purchase the computer without the onsite service. This is especially true given the fact that Defendants disclosed that service contracts for onsite warranty repair service beyond the first year were optional and the fact Defendants disclosed and itemized the costs of such service contracts beyond the first year.

32.     Relying upon the foregoing lack of disclosures, and not knowing that there actually was a charge for the onsite service, Plaintiff made her purchase of the computer through Dell's website on or about September 5, 2003. She did this with a credit card payment that Defendants immediately accepted.

33.     Defendants, pursuant to their standard business practice, sent Plaintiff Fiori a written Acknowledgment Invoice dated September 12, 2003 memorializing her purchase. (A true and correct redacted copy of the front of this Invoice is attached hereto as Exhibit 1.) The Invoice, pursuant to Defendants' standard business practice, did not list a price for the initial, or first year, onsite repair service, and did not indicate anywhere that she had been charged the price for a service contract. Further, and also pursuant to Defendants' established business practice, nowhere on the Invoice did Defendants disclose to Plaintiff that there was a charge for her first year onsite repair service or that Defendants had actually charged Plaintiff for the cost of a service contract. Nor did Defendants disclose to Plaintiff anywhere on the Invoice that she had the option to purchase the computer without incurring a charge for the onsite repair service and service contract.

34.     Plaintiff is also informed and believes and thereon alleges that, pursuant to Defendants' standard business practice, Defendants made available to her a pre-printed form service contract for the onsite service. As with the Invoice, Plaintiff is informed and believes and thereon alleges that nowhere on the form did Defendants disclose there was any charge for the first year onsite service or that Plaintiff had the option not to have this onsite service for the first year after purchase.

35.     Within the year before filing this action, Plaintiff Fiori discovered, as a result of an unrelated legal proceeding, that Defendants had secretly charged her for onsite warranty repair service during the first year after purchase through the undisclosed sale of a service contract to

1   her.  Defendants concealed and suppressed the true facts from Plaintiff and never disclosed them

2   to Plaintiff before or after her computer purchase took place.  Plaintiff Fiori had no knowledge

3   that she was charged for onsite service through a service contract, and never agreed or consented

4   to this charge.

5        36.    If Defendants had disclosed the charge for the first year onsite repair service and

6   service contract prior to or at the time of sale, Plaintiff Fiori would have been aware of it, would

7   have acted differently, and would not have purchased the onsite service through the purchase of a

8   service contract.  Likewise, if Defendants had disclosed to her prior to or at the time of sale that

9   the onsite service costs extra money and that she had the option not to purchase it, Plaintiff Fiori

10  would have been aware of it, would have acted differently, and would have chosen the option not

11  to have the onsite service and service contract for the first year.

12       37.    Plaintiff is informed and believes and thereon alleges that the cost of the first year

13  onsite repair service and service contract that she unwittingly purchased without her consent

14  ranged from approximately $60 to $120.  The exact cost of the first year onsite service is within

15  Defendants' exclusive knowledge and was unknown to Plaintiffs prior to the onset of this

16  litigation.

17  **Trujillo Service Contract**

18       38.    On or around March 23, 2004, Plaintiff Vivian Fiori purchased through Dell's

19  website another Dell computer, this time on behalf of her mother, Plaintiff Roggie Trujillo, for

20  her mother's personal, family and household use in California.  Plaintiff Trujillo delegated to her

21  daughter, as her agent for purposes of buying the computer, full authority and discretion to buy

22  the same type or substantially similar computer as her daughter had purchased the prior year.

23  Plaintiff Trujillo wanted the computer for her personal, family and household use, and Plaintiff

24  Trujillo did use the computer for her personal, family and household use.  Prior to and at the time

25  of the purchase of her mother's computer in March, 2004 ("**the Trujillo computer**"), neither

26  Plaintiff Fiori nor Plaintiff Trujillo were aware that Defendants secretly charge customers for a

27  first year service contract as part of the transaction.  If they had known about the charge, they

28  would have chosen not to purchase the service contract.

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

39.     On behalf of her mother, Plaintiff Fiori selected the same type of computer she had previously purchased for herself from among the various choices presented on Dell's website.  According to the written representations and advertising Defendants made on the website, which Plaintiff Fiori read before making the purchase of the Trujillo computer, warranty repairs for the computer would be made onsite for the first year after purchase.

40.     In purchasing the Trujillo computer, Plaintiff Fiori was provided no option to delete or eliminate the first year onsite repair service.  Further, Defendants made no disclosure on the website that there was any charge or cost associated with the first year onsite repair service.  Nor was there any disclosure on the website giving Plaintiffs the option of just purchasing the computer without the onsite repair service for a lesser price.  In contrast, Defendants did disclose to Plaintiffs through their website and advertising that they had the option to purchase, for a specified, itemized amount, additional years of onsite service beyond the first year.

41.     Based on the foregoing, and as a reasonable consumer, Plaintiff Fiori, on behalf of herself and her mother, reasonably concluded there was no charge for the first year of onsite repair service for the Trujillo computer.  Plaintiffs reasonably expected that if there was a charge for the first year onsite service, Defendants would clearly disclose this cost prior to or at the time of the sale.  Further, Plaintiffs reasonably expected that if there was a charge or cost associated with the onsite service for the first year of purchase, Defendants would provide an option prior to or at the time of the sale for Plaintiffs to purchase the computer without the onsite service.  This is especially true given the fact that Defendants disclosed that service contracts for onsite warranty repair service beyond the first year were optional and the fact Defendants disclosed and itemized the costs of such service contracts beyond the first year.

42.     Relying upon the foregoing lack of disclosures, and not knowing that there actually was a charge for the onsite service, Plaintiff Fiori, on behalf of her mother, purchased the Trujillo computer through Dell's website on or about March 23, 2004, and paid for it with Plaintiff Fiori's credit card.  Defendants accepted payment immediately.  Plaintiff Fiori was subsequently reimbursed by her mother for the cost of the Trujillo computer.

///

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

43.     Defendants, pursuant to their standard business practice, sent a written Acknowledgment Invoice dated April 9, 2004 memorializing the purchase of the Trujillo computer.  (A true and correct redacted copy of the front of the Invoice is attached hereto as Exhibit 2.)  The Invoice, pursuant to Defendants' standard business practice, did not list a price for the initial, or first year, onsite repair service, and did not indicate anywhere that the customer had been charged the price for a service contract.  Further, and also pursuant to Defendants' established business practice, nowhere on the Invoice did Defendants disclose that there was a charge for her first year onsite repair service or that Defendants had actually charged for the cost of a service contract.  Nor did Defendants disclose anywhere on the Invoice that the customer had the option to purchase the computer without incurring a charge for the onsite repair service and service contract.

44.     Plaintiffs are also informed and believe and thereon allege that, pursuant to Defendants' standard business practice, Defendants made available a pre-printed form service contract for the onsite service.  As with the Invoice, Plaintiffs are informed and believe and thereon allege that nowhere on the form did Defendants disclose there was any charge for the first year onsite service or that the customer had the option not to have this onsite service and save herself the cost of the service.

45.     Within the year before filing this action, Plaintiff Trujillo, as did Plaintiff Fiori, discovered, as a result of an unrelated legal proceeding, that Defendants had secretly charged for the first year onsite warranty repair service for the Trujillo computer.  Defendants concealed and suppressed the true facts from Plaintiffs and never disclosed them to Plaintiffs before or after the Trujillo computer purchase took place.  Neither Plaintiff Trujillo nor Plaintiff Fiori had any knowledge that they were being charged for onsite service for the Trujillo computer through a service contract, and neither Plaintiff ever agreed or consented to this charge.

46.     If Defendants had disclosed to Plaintiffs prior to or at the time of sale that there was a charge for the first year onsite repair service and service contract, Plaintiffs would have been aware of it, would have acted differently, and would not have purchased the onsite service.  Likewise, if Defendants had disclosed to Plaintiffs prior to or at the time of the sale of the

14

1    Trujillo computer that the onsite service costs extra money and that they had the option not to

2    purchase it, Plaintiffs would have been aware of it, would have acted differently, and would have

3    chosen the option not to have the onsite service and service contract for the first year.

4        47.    Plaintiffs are informed and believe and thereon allege that the cost of the first year

5    onsite repair service that they unknowingly purchased for the Trujillo computer without their

6    knowledge or informed consent, ranged from approximately $60 to $120.  The exact cost of the

7    first year onsite service is within Defendants' exclusive knowledge and was unknown to

8    Plaintiffs prior to the onset of this litigation.

9    **Duty to Disclose**

10       48.    Defendants had a duty to disclose based upon their exclusive knowledge of the

11   material facts alleged above which were unknown to Dell customers, including Plaintiffs, and

12   which they could not reasonably discovery; namely, that the first year onsite service contracts

13   were optional and that the Defendants secretly charged their customers for the cost of the first year

14   service contracts.  Defendants failed to disclose these material facts to their customers, including

15   Plaintiffs, and instead concealed and suppressed such material facts as a matter of business policy

16   and practice.  Further, Defendants' act in disclosing and itemizing the cost of their onsite service

17   contracts beyond the first year as well as disclosing that these onsite contracts beyond the first

18   year were optional while, at the same time, concealing and suppressing these same material facts

19   for the first year onsite service contracts, created a false impression in their customers, including

20   Plaintiffs, that there were no optional charges associated with the first year onsite service

21   contracts.  Defendants' acts in making a partial representation of material facts while

22   simultaneously suppressing other material facts created a duty to disclose all material facts,

23   including the suppressed and concealed ones.

24       49.    Besides the foregoing, Defendants were also required under the consumer

25   protection statutes alleged herein to disclose that their first year onsite service contracts were

26   optional, and that they charged their customers for them.  These statutory requirements are

27   detailed more fully below but include the following: (1) the Song Beverly Consumer Warranty

28   Act, California Civil Code §§ 1790, *et seq.*, which requires all material terms, conditions and

exclusions of the service contracts to be clearly and conspicuously disclosed in simple and readily understood language; (2) the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*, which requires that a seller of goods and services such as those at issue here, may not represent that goods or services have characteristics or benefits which they do not have, may not advertise goods or services with an intent not to sell them as advertised or represent that a transaction confers or involves rights or obligations which it does not have, and may not represent a repair service is needed when it is not; and (3) the Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.*, and the False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*, which make actionable any business act, practice or advertising which is likely to mislead or deceive the public.

50.     In engaging in the acts and conduct alleged herein, Defendants violated their various duties to disclose owing to Dell customers, including to Plaintiffs.

## CLASS ACTION ALLEGATIONS

51.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as representatives of the following class:

> All individuals in the State of California who purchased a Dell desktop or notebook computer system and who also received the right to have onsite warranty repair service during the first year after purchase. Excluded from the class are employees of Defendants, their officers, directors, subsidiaries and affiliates (the "Class").

52.     This action has been brought and may properly be maintained as a class action, satisfying the numerosity, commonality, typicality, adequacy, and superiority requirements of Rule 23 of the Federal Rules of Civil Procedure.

53.     Members of the Class are so numerous that joinder of all members is impracticable.  Plaintiffs do not know the exact size of the Class since such information is in the exclusive control of Defendants.  The exact numbers, however, may be determined by appropriate discovery.  Plaintiffs believe that the Class members number at least in the thousands.

54.     There are questions of fact and law common to the Class which common questions predominate over any questions affecting only individual members.  Those common questions include whether Defendants engaged in the following conduct and whether such conduct is

improper and wrongful:

      A.    Charging Plaintiffs and plaintiff Class members for onsite warranty repair service through the undisclosed sale of a service contract without their knowledge or consent.

      B.    Failing to clearly and conspicuously disclose to Plaintiffs and plaintiff Class members prior to, at the time of, and after the purchase of their Dell computers that they were being charged for the cost of their first year onsite warranty repair service through the undisclosed sale of a service contract.

      C.    Failing to clearly and conspicuously disclose to Plaintiffs and plaintiff Class members prior to, at the time of, and after the purchase of their Dell computers that they had the option not to incur the cost of their first year onsite warranty repair service and service contract.

      D.    Carrying out a scheme designed to deliberately cheat large numbers of persons out of individually small sums of money.

55.    The claims of the Representative Plaintiffs are typical of the claims of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct.

56.    The Representative Plaintiffs will fairly and adequately represent and protect the interests of the Class. They have no interests that conflict with or are antagonistic to the interests of the Class. The Representative Plaintiffs have retained experienced and competent attorneys who are experienced in class action litigation and who will fairly and adequately protect the interests of the Class.

57.    All Class members have the same legal rights to, and interest in, the subject matter of this action, which are substantially similar, if not identical, for Plaintiffs and plaintiff Class members.

58.    The class action is an appropriate method for fair and efficient adjudication of the controversy given the following:

      A.    Common questions of law and/or fact predominate over any individual questions that may arise, such that there would be enormous economies to

17

1          the courts and the parties in litigating the common issues on a classwide,

2          instead of a repetitive individual, basis;

3      B.    Class members' individual damage claims are too small to make individual

4          litigation an economically viable alternative;

5      C.    Despite the relatively small size of individual Class members' claims, their

6          aggregate volume, coupled with the economies of scale inherent in

7          litigating similar claims on a common basis, will enable this case to be

8          litigated as a class action on a cost-effective basis, especially when

9          compared with repetitive individual litigation; and

10     D.    No unusual difficulties are likely to be encountered in the management of

11         this class action in that all or substantially all questions of law and fact to

12         be litigated are common to the Class.

13    59.    Class certification is fair and efficient as well because prosecution of separate

14 actions would create a risk of adjudications with respect to individual members of the Class,

15 which as a practical matter, may be dispositive of the interests of others members not parties to

16 the adjudication or substantially impair or impede their ability to protect their interests.  In

17 addition, Defendants have acted or refused to act on grounds generally applicable to all members

18 of the Class, thereby making final injunctive relief concerning the Class as a whole appropriate.

19 **FIRST CAUSE OF ACTION**

20 **FOR VIOLATION OF THE SONG-BEVERLY CONSUMER**

21 **WARRANTY ACT, CALIFORNIA CIVIL CODE §§ 1790,** *et seq.*

22 **(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants)**

23    60.    Plaintiffs reallege and incorporate by reference paragraphs 1-59 above into this

24 claim for relief with the same force and effect as though these paragraphs were set forth at length

25 herein.

26    61.    Every service contract sold to a consumer in California for services to be rendered

27 in this State is controlled and governed by the Song-Beverly Consumer Warranty Act, California

28 Civil Code §§ 1790, *et seq.*, including § 1794.41(a).  Any waiver of a buyer of a service contract

1    of consumer goods falling under this Act is contrary to public policy and is unenforceable and

2    void under Civil Code § 1790.1.

3        62.    Plaintiffs and plaintiff Class members are "buyers," and the computers in issue are

4    "consumer goods" and "home electronic products" as these terms are defined under California

5    Civil Code § 1791. At all times herein alleged, Dell is a "manufacturer" and each Defendant is a

6    "retail seller," "seller" and/or "retailer" as those terms are defined in California Civil Code §

7    1791. The onsite service repair contracts at issue are "service contracts" as defined in California

8    Civil Code § 1791, as well as a "service contract covering a home electronic product" as those

9    terms are used in California Civil Code § 1794.41. Further, pursuant to § 9855 of the California

10   Business and Professions Code, each of the Defendants is a "service contract seller or seller" and

11   "service contractor" as those terms are defined in subsections c and e, and the onsite service repair

12   contracts at issue are "service contracts" as defined in § 9855(a). As a result, the provisions of §§

13   1794.4 and 1794.41 of the Song-Beverly Consumer Warranty Act also apply to Defendants

14   pursuant to Business and Professions Code § 9855.5.

15       63.    In doing the acts alleged above, Defendants have carried out a scheme designed to

16   deliberately cheat large numbers of consumers out of individually small sums of money. In

17   furtherance of this scheme, Defendants breached § 1794.41(a)(1) of the Song-Beverly Consumer

18   Warranty Act by, among other things, failing to comply with the requirements and disclosures of

19   subsection (a) of section 1794.4 in failing to fully and conspicuously disclose the charges for the

20   onsite repair service and service contract in issue, and that this onsite service and service contract

21   were optional. In addition, Defendants violated § 1794.4(c)(5)(I) by failing to accurately and

22   completely disclose all "fees, charges, and other costs that the buyer must pay to obtain service."

23       64.    Plaintiffs and Class members have been damaged by Defendants' failure to comply

24   with their obligations under the Song-Beverly Consumer Warranty Act with respect to their

25   service contracts.

26       65.    As a proximate result of Defendants' actions, Plaintiffs and members of the

27   plaintiff Class have suffered substantial monetary and non-monetary damage and are entitled to

28   injunctive relief to stop the offensive practices in issue as well as damages for all monies

1  unknowingly paid for the onsite repair service plus all applicable civil penalties and attorneys'

2  fees and costs pursuant to Civil Code § 1794.

3  **SECOND CAUSE OF ACTION**

4  **FOR VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT,**

5  **CALIFORNIA CIVIL CODE §§ 1750, *et seq.***

6  **(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants**

7      66.    Plaintiffs reallege and incorporate by reference paragraphs 1-59 above into this

8  claim for relief with the same force and effect as though these paragraphs were set forth at length

9  herein.

10     67.    This cause of action is brought on behalf of Plaintiffs and Class members pursuant

11 to the Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.* (the "CLRA").  The

12 CLRA applies to Defendants' actions and conduct described herein.  Any waiver by Plaintiffs and

13 Class members of the provisions of the CLRA is contrary to public policy and is unenforceable

14 and void under Civil Code § 1751.

15     68.    Plaintiffs and Class members bought Dell computers primarily for personal,

16 family, or household use and are thus "consumers" within the meaning of California Civil Code §

17 1761(d).  The computers that Plaintiffs and each member of the plaintiff Class bought are "goods"

18 within the meaning of California Civil Code § 1761(a), and the onsite repair service and service

19 contract in issue is a "service" within the meaning of California Civil Code § 1761(b).  This

20 matter, involving the purchase of Dell computers and the unknowing purchase of service

21 contracts, constitutes a "transaction" within the meaning of California Civil Code § 1761(e).

22     69.    In doing the acts alleged herein, Defendants have carried out a scheme designed to

23 deliberately cheat large numbers of consumers out of individually small sums of money.  In

24 furtherance of this scheme, Defendants engaged in a number of proscribed practices under § 1770

25 of the CLRA, namely § 1770(a)(5), (9), (14) and (15).  These provisions proscribe as follows:

26     (a)    The following unfair methods of competition and unfair or deceptive acts
              or practices undertaken by any person in a transaction intended to result or
27            which results in the sale or lease of goods or services to any consumer are
              unlawful:

28

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

(5)     Representing that goods or services have ... characteristics, ... [or] benefits ... which they do not have ...

(9)     Advertising goods or services with intent not to sell them as advertised. ...

(14)    Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law. ...

(15)    Representing that a part, replacement, or repair service is needed when it is not.

70.     Defendants' material omissions in failing to disclose their charges to Plaintiffs and Class members for their first year onsite service and service contract, and their failure to disclose the customers' option not to have the onsite service and service contract in the first place as more fully alleged above, is a violation of the CLRA and breach of the proscribed practices described above.  Further, these acts were likely to mislead the members of the public and reasonable consumers, including Plaintiffs and plaintiff Class members, and did mislead members of the public and reasonable consumers, including Plaintiffs and plaintiff Class members.

71.     Plaintiffs and Class members request that this Court enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged above, pursuant to California Civil Code § 1780(a)(2).  Unless Defendants are permanently enjoined from continuing to engage in such violations of the CLRA, current and future consumers of Defendants' products will be affected in the same way as have Plaintiffs and members of the Class.

72.     Further, as a direct and proximate result of the above-described deceptive practices, Plaintiffs and Class members have sustained damages in an amount to be proven at trial.

73.     Defendants' deceptive practices were also directed to Class members who are senior citizens and disabled persons, as defined in California Civil Code § 1761(f) and (g), who are substantially more vulnerable to Defendants' conduct than other members of the public and who actually suffered economic damage resulting from Defendants' conduct, and are therefore entitled to additional statutory damages pursuant to California Civil Code § 1780(b).

74.     As a further result of Defendants' conduct alleged above, and because Defendants are guilty of fraud, malice, and/or oppression, Plaintiffs and Class members are entitled not only

21

1  to damages as set forth above, but also to exemplary and punitive damages in a sum not presently

2  known, but sufficient for the sake of example and by way of deterring Defendants and others from

3  further such actions.

4       75.    On April 7, 2009, Plaintiffs provided Defendants with written notice of their

5  claims and the Class's claims, via U.S. certified mail, return receipt requested, and demanded that,

6  within 30 days, Defendants correct, repair, replace or otherwise rectify the deceptive practices

7  complained of herein for the entire Class pursuant to California Civil Code § 1770.  Defendants

8  failed to do so or agree to do so.  Therefore, Plaintiffs now seek damages for such deceptive

9  practices pursuant to California Civil Code Section 1782.

10  **THIRD CAUSE OF ACTION**

11  **FOR FALSE AND MISLEADING ADVERTISING IN VIOLATION OF**

12  **CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500,** *et seq.*

13  **(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants**

14       76.    Plaintiffs reallege and incorporate by reference paragraphs 1-59 above into this

15  claim for relief with the same force and effect as though these paragraphs were set forth at length

16  herein.

17       77.    Dell computers are broadly advertised to California consumers through various

18  media, including through Dell's website, mail order catalogs, newspapers, television and the

19  Internet.  Defendants, with full knowledge that there is a charge for first year onsite service repair

20  and that this service is optional, intentionally and deceptively misled consumers, including

21  Plaintiffs and Class members, into believing that there was no charge for first year onsite service

22  through their advertising and statements, including their invoices and service contracts.  The

23  advertising and statements fail to disclose all material and relevant information, namely, that there

24  was a charge for the onsite service for the first year of ownership, and that this onsite service,

25  which is sold through a service contract, was optional and customers had the choice not to buy it.

26       78.    Defendants' advertisements and statements were likely to deceive or mislead or

27  had the capacity, likelihood or tendency to deceive or confuse the consuming public, including

28  Plaintiffs and Class members.  As a result, Defendants' acts and conduct in making and

disseminating the advertising and statements before the public in California were false and misleading within the meaning, and in violation, of California Business & Professions Code § 17500.

79. Further, to the extent it is found that Defendants conditioned the sale of their computers with the sale of a service contract, Defendants are in breach of California Business & Professions Code § 17509(a) for failing to clearly and conspicuously disclose and list the price for the onsite service contract separate and apart from the price of the computer in their advertising and statements when soliciting purchasers for Dell computers.

80. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.  As a proximate result of Defendants' actions, Plaintiffs and members of the Class are entitled to injunctive relief, restitution of all moneys wrongfully obtained from Plaintiffs and members of the Class, and disgorgement.

**FOURTH CAUSE OF ACTION**

**FOR UNFAIR, DECEPTIVE, AND UNLAWFUL BUSINESS**

**PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§**

**17200, *et seq.***

**(Plaintiffs, on Behalf of Themselves and All Class Members, Against All Defendants)**

81. Plaintiffs reallege and incorporate by reference all of the paragraphs above into this claim for relief with the same force and effect as though these paragraphs were set forth at length herein.

82. Defendants' actions alleged above, such as their failing to disclose the onsite service contract charge or that the onsite service was optional for the first year, constitute unlawful and unfair and fraudulent business practices and acts under California Business and Professions Code §§ 17200, *et seq.*  These actions and business practices are forbidden by law, create harm that outweighs any benefit to customers, and are likely to deceive members of the public.

83. In doing the acts alleged above, Defendants have carried out a scheme designed to deliberately cheat large numbers of consumers out of individually small sums of money.

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

1  Plaintiffs have suffered injury in fact and have lost money in at least the amount they

2  unknowingly paid for the first year service contract, as a result of Defendants' unfair competition

3  and deceptive advertising as defined in Business and Professions Code §§ 17200, *et seq.*

4        84.    In addition, the acts and practices of Defendants are unlawful because they violate

5  one or more of the following statutes and regulations:

6              a)    California Business and Professions Code §§ 17500, *et seq.*, and § 9855.5.

7  as set forth above.

8              b)    Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*, as set

9  forth above.

10             c)    Song-Beverly Consumer Warranty Act, Cal. Civil Code §§ 1790, *et seq.*, as

11 set forth above.

12             d)    16 C.C.R. § 2720 of the California Administrative Code, which provides

13 that "[n]o service dealer shall, in filling out an estimate or an invoice, withhold therefrom or insert

14 therein any statement or information where the tendency or effect thereby is to mislead or deceive

15 customers, prospective customers, or the consuming public."

16       85.    Defendants' acts and practices as described herein have deceived and/or are likely

17 to deceive members of the consuming public and reasonable consumers, including Plaintiffs and

18 Class members.

19       86.    Unless Defendants are enjoined from continuing to engage in the unlawful, unfair,

20 fraudulent, untrue and deceptive acts and practices described herein, Plaintiffs and members of the

21 Class will continue to be damaged by Defendants' unfair business practices.

22       87.    Defendants, through their acts of unfair competition and unfair, deceptive, untrue

23 and misleading advertising, have acquired money from Plaintiffs and Class members.  Thus,

24 Plaintiffs and plaintiff Class members request that this Court restore this money to them, enjoin

25 Defendants from continuing to violate California Business & Professions Code §§ 17200, *et seq.*,

26 and order disgorgement.

27       **WHEREFORE,** Plaintiffs request the following relief, on behalf of themselves and on

28 behalf of the Class:

1        1.       An order confirming that this action is properly maintainable as a class action and

2   appointing Plaintiffs and their counsel to represent the Class;

3        2.       An award of damages, restitution, punitive damages, civil penalties, and all other

4   monetary relief authorized by law or referenced herein;

5        3.       An order enjoining Defendants from charging customers for first year onsite repair

6   warranty services without conspicuously disclosing this cost to customers and their option not to

7   purchase the onsite service in the first place, and from engaging in unfair competition and

8   deceptive advertising and acts and practices as set forth in or related to the allegations herein;

9        4.       An award of prejudgment interest and post-judgment interest;

10       5.       An award providing for payment of costs of suit, including payment of experts'

11  fees and expenses;

12       6.       An award of reasonable attorneys' fees; and

13       7.       Such other and further relief as this Court may deem proper and just.

14  DATED: October 30, 2009                    Respectfully submitted,

15                                             STRANGE & CARPENTER

16

17                                By:       _____/s/_____
                                            Gretchen Carpenter
18                                          Attorneys for Plaintiffs

19

20

21

22

23

24

25

26

27

28

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiffs hereby demand a trial by jury.

3

DATED: October 30, 2009

Respectfully submitted,

4

STRANGE & CARPENTER

5

6

By:       ____/s/_____

7

Gretchen Carpenter
Attorneys for Plaintiffs

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C09 01518 JW – Second Amended Complaint; Demand for Jury Trial

# EXHIBIT 1



**DELL**

This is your **ACKNOWLEDGMENT**                                          Page: 1 of 2

FID Number: 74-2616805
Sales Rep: MICHAEL HODGKISS
For Sales: (800)695-8133
Sales Fax: (877)204-8109
For Customer Service: (800)695-8133
For Technical Support: (800)695-8133
Dell Online: http://www.dell.com

Customer Number: 034441095
Purchase Order: NAONLINECUST
Order Number: 461602352
Order Date: 09/05/03

23 01 V 01 01 N

Invoice Number: | 461602352

Invoice Date: 09/12/03
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: ZZ307005093357A4

SOLD TO:
#BWNHKPV
#0344 4100 55# 00009035 1 MB 0.309 01
VIVIAN FIORI
FIORI VIVIAN

SHIP TO:
VIVIAN FIORI
FIORI VIVIAN

PLEASE REVIEW IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 221-2530 | Dimension 4600 Series, Intel Pentium 4 Processor at 2.80GHz with HT Technology | EA | 1,494.00 | 1,494.00 |
| 1 | 1 | 311-9002 | 512MB DDR SDRAM at 400MHz | EA | 0.00 | 0.00 |
| 1 | 1 | 310-1696 | Dell Enhanced Multimedia PS/2 Keyboard | EA | 0.00 | 0.00 |
| 1 | 1 | 320-0578 | 17 in (17 in viewable) E171FPB Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 320-0735 | 128MB DDR NVidia GeForce FX 5200 graphics card | EA | 0.00 | 0.00 |
| 1 | 1 | 340-3274 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 340-8446 | USB Memory Key,64MB, Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 340-6688 | No Floppy Drive Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 313-7222 | Dell Application Back-up CD, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 420-1921 | Microsoft Windows XP Home Edition,Service Pack 1,English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0409 | Generic Dimension Dell Support | EA | 0.00 | 0.00 |
| 1 | 1 | 310-4037 | Dell USB Optical Mouse | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0472 | 10/100/1000 Networking Card | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1313 | 56K PCI Data Fax Modem for Windows | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1476 | 48X Max Variable CD-ROM Drive, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2758 | Integrated Audio | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2198 | No Speaker Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 410-0144 | Symantec Norton Antivirus 2003 CD With Documentation, Retail Version | EA | 0.00 | 0.00 |
| 1 | 1 | 365-1234 | Readyware Installation Fee | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0298 | MusicMatch 7.1x Basic | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0271 | Dell Picture Studio Image Expert Standard,Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0273 | Dell Picture Studio Paint Shop Pro Try and Buy,Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 420-3224 | Broadband Icon for Inspiron | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0445 | AOL 8.0 PUB | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0360 | Real Network RealOne Player Basic,Version 6,US English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0402 | Word Perfect Office 11 | EA | 0.00 | 0.00 |
| 1 | 1 | 950-1260 | *Type 3- Third Party At Home Service, 24x7 Technical Support, Initial Year | EA | 0.00 | 0.00 |
| 1 | 1 | 950-3337 | *1 Year Limited Warranty | EA | 0.00 | 0.00 |
| 1 | 1 | 950-9797 | *No Warranty, Year 2 and 3 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0360 | Soft Contracts - Banctec | EA | 0.00 | 0.00 |
| 1 | 1 | 970-1017 | *NO WARRANTY COMPLETE CARE | EA | 0.00 | 0.00 |
| 1 | 1 | 462-1662 | 48x/24x/48x CD-RW Drive | EA | 0.00 | 0.00 |

| | | |
|---|---|---|
| Ship &/or Handling | $ | 0.00 |
| Subtotal | $ | 1,494.00 |
| Taxable: | | Tax |
| $ 1,494.00 | $ | 123.28 |
| Invoice Total | $ | 1,617.28 |
| VISA | $ | 1,617.28 |
| | $ | |
| | $ | |
| Balance Due | $ | 0.00 |

Service contract may be subject to sales tax.
Any on-site or other service covers Dell system hardware only.
PLEASE KEEP ORIGINAL BOX FOR ALL RETURNS. COMPREHENSIVE ONLINE CUSTOMER CARE
INFORMATION AND ASSISTANCE IS A CLICK AWAY AT WWW.DELL.COM/PUBLIC-ECARE TO
ANSWER A VARIETY OF QUESTIONS REGARDING YOUR DELL ORDER.

REL Rev 9/2002)



**DELL**

FID Number: 74-2616805
Sales Rep: MICHAEL HODGKISS
For Sales: (800)695-8133
Sales Fax: (877)204-8109
For Customer Service: (800)695-8133
For Technical Support: (800)695-8133
Dell Online: http://www.dell.com

This is your ACKNOWLEDGMENT    Page: 2 of 2

Customer Number: 034441005
Purchase Order: NAONLINECUST
Order Number: 461602352
Order Date: 09/05/03

23 01 V 01 01 N

Invoice Number: 461602352

Invoice Date: 09/12/03
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: ZZ3070050933574

SOLD TO:

VIVIAN FIORI
FIORI VIVIAN

SHIP TO:
VIVIAN FIORI
FIORI VIVIAN

PLEASE REVIEW IMPORTANT TERMS & CONDITIONS ON THE REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 460-9055 | DHS Instant $100 Off Discount(s) and/or coupo | EA | 0.00 | 0.00 |
|   |   | System Service Tags B3YNG31 | | | | |



:EL Rev 9/2002)

# EXHIBIT 2



**This is your ACKNOWLEDGEMENT**

Page 1 of 2

FID Number: 74-2616805
Sales Rep: JORGE CALDERON
For Sales: (800) 695-8133
Sales Fax: (877) 204-8109
Customer Service: (800) 695-8133
Technical Support: (800) 695-8133
Dell Online: http://www.dell.com

Customer Number: 41742381
Purchase Order:
Order Number: 694349854
Order Date: 03/23/04

Invoice Number: 694349854

Invoice Date: 04/09/04
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: 8AT9894214207974

23 01 V 01 01 N

**SOLD TO:**
VIVIAN FIORI
VIVIAN FIORI

**SHIP TO:**
VIVIAN FIORI
VIVIAN FIORI

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|-----------|--------|
| 1 | 1 | 221-3725 | Dimension 4600 Series, Intel Pentium 4 Processor at 2.8GHz | EA | 770.00 | 770.00 |
| 1 | 1 | 462-1656 | 512MB DDR SDRAM at 333MHz | EA | 0.00 | 0.00 |
| 1 | 1 | 310-1582 | Dell Quiet Key Keyboard | EA | 0.00 | 0.00 |
| 1 | 1 | 462-8471 | 17 in (17 in viewable) E172FPB Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 320-2870 | Integrated Intel Extreme Graphics 2 | EA | 0.00 | 0.00 |
| 1 | 1 | 341-0834 | 80GB 7200 RPM Ultra ATA Hard Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 341-0217 | USB Memory Key,64MB | EA | 0.00 | 0.00 |
| 1 | 1 | 340-8688 | No Floppy Drive Requested | EA | 0.00 | 0.00 |
| 1 | 1 | 313-7222 | Dell Application Back-up CD, Factory Install | EA | 0.00 | 0.00 |
| 1 | 1 | 420-1921 | Microsoft Windows XP Home Edition,Service Pack 1,English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0409 | Generic Dimension Dell Support | EA | 0.00 | 0.00 |
| 1 | 1 | 310-4037 | Dell USB Optical Mouse | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0472 | 10/100/1000 Networking Card | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2279 | 56K PCI Data Fax Modem | EA | 0.00 | 0.00 |
| 1 | 1 | 462-5817 | 48X Max CD-RW Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 313-0917 | 16X DVD-Rom Drive | EA | 0.00 | 0.00 |
| 1 | 1 | 430-0594 | Cyberlink Software Decoding for DVD Drives | EA | 0.00 | 0.00 |
| 1 | 1 | 462-7810 | info,16X DVD ROM and 48X CDRW | EA | 0.00 | 0.00 |
| 1 | 1 | 313-1932 | SoundBlaster Live! with 5.1 Support | EA | 0.00 | 0.00 |
| 1 | 1 | 313-6010 | Factory Installed Audio | EA | 0.00 | 0.00 |
| 1 | 1 | 313-2201 | AS500 Sound Bar Speaker with Power Adapter for E152,E172FP Flat Panel Display | EA | 0.00 | 0.00 |
| 1 | 1 | 365-1234 | Readyware Installation Fee | EA | 0.00 | 0.00 |
| 1 | 1 | 410-0632 | Symantec Norton Antivirus 2004 CD With Documentation,Retail Version,Factory Installed | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0516 | Dell Jukebox powered by Music Match | EA | 0.00 | 0.00 |

PLEASE KEEP ORIGINAL BOX FOR ALL RETURNS. COMPREHENSIVE ONLINE CUSTOMER CARE IN
FORMATION AND ASSISTANCE IS A CLICK AWAY AT WWW.DELL.COM/PUBLIC-ECARE TO ANSWER
A VARIETY OF QUESTIONS REGARDING YOUR DELL ORDER.

| | | |
|---|---|---|
| Ship. &/or Handling | $ | 90.00 |
| Subtotal | $ | 860.00 |
| Taxable: $ 860.00 | Tax $ | 62.33 |
| Invoice Total | $ | 922.33 |
| VISA | $ | 922.33 |
| | $ | |
| | $ | |
| Balance | $ | 0.00 |



This is your ACKNOWLEDGEMENT

Page 2 of 2

FID Number: 74-2616805
Sales Rep: JORGE CALDERON
For Sales: (800) 695-8133
Sales Fax: (877) 204-8109
Customer Service: (800) 695-8133
Technical Support: (800) 695-8133
Dell Online: http://www.dell.com

Customer Number: 41742381
Purchase Order:
Order Number: 694349854
Order Date: 03/23/04

Invoice Number: 694349854

Invoice Date: 04/09/04
Payment Terms: VISA
Shipped Via: LTL 5 DAY OR LESS
Waybill Number: 6AT9894214207974

23 01 V 01 01 N

SOLD TO:
VIVIAN FIORI
VIVIAN FIORI

SHIP TO:
VIVIAN FIORI
VIVIAN FIORI

PLEASE SEE IMPORTANT TERMS & CONDITIONS ON THE BACK OR REVERSE SIDE OF THIS INVOICE

| Order | Shipped | Item Number | Description | Unit | Unit Price | Amount |
|-------|---------|-------------|-------------|------|------------|--------|
| 1 | 1 | 412-0521 | Dell Photo Album Standard | EA | 0.00 | 0.00 |
| 1 | 1 | 420-3224 | Broadband Icon for Inspiron | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0625 | Dell/My Way Home Page | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0590 | AOL 9.0 EPP | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0380 | Real Network RealOne Player Basic,Version 6,US English | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0395 | Word Perfect Productivity Pack | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0561 | Money 2004 Standard Version for Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0555 | Microsoft Enclyclopedia,2004 for Dimension | EA | 0.00 | 0.00 |
| 1 | 1 | 950-1260 | *Type 3- Third Party At Home Service, 24x7 Technical Support, Inidial Year | EA | 0.00 | 0.00 |
| | | | | EA | 0.00 | 0.00 |
| 1 | 1 | 950-3337 | *1 Year Limited Warranty | | | |
| 1 | 1 | 950-9797 | *No Warranty, Year 2 and 3 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0360 | Soft Contracts - Banctec | EA | 0.00 | 0.00 |
| 1 | 1 | 420-4125 | Turbo Tax 2003 | EA | 0.00 | 0.00 |
| 1 | 1 | 412-0518 | Dell Media Experience | EA | 0.00 | 0.00 |
| 1 | 1 | 462-1590 | DHS Instant $150 Off | EA | 0.00 | 0.00 |
| | | System Service Tags | 9WNRN41 | EA | 0.00 | 0.00 |