Sean P. DeBruine (SBN 168071)
C. Augustine Rakow (SBN 254595)
ALSTON & BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA  94306-2112
Phone:  (650) 838-2000
Fax:   (650) 838-2001
sean.debruine@alston.com
augie.rakow@alston.com

Kristine M. Brown (Georgia SBN 480189)
Matthew D. Richardson (Georgia SBN 231474)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
kristy.brown@alston.com
matt.richardson@alston.com

Paul Schlaud (Texas SBN 24013469)
Matthew H. Frederick (Texas SBN 24040931)
Reeves & Brightwell
221 West Sixth Street, Ste 1000
Austin, TX 78701-3410
Phone: 512.334.4504
Fax: 512.334.4492
pschlaud@reevesbrightwell.com
mfrederick@reevesbrightwell.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI, and ROGGIE TRUJILLO,<br><br>                              Plaintiffs,<br><br>v.<br><br>DELL INC., et al.,<br><br>                              Defendants. | Case No.  09 CV 01518 JW<br><br>**DEFENDANT DELL INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM  IN SUPPORT**<br><br>Date:   February 8, 2010<br>Time:  9:00 am<br>Court:  8, 4th Floor<br>The Honorable James Ware |

# **TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS ......................................................................................... i

TABLE OF AUTHORITIES ................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

    I.      INTRODUCTION ................................................................. 1

    II.     FACTS AND PROCEDURAL HISTORY ............................................ 3

    III.    STANDARD OF REVIEW ................................................................ 4

    IV.    ARGUMENT ....................................................................................... 5

            A.     Plaintiffs Must Plead a Cognizable Duty on Defendants' Part to Disclose the Allegedly Omitted Facts. ......................................................... 5

            B.     Plaintiffs Cannot Plead a Duty to Disclose Based on Partial Disclosures. ................................................................................................ 7

                  1.     Plaintiffs Fail to Identify Any Statement that Is Contradicted or Materially Qualified by the Undisclosed Facts. ......................... 7

                  2.     Plaintiffs' Factual Allegations Do Not Support a Duty to Disclose that There Was a Cost Associated with Items Included in the Price of the Computer. ........................................ 9

                  3.     Plaintiffs' Factual Allegations Do Not Support a Duty to Disclose the Fact that Customers Could Purchase a Dell Computer Without the First-Year At-Home Service Contract. ..................................................................................... 10

                  4.     Plaintiffs' Partial Disclosure Theory Extends Well Beyond Existing California Law and Cannot Be Limited to Defendants' Service Contracts. ..................................................... 11

                  5.     Plaintiffs Fail to Identify the Statement that Created a Duty to Disclose with Sufficient Particularity. ...................................... 12

            C.     Plaintiffs' Factual Allegations Are Legally Insufficient to State  a Claim Under the Song-Beverly Act. ..................................................... 13

    V.     CONCLUSION ................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

Page(s)

### CASES

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009) ......................................................................................... 4

*Balistreri v. Pacifica Police Dep't,*
  901 F.2d 696 (9th Cir. 1988) ................................................................................ 5

*Bardin v. DaimlerChrysler Corp.,*
  136 Cal. App. 4th 1255 (Cal. Ct. App. 2006) ...................................................... 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007) .............................................................................................. 5

*Buller v. Sutter Health,*
  160 Cal. App. 4th 981 (Cal. Ct. App. 2008) ........................................................ 6

*Daugherty v. American Honda Motor Co.,*
  144 Cal. App. 4th 824 (Cal. Ct. App. 2006) ........................................................ 6

*Dell Inc. v. Superior Court,*
  159 Cal. App. 4th 911 (Cal. Ct. App. 2008) ...................................................... 15

*Goodman v. Kennedy,*
  18 Cal. 3d 335 (Cal. 1976) ................................................................................... 5

*Heliotis v. Schuman,*
  181 Cal. App. 3d 646 (Cal. Ct. App. 1986) ......................................................... 6

*Intrieri v. Super. Ct.,*
  117 Cal. App. 4th 72 (Cal. Ct. App. 2004) ...................................................... 7, 8

*LiMandri v. Judkins,*
  52 Cal. App. 4th 326 (Cal. Ct. App. 1997) .......................................................... 6

*Long v. Hewlett-Packard Co.,*
  316 Fed. Appx. 585 (9th Cir. 2009) ..................................................................... 6

*Oestreicher v. Alienware Corp.,*
  322 Fed. Appx. 489 (9th Cir. 2009) ..................................................................... 6

*Papasan v. Allain,*
  478 U.S. 265 (1986) .............................................................................................. 5

*Paulsen v. CNF, Inc.,*
  559 F.3d 1061 (9th Cir. 2009) .............................................................................. 5

*Pavicich v. Santucci,*
  85 Cal. App. 4th 382 (Cal. Ct. App. 2000) .......................................................... 8

*Sanders v. Apple Inc.,*
  ____ F.R.D.___, 2009 WL 150950 (N.D. Cal. Jan. 21, 2009) ........................... 13

*Scafidi v. Western Loan & Building Co.,*
  72 Cal. App. 2d 550 (Cal. Ct. App. 1946) ........................................................... 7

*Sompo Japan Ins. Co. of America, Inc. v. VIP Transport, Inc.*
  568 F. Supp. 2d 1080 (N.D. Cal. 2008) ............................................................... 5

*Thorman v. Am. Seafoods Co.,*
  421 F.3d 1090 (9th Cir. 2005) .............................................................................. 7

*Van Buskirk v. CNN,*
  284 F.3d 977 (9th Cir. 2002) .................................................................................. 5

*Van Horn v. Watson,*
  45 Cal. 4th 322 (Cal. 2008) ................................................................................. 14

*Vess v. Ciba-Geigy Corp. USA,*
  317 F.3d 1097 (9th Cir. 2003) ............................................................................. 13

**STATUTES**

CAL. CIV. CODE § 1794.4 ....................................................................................... 14, 15

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ........................................................ 1, 3, 4, 5

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on February 8, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 8, before the Honorable James Ware, Defendants Dell Inc., Dell Catalog Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell Marketing L.P., LLC, Dell USA L.P. (collectively, "Dell"), Banctec, Inc., and QualxServ, LLC (collectively "Defendants") shall and hereby do move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(b) to dismiss the Second Amended Complaint ("SAC") with prejudice because it fails to state a claim upon which relief can be granted. In support of its Motion as set forth fully in the Memorandum of Points and Authorities below, the allegations of the SAC are insufficient as a matter of law to support a duty to disclose the facts allegedly omitted by Defendants. Even if the allegations were sufficient to state a claim under Rule 12(b)(6), the SAC is also deficient under Rule 9(b) because it does not identify a specific statement by Defendants that created the alleged duty to disclose. For all of these reasons, the Complaint should be dismissed. Defendants' motion is based upon this Notice of Motion and Motion and Memorandum of Points and Authorities, all pleadings of record in this matter, and any further submissions or argument of counsel as the Court may permit.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In their First Amended Complaint ("FAC"), Plaintiffs Vivian Fiori and Roggie Trujillo ("Plaintiffs") asserted the novel theory that all merchants in California who sell multi-component goods and/or services under a single base or bundled price must disclose, for each item included in the total price, the itemized price and whether the consumer may purchase similar goods and services without the item for a reduced price. Defendants moved to dismiss on the ground that Plaintiffs failed to provide any support for such a theory. This Court dismissed all of Plaintiffs counts, concluding that Plaintiffs failed to allege facts that would establish any duty to disclose,

1    and "[w]ithout such a duty, Plaintiffs fail to state a claim as a matter of law." Order Granting

2    Dell's Motion to Dismiss with Leave to Amend (hereinafter "FAC Order") at 11.

3        The Court provided Plaintiffs with an opportunity to amend their complaint to provide

4    details about supposed partial representations by Defendants, recognizing that partial disclosures

5    can sometimes create a duty to speak if undisclosed facts make the affirmative statements false or

6    misleading. *Id.* at 11–12. In their Second Amended Complaint ("SAC"), Plaintiffs allege that

7    Defendants had a duty to disclose certain facts because Dell represented to Plaintiffs "through

8    their website and advertising that [they] had the option to purchase, for a specified, itemized

9    amount, additional years of onsite service beyond the first year." SAC ¶¶ 30, 40. Plaintiffs do

10   not identify any specific statement that created the supposed duty to disclose. More importantly,

11   Plaintiffs do not allege that the undisclosed facts contradicted or materially qualified Dell's partial

12   representations. Because Plaintiffs cannot show that any partial speech was made misleading by

13   any non-disclosure, they have still failed to plead into a legally cognizable duty to disclose.

14       Conspicuously absent from the SAC is any allegation that the omitted facts are unique to

15   the first-year at-home service contract. Rather, the duty urged by Plaintiffs necessarily extends to

16   any good or service that is included in a preconfigured package offered for a single price as long

17   as (1) the seller allows purchasers to custom-order the product without the good or service (for a

18   reduced price) and/or (2) the seller offers an upgraded good or service for an additional charge.

19   Plaintiffs' theory would require sellers to itemize the price of these goods and services and to

20   expressly inform purchasers of every potential option to delete items. This would impose a new

21   and substantial burden on sellers, and it would reduce consumer choice by creating an incentive

22   not to allow opt-outs at all (or not to reduce the price when a consumer opts out). But whatever

23   the policy implications, this duty is not imposed by California law.

24

25

26

27

28

1

## II.     FACTS AND PROCEDURAL HISTORY

As in the FAC, Plaintiffs allege that Vivian Fiori purchased two Dell Dimension 4600 computers—one for herself on September 5, 2003, and one for her mother, Plaintiff Roggie Trujillo, on March 23, 2004.  *See* SAC ¶¶ 29, 38.  At the time she purchased the computers, Ms. Fiori knew that the purchase price included a one-year contract for at-home service under Dell's limited warranty.  *See id.* ¶¶ 29, 39.  Shortly after each purchase, she received an acknowledgement from Dell listing the hardware, software, and services that were included in the total agreed-upon purchase price.  This list included, among many other items, a one-year at-home service contract.  *See id.*, Exhibits 1 & 2.  Plaintiffs do not allege any statement by Defendants that the service contract was free or provided at no charge.  Nevertheless, Plaintiffs allege that Defendants violated a host of consumer protection laws by failing to disclose two facts:

> (1) the fact that a charge for the first-year at-home service contract was incorporated in the total purchase price (i.e., that there was *some charge* for the first-year at-home service contract); and
>
> (2) the fact that it was possible to purchase a Dell computer without a first-year at-home service contract.

Plaintiffs have failed to plead a valid claim for relief under any law, however, because the factual allegations in the SAC are insufficient as a matter of law to establish a duty to disclose the facts Defendants allegedly failed to disclose to Plaintiffs.

In its FAC Order, the Court held that Plaintiffs' allegations were "insufficient to establish that Dell had a duty to disclose the fact that the first year onsite service contract was optional." FAC Order at 11.  The Court granted leave to amend, however, based on its conclusion that Plaintiffs might be able to "allege a duty arising out of Dell's partial representation."  *Id.* at 12.

In response to the Court's order that their allegations were not adequate to establish a duty to disclose, Plaintiffs have added only the following factual allegations[1] to the SAC:

---

[1] Plaintiffs have also made additional legal arguments, but these are not presumed to be true for purposes of the Rule 12(b)(6) motion.  *See* SAC ¶ 16 (alleging that service contracts are sold "[i]ndependent and separate" from computers), ¶ 21 ("The fact that there is a charge for the first year onsite service contract and such charge is optional, is in the exclusive knowledge of

- Defendants disclosed that customers "had the option to purchase, for a specified, itemized amount, additional years of onsite service beyond the first year," SAC ¶¶ 30, 40;

- Dell's advertisement and offering of optional extended at-home service contracts for a specified additional charge constitute "partial representations," which created the false impression "that there is no charge for their first year onsite warranty repair service," SAC ¶ 22;

- Consumers' reasonable expectation that, if there were a cost associated with the first-year at-home service contract, Defendants would disclose the cost and provide an option not to purchase it, was reinforced by Defendants' disclosure of the cost and optional nature of extended at-home service contracts, SAC ¶¶ 23, 31, 41;

- Plaintiffs also allege that Defendants had a duty to disclose the facts "that the first year onsite service contracts were optional and that the Defendants secretly charged their customers for the cost of the first year service contracts" because their "partial representation of material facts" about the extended at-home service contracts "while simultaneously suppressing" facts about the first-year at-home service contracts "created a duty to disclose all material facts, including the suppressed and concealed ones," SAC ¶ 48.

These factual allegations, like the allegations in the FAC, could apply to any of several items included in the purchase price of Plaintiffs' computers.  Moreover, Plaintiffs fail to identify any partial representation that is made false by the allegedly undisclosed facts.  As such, the SAC is insufficient as a matter of law to establish a duty to disclose the allegedly omitted facts regarding the first-year at-home service contracts.

## III.   <u>STANDARD OF REVIEW</u>

Rule 12(b)(6) requires the court to accept as true all well-pleaded factual allegations in the complaint.  The court is not required, however, to assume the truth of legal conclusions.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *cf. Bell Atl. Corp.*

---

Defendants which Defendants suppress and conceal from customers, including Plaintiffs."), ¶ 49 (alleging that consumer protection statutes created a duty to disclose facts about the first-year at-home service contract), ¶ 50 (alleging that Defendants' acts "violated their various duties to disclose owing to Dell customers").

*v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .") (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although 12(b)(6) review is generally limited to the four corners of the complaint, the court may consider documents that are incorporated by reference in the complaint.  *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Long v. Hewlett-Packard Co.*, 2007 WL 2994812 at *6 n.3, *aff'd* 316 Fed. Appx. 585 (9th Cir. 2009) (unpublished decision).   The court is not required to assume the truth of "conclusory allegations that are contradicted by documents referred to in the complaint." *Paulsen v. CNF, Inc.*, 559 F.3d 1061, 1071 (9th Cir. 2009).

## IV.   ARGUMENT

Under Rule 12(b)(6) a complaint may be dismissed "based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Sompo Japan Ins. Co. of America, Inc. v. VIP Transport, Inc.*, 568 F. Supp. 2d 1080, 1082 (N.D. Cal. 2008) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). Plaintiffs' SAC must be dismissed because it does not allege sufficient facts to state a claim under the legal theories they assert.

### A.   **Plaintiffs Must Plead a Cognizable Duty on Defendants' Part to Disclose the Allegedly Omitted Facts.**

Each of Plaintiffs' claims rests on a theory of fraud by omission.  To state a valid claim for fraud by omission, Plaintiffs must plead that Defendants had a cognizable duty to disclose the (allegedly) omitted facts.  *E.g.*, *Goodman v. Kennedy*, 18 Cal. 3d 335, 346 (Cal. 1976).  While a duty to disclose *may* arise in particular circumstances, the default rule in California as elsewhere is that there is no general duty to speak.  An affirmative duty to disclose can sometimes arise in the following circumstances:

(1) When the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the

plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

*Heliotis v. Schuman*, 181 Cal. App. 3d 646, 651 (Cal. Ct. App. 1986) (holding that none of the four circumstances making non-disclosure actionable were present and refusing to impose on seller's attorney a duty to disclose known facts about condition of real property to purchaser); *see also, e.g.*, *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336–37 (Cal. Ct. App. 1997). The California Court of Appeals has recently rejected the wholesale importation of *LiMandri* factors into the UCL and CLRA. *See Buller v. Sutter Health*, 160 Cal. App. 4th 981, 988 n.3 (Cal. Ct. App. 2008). California courts have repeatedly emphasized that the duty to disclose is not all-encompassing, and that outside of false speech, safety issues, or special relationships, the UCL and CLRA are not violated by every possible non-disclosure. This is true, for example, even when the manufacturer knows about non-safety-related defects in its manufactured products. *See Daugherty v. American Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (Cal. Ct. App. 2006); *Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1274–75 (Cal. Ct. App. 2006). Moreover, the Ninth Circuit has twice rejected arguments that *LiMandri*'s description of a generalized duty to disclose should prevent dismissal under the *Daugherty/Bardin* line of authority. *See Long v. Hewlett-Packard Co.*, 316 Fed. Appx. 585, *1 (9th Cir. 2009) (affirming dismissal of CLRA and UCL claims because "HP owed Plaintiffs no independent duty to disclose information about the elevated failure rate of the laptops, absent a special relationship or affirmative misrepresentations"); *Oestreicher v. Alienware Corp.*, 322 Fed. Appx. 489, *3 (9th Cir. 2009) (affirming dismissal of CLRA and UCL claims on the ground that Alienware's "duty to consumers is limited to its warranty obligations absent either an affirmative misrepresentation or a safety issue").

This Court granted Dell's motion to dismiss the FAC because each of Plaintiffs' causes of action required a duty to disclose, but the factual allegations in the FAC were "insufficient to establish Dell had a duty to disclose the fact that the first year service contract was optional." FAC Order at 11. Plaintiffs have not asserted any new causes of action, nor have they made any

amendments to their claim-specific pleadings. The only new factual allegations relate to partial disclosures.[2] Thus, if Plaintiffs have failed to adequately plead a duty based on partial disclosures, Plaintiffs' claims must be dismissed.[3]

### B.   Plaintiffs Cannot Plead a Duty to Disclose Based on Partial Disclosures.

#### 1.   Plaintiffs Fail to Identify Any Statement that Is Contradicted or Materially Qualified by the Undisclosed Facts.

The partial-disclosure theory creates a duty to disclose only where the defendant's *affirmative statements* are undermined by undisclosed facts. In *Intrieri v. Super. Ct.*, 117 Cal. App. 4th 72 (Cal. Ct. App. 2004), for example, the court reversed summary judgment on a fraud claim because undisclosed facts severely qualified the defendant's affirmative representations. A nursing home's admission's director told the plaintiff (whose mother would become a patient in the home's Alzheimer's ward) that (1) the Alzheimer's ward was secure, (2) the door to the Alzheimer's ward had a key punch pad on both sides, (3) a code had to be entered on the key punch pad to enter or exit the Alzheimer's ward, and (4) "only persons authorized by [the nursing home] would be provided with the key-punch pad access code." *Id.* at 77. Undisputed facts indicated, however, that the access code was posted right above the key-punch pad. The court of appeal found that a material issue of fact existed regarding the truth of the admissions director's

---

[2] Plaintiffs' attempt to plead a duty to disclose because of partial speech also relies upon the allegation that Dell was "concealing and suppressing these same material facts for the first year onsite service contracts." SAC ¶ 48. The allegation is simply one of non-disclosure. To state a claim based on concealment or suppression, Plaintiffs must allege more than mere non-disclosure. *See, e.g.*, *Thorman v. Am. Seafoods Co.*, 421 F.3d 1090, 1095 (9th Cir. 2005) (noting, in the context of fraudulent concealment, that "[m]erely keeping someone in the dark is not the same as affirmatively misleading him"); *Scafidi v. Western Loan & Building Co.*, 72 Cal. App. 2d 550, 562 (Cal. Ct. App. 1946) ("[M]ere silence or inaction, or both, are by themselves insufficient to establish [fraudulent] concealment."). Plaintiffs fail to state a claim based on suppression or concealment because they allege no facts suggesting active concealment by Defendants.

[3] In its previous Order, the Court held that Plaintiffs' allegations regarding Dell's failure to disclose the fact that there was a "charge" for the first-year at-home service contract or that the service contract was "optional" were insufficient to establish a duty to disclose the optional nature of the first-year at-home service contract. FAC Order at 11. The SAC adds no new factual allegations to support their claim that Defendants had a duty to disclose based on their exclusive knowledge of the allegedly undisclosed facts. Although Plaintiffs recite an additional legal conclusion that Defendants' exclusive knowledge of the undisclosed facts created a duty to disclose, this is not adequate. *See* SAC ¶ 21.

1   statements

2   because the admissions director's statements that the Alzheimer's unit was
    "secure" and accessible only by "authorized persons" are arguably false and
3   misleading in light of the evidence showing that anyone who could read the
    keypad access code posted over the keypad could enter the unit, including
4   potentially hostile and violent non-Alzheimer's patients.

5

6   *Id.* at 87.  The undisclosed fact in *Intrieri*—that the key code was posted so that anyone who

7   could read it could enter the Alzheimer's ward—qualified the representation that access to the

8   ward was restricted to "authorized persons" to the point that it was unquestionably misleading

9   and arguably false.

10          Similarly, in *Pavicich v. Santucci*, 85 Cal. App. 4th 382 (Cal. Ct. App. 2000), the court

11  affirmed an order overruling a demurrer to the plaintiff's fraud complaint where undisclosed facts

12  contradicted the defendant's statements.  The plaintiff, a potential investor in a brew pub project,

13  asked the defendant if there was anything he should know about the project.  Defendant and

14  another principal told him that that they had been in unsuccessful negotiations with two

15  businessmen, and "to avoid any problems or future claims" the principals had entered a legally

16  binding release with the businessmen.  *Id.* at 397.  The court found that this representation created

17  a duty to disclose the additional facts that the two businessmen had already threatened litigation

18  over the release and sent several letters to the principals stating that the release was procured by

19  fraud.  The defendant made an actionable misrepresentation when he "indicated that the existence

20  of the Release would prevent any future problems despite the fact that, in reality, *the Release* was

21  already the subject of dispute and threatened litigation."  *Id.* at 397–98 (emphasis added).

22          Plaintiffs fail to state a claim for relief based on a partial disclosure theory because the

23  SAC does not (and could not) identify any statement by Dell that was rendered false or

24  misleading by the allegedly undisclosed facts about the first-year at-home service contract.

25  Plaintiffs attempt to establish a duty to disclose based on the fact that Dell offered extended

26  service contracts as an option for an additional cost.  They maintain that offering an optional

27  extended service contract for a specific price led consumers to believe that the first-year at-home

28  service contract included in the price of the computer was provided for no charge and that they

1  could not purchase a Dell computer without a first-year at-home service contract.  Accordingly,

2  Plaintiffs contend that Dell's offering of extended at-home service contracts created a duty to

3  disclose (1) that part of the computer purchase price reflected the price of the first-year at-home

4  service contract and (2) that consumers could purchase a Dell computer without a first-year at-

5  home service contract.  But Plaintiffs' partial-disclosure theory is not valid because the partial

6  representation alleged—that an extended at-home service contract can be purchased for an

7  additional charge—is not cast into doubt by the (allegedly) undisclosed fact that computers can be

8  purchased without a first-year at-home service contract.

9

10          **2.      Plaintiffs' Factual Allegations Do Not Support a Duty to Disclose that
                  There Was a Cost Associated with Items Included in the Price of the
11                Computer.**

12          Plaintiffs maintain that they reasonably believed the first-year at-home service contract

13  was free because (1) the first-year service contract did not increase the total purchase price of the

14  computer, and (2) Dell offered extended at-home service contracts for an additional charge.  This

15  is not sufficient to state a claim for fraud by omission.  Plaintiffs cannot identify a duty to inform

16  consumers, in every purchase, that the cost of a finished product, a combination of goods and

17  services, or a preconfigured option package reflects some cost for every item that is included in

18  the product or package.  Dell had no duty under California law to expressly disclose that each

19  item included in the preconfigured computer offering had a cost associated with it, and Plaintiffs

20  can point to no law establishing otherwise.

21          Assuming that Plaintiffs actually believed the first-year at-home service contract was

22  provided at no cost, that belief was unreasonable as a matter of law.  There is no basis in fact for

23  Plaintiffs' alleged belief that the service contract—or any of the items listed as included in the

24  purchase price of Plaintiffs' computers—was provided for no charge.  Under Plaintiffs' theory, a

25  consumer would reasonably believe that Dell provided the monitor, the hard drive, the operating

26  system, and the CD-ROM drive—and all other items listed on the Acknowledgments, *see* SAC

27  Exhibits 1 & 2—at no cost to the consumer merely because Dell never provided an itemized price

28

1   for the component. Moreover, under Plaintiffs' reasoning, an option to upgrade any of those

2   items would be evidence that the "standard" item is free.

3         Plaintiffs do not identify any statement by Defendants to the effect that the service

4   contract was free or provided as a gift. The fact that Dell offered upgrades for an additional

5   charge does not imply that the items in the preconfigured computer were provided at no charge.

6   If it did, then as a matter of law, every offer by every seller that included an available upgrade of

7   service, hardware, software, or other components would create a duty to disclose the itemized

8   price of the analogous base component or offering. Plaintiff offers no authority for such a radical

9   proposition. As this Court noted at the prior hearing: "[I]t does seem to me that a manufacturer

10  can include in its cost, and, therefore, in its price warranty. For you to say that a warranty must

11  be free and that no consumer would pay for a warranty, I don't accept that. It does seem to me

12  that in the pricing of a good, a manufacturer can include the cost that it will incur averaged over

13  some method of costing its goods warranty." Transcript of September 21, 2009 Hearing on

14  Motion to Dismiss FAC 25:17-26:1.

15

16              **3.    Plaintiffs' Factual Allegations Do Not Support a Duty to Disclose the
                        Fact that Customers Could Purchase a Dell Computer Without the
17                      First-Year At-Home Service Contract.**

18        Nor can Plaintiffs state a valid claim for relief based on Dell's alleged failure to expressly

19  inform consumers that they could customize their order and buy a computer without the first-year

20  at-home service contract. Plaintiffs maintain that Dell owed a duty to disclose this fact because

21  (1) Plaintiffs "reasonably expected that if there was a charge or cost associated with the onsite

22  service for the first year of purchase, Defendants would have provided an option . . . to purchase

23  the computer without the onsite service," and (2) this belief was reinforced by "the fact that

24  Defendants disclosed that service contracts for onsite warranty repair service beyond the first year

25  were optional" and could be purchased for a specific price. SAC ¶ 31; *see also id.* ¶ 41. But

26  under California law, a "partial disclosure" creates a duty to disclose additional facts *only if* the

27  undisclosed facts undermine the truth or accuracy of the partial disclosure. Plaintiffs fail to

28  identify any statement that was rendered false or misleading by the (allegedly) undisclosed fact

that consumers could purchase Dell computers without first-year at-home service contracts. That fact does not contradict or cast doubt on the affirmative representation that consumers could purchase extended service contracts for an additional charge.

### 4. Plaintiffs' Partial Disclosure Theory Extends Well Beyond Existing California Law and Cannot Be Limited to Defendants' Service Contracts.

Plaintiffs do not allege that the first-year at-home service contract is the only item that may be deleted from the preconfigured computer package, nor do they allege that it is the only item that may be upgraded for an additional charge. Without a specific factual allegation by Plaintiffs that the first-year at-home service contract is unique in these respects, there is no reason to distinguish between the first-year at-home service contract and other items included in the price of Plaintiffs' computers. Thus the duty Plaintiffs urge the Court to recognize must necessarily extend to any item that is typically sold as part of a preconfigured product, provided only that it is possible to purchase the product without that specific item or with a less expensive item. Under Plaintiffs' theory, because Plaintiffs purchased a bundle with a monitor included and Dell offered an upgrade to a flat screen monitor, Dell had a duty to disclose that Plaintiff could purchase the computer without a monitor (and a duty to disclose the price difference). California law does not recognize such a duty.

Nor should it. The duty Plaintiffs seek to create would be a tremendous burden to business and would harm, not benefit consumers. Plaintiffs' retooled theory still has implications for every multi-component sale in the state. Businesses are generally free to set the price of single components and set bundled prices for multi-component sales. Similarly, businesses are free to determine what to include in their base bundles and how to price them. Like any seller, Dell has the right to decide whether to bundle a given component into a price. As long as no false speech is involved, the availability of different products (and different bundles) in the marketplace provides the remedy.

Plaintiffs do not allege that Dell has a duty to make service contacts or warranties optional. At some points in time, Dell chose to make service contracts optional if customers

called and requested it.  A seller like Dell can reasonably conclude that some components should almost always be included, even if customers would choose to opt out for price reasons, because of the belief that overall customer satisfaction and brand loyalty is greater when the component is included.  In this case, Dell could reasonably conclude that even the customer who elects to save a small amount will punish Dell later if there is a serious hardware problem when the customer has to pay to ship his computer across the country for Dell to fix it (which is how service works under a warranty only sale).

Under Plaintiffs' theory, if a manufacturer makes a single exception downward from its base offering, or has a policy of letting those most determined to opt out opt out, that manufacturer must give every customer the choice to opt out, and it must disclose that option at the point of sale.  The consequences of such a policy are predictable.  Plaintiffs do not dispute that it is within Dell and other sellers' discretion whether to make any subcomponent mandatory or not.  Imposing disclosure obligations that mandate itemized price information and opt-out notices will likely encourage businesses not to allow opt-outs at all, reducing overall customer choice and customization.

The impact of the proposed duty is not limited by restricting it to situations in which an upgrade is offered.  The practice of selling upgrades to the base system is as common as the practice of offering base/ bundled pricing for multi-component sales and services.  Plaintiffs' theory appears to be that every offer of an upgrade for a stated price creates a duty to disclose the cost of the base component and a disclosure that the base component is not mandatory.  Such a disclosure obligation would be a massive burden, and would inject uncertainty into consumer pricing.

### 5.    Plaintiffs Fail to Identify the Statement that Created a Duty to Disclose with Sufficient Particularity.

Even if Plaintiffs could identify a cognizable duty to disclose, their partial-disclosure theory fails for the additional reason that the SAC fails to identify with particularity any specific

disclosure that created the alleged duty to Plaintiffs.[4]  *See, e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103–04 (9th Cir. 2003) (noting that if plaintiffs allege "a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b)").  Plaintiffs make several references to the fact that Dell offered extended at-home service contracts for a specified additional cost, *see* SAC ¶¶ 22, 23, 30, 31, 40,41, but they fail to identify any specific statement as the partial disclosure that triggered Dell's duty to disclose.  When a fraud claim is based on partial disclosure, Rule 9(b) requires the plaintiff to identify the specific representation that created a duty to disclose the omitted facts.  *See Sanders v. Apple Inc.*, ___ F.R.D. ___, 2009 WL 150950, *4–5 (N.D. Cal. Jan. 21, 2009) (holding that plaintiff failed to satisfy Rule 9(b) where he "fail[ed] to describe with specificity representations made by Apple with respect to the display's component parts that would give rise to a duty to disclose, how he relied on such partial disclosures, or the manner in which such representations or omissions were false and misleading").  Without a specific allegation of the statement underlying the duty to disclose, it is impossible for Dell or the Court to determine whether the partial disclosure was contradicted or undermined by the undisclosed facts.  By failing to identify a specific partial disclosure, Plaintiffs fail to plead their claim with sufficient particularity.

### C.   **Plaintiffs' Factual Allegations Are Legally Insufficient to State a Claim Under the Song-Beverly Act.**

Plaintiffs' claim that Defendants violated the Song-Beverly Act is based on the allegation that "Defendants violated § 1794.4(c)(5)(I) by failing to accurately and completely disclose all

---

[4] In its previous order granting Dell's motion to dismiss, the Court held that Plaintiffs had pleaded their fraud-by-omission claims with sufficient particularity to satisfy Rule 9(b).  Specifically, the Court found that Plaintiffs identified the contents of the omissions (optional nature of the first-year at-home service contract), the parties responsible for the omission (Dell), and the resulting injury (the cost of the at-home service contract).  *See* FAC Order at 9.  Defendants do not intend to reargue those grounds.  This motion raises the distinct question whether the new factual allegations in Plaintiffs Second Amended Complaint sufficiently identify the *affirmative representations* that created the alleged duty to disclose.

'fees charges, and other costs that the buyer must pay to obtain service.'"   SAC ¶ 63.   Section

1794.4(c)(5)(I) provides:

> The service contract shall contain all of the following items of information: . . .
> (5) A step-by-step explanation of the procedure that the buyer should follow in
> order to obtain performance of any obligation under the service contract including
> the following: . . . (I) All fees, charges, and other costs that the buyer must pay to
> obtain service."

CAL. CIV. CODE § 1794.4(c)(5)(I).   Plaintiffs fail to state a claim under the Song-Beverly Act,

however, because the provision on which they rely does not create a duty to disclose the cost of

the service contract itself.

Surprisingly, no California court seems to have addressed the question whether this

provision creates a duty to disclose the price of the service contract itself.   Accordingly, the Court

must be guided by the plain language of the statute.   *Cf. Van Horn v. Watson*, 45 Cal. 4th 322,

326 (Cal. 2008) (explaining that if statutory text "is clear and unambiguous, the inquiry ends").

The plain language of § 1794.4 shows that the statute is directed at the contents of the service

contract, specifically, the information the service contract must provide about how to obtain

"performance of any obligation under the service contract"—i.e., actual service under the

contract.   CAL. CIV. CODE § 1794.4(c)(5).   The statute provides that the contract itself must

disclose any fee that may be required to "obtain service."   *Id.* § 1794.4(c)(5)(I).   The phrase

"obtain service" cannot reasonably be interpreted to mean "obtain the service contract."   The only

reasonable interpretation of "costs that the buyer must pay to obtain service" is to mean any cost

required to get actual maintenance or repair services performed under the existing contract.   The

language of the statute does not support Plaintiffs' claim that the service contract must

affirmatively state the price of the service contract itself at the point of sale.

Neither does the statute provide any support for the notion that a service contract must

affirmatively state whether or not the consumer was required to purchase it in the first place.   The

clear purpose of the statute is to compel disclosure of additional fees required to obtain service

after the service contract has been purchased.   Plaintiffs do not allege that they had to pay

additional fees to obtain service after they purchased their computers and service contracts;

therefore, they do not allege a violation of § 1794.4.[5]

Similarly, § 1794.4(a) merely requires that when a "service contract" is part of a sale, there must be disclosure in "that contract" of the terms, conditions, and exclusions of that contract. *Id.* § 1794.4(a). Nothing in the text suggests that this creates a duty to disclose items in addition to those listed in subsection (c) which, in spelling out the many requirements for the content of a service contract, does not require the contract to disclose of the price of the service contract itself or whether it is sometimes optional.

## V.   **CONCLUSION**

For the foregoing reasons, Dell respectfully urges the Court to dismiss the SAC, in whole or part, with prejudice.

---

[5] Any suggestion that *Dell Inc. v. Superior Court*, 159 Cal. App. 4th 911, 917 n.2 (Cal. Ct. App. 2008), found a Song-Beverly Act violation is misplaced. The court expressly stated that it was "concerned solely with the tax consequences of Dell's business practice" and had "no occasion" to consider whether Song-Beverly was implicated. *Id.* Moreover, to the extent that case provides guidance on the question whether any California law requires that service contracts only be sold with itemized pricing, it strongly suggests there is no such duty. *See, e.g,. id.* at 936 ("But we will not impose a rule requiring a separate statement of a service contract's value on an invoice as the exclusive means to satisfy this burden of proof where, *as here, there is no statute, regulation, or consistent administrative construction mandating a separate statement*.") (emphasis added).

1

2      DATED:  November 16, 2009.                Respectfully submitted,

3                                               **REEVES & BRIGHTWELL LLP**

4                                               /s/ *Paul Schlaud*_____
                                                Paul Schlaud
5                                               Matthew H. Frederick
                                                221 W. 6th Street, Suite 1000
6                                               Austin TX  78701-3418
                                                (512) 334-4500
7                                               (512) 334-4492 (Facsimile)
                                                pschlaud@reevesbrightwell.com
8                                               mfrederick@reevesbrightwell.com

9
                                                Attorneys for Defendants
10                                              DELL, INC., DELL CATALOG SALES, L.P.,
                                                DELL PRODUCTS L.P., DELL MARKETING
11                                              L.P., DELL MARKETING L.P., LLC, DELL
                                                USA L.P.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

     I, the undersigned, declare that I am a resident of the State of Texas, over the age of eighteen years and not a party to the within action. My business address is Reeves & Brightwell, 221 W. 6th Street, Suite 1000, Austin, TX 78701.

3

4

     On this date I served the within document:

5

**DEFENDANT DELL INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM; MEMORANDUM IN SUPPORT**

6

**_X_ ELECTRONIC FILING**: the within document, the automatically generated notification for which constitutes service pursuant to General Order 45, Section IX(A) and (B).

7

8

| | |
|---|---|
| Brian R. Strange | Randall S. Rothschild |
| lacounsel@earthlink.net | randy.rothschild@verizon.net |
| Gretchen Carpenter | 12100 Wilshire Blvd., Suite 800 |
| gcarpenter@strangeandcarpenter.com | Los Angeles, CA 90025 |
| STRANGE & CARPENTER | Telephone: 310-806-9245 |
| 12100 Wilshire Blvd., Suite 1900 | Fax: 310-988-2723 |
| Los Angeles, CA 90025 | *Attorney for Plaintiffs* |
| Telephone: 310-207-5055 | |
| Fax: 310-826-3210 | |
| *Attorneys for Plaintiffs* | |

9

10

11

12

13

14

**___ MAIL**: by placing a true copy thereof, addressed as set forth below and enclosed in a sealed envelope with postage thereon fully prepaid and deposited for collection and mailing with the U.S. Postal Service pursuant to the ordinary business practice of this office.

15

16

**__ FACSIMILE TRANSMISSION**: a true and correct copy transmitted via facsimile to each addressee listed below.

17

18

**___ FEDERAL EXPRESS**: by placing a true copy thereof, addressed as set forth below and enclosed in a sealed envelope for delivery by overnight courier to the addressee.

19

20

     I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. Executed in Austin, Texas on November 16, 2009.

21

22

                       */s/Paul Schlaud*

23

                       Paul Schlaud

24

25

26

27

28