UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI, et al.,<br><br>    Plaintiffs,<br><br> v.<br><br>DELL, INC., et al.,<br><br>    Defendants. | Case No.: C 09-1518 JW (PVT)<br><br>**ORDER RE PARTIES' PROPOSED FORM OF PROTECTIVE ORDER** |

On October 30, 2009, the parties filed a proposed Stipulated Protective Order. Based on the form of order submitted,

IT IS HEREBY ORDERED that no later than January 8, 2010, the parties shall submit a revised form of order that:

1. Defines "Highly Confidential" Information or Items in Paragraph 2.4 as "extremely sensitive 'Confidential Information or Items' whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means"; and

2. Rewords Paragraph 12 to read as follows:

 "Each party shall make efforts that are 'reasonably designed' to protect its privileged materials. *See Gomez v. Vernon*, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What constitutes efforts that are reasonably designed to protect privileged materials depends on the circumstances; the law does not require 'strenuous or Herculean efforts,' just 'reasonable efforts.' *See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc*. 2008 WL 350641, *1–*2 (ND Cal., Feb.

2, 2008); *see also,* FED.R.CIV.PRO. 26(f)(3) advisory committee's notes to 2006 amendments (discussing the substantial costs and delays that can result from attempts to avoid waiving privilege, particularly when discovery of electronic information is involved). When a particular Rule 34 request requires a production or inspection that is too voluminous, expedited or complex (such as certain electronic productions) to allow for an adequate pre-production review, the parties may enter into non-waiver agreements for that particular production. If the requesting party is unwilling to enter into such an agreement, the Producing Party may move the court for a non-waiver order.

"In the event that, despite reasonable efforts, a Producing Party discovers it has inadvertently produced privileged materials, then within 30 calendar days the Producing party shall notify the Receiving Party that the document(s) or materials should have been withheld on grounds of privilege. After the Receiving Party receives this notice from the Producing Party under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending resolution of the Producing Party's claim of privilege. The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as reasonably possible after a notice of inadvertent production. If the Producing Party and Receiving Party agree that the inadvertently produced material is privileged, and was disclosed despite efforts by the Producing Party that were 'reasonably designed' to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion."

IT IS FURTHER ORDERED that, pending entry of the final form of protective order, the provisions of the parties' proposed form of protective order, as modified herein, shall govern the handling of confidential information exchanged or disclosed during discovery in this case.

Dated: *12/18/09*

PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*