Sean P. DeBruine (SBN 168071)
C. Augustine Rakow (SBN 254595)
ALSTON & BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA  94306-2112
Phone:  (650) 838-2000
Fax:   (650) 838-2001
sean.debruine@alston.com
augie.rakow@alston.com

Kristine M. Brown (Georgia SBN 480189)
Matthew D. Richardson (Georgia SBN 231474)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
kristy.brown@alston.com
matt.richardson@alston.com

Paul Schlaud (Texas SBN 24013469)
Matthew H. Frederick (Texas SBN 24040931)
Reeves & Brightwell
221 West Sixth Street, Ste 1000
Austin, TX 78701-3410
Phone: 512.334.4504
Fax: 512.334.4492
pschlaud@reevesbrightwell.com
mfrederick@reevesbrightwell.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI, and ROGGIE TRUJILLO,<br><br>                    Plaintiffs,<br><br>v.<br><br>DELL INC., et al.,<br><br>                    Defendants. | Case No.  09 CV 01518 JW<br><br>**DELL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>DATE:    March 23, 2010<br>TIME:    10:00 a.m.<br>COURTROOM:  5<br>ASSIGNED TO MAGISTRATE JUDGE TRUMBULL FOR DISCOVERY PURPOSES |

# TABLE OF CONTENTS

**Page(s)**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ..................................................................................................... ii

BACKGROUND AND FACTS ................................................................................................. 1

LEGAL STANDARD ............................................................................................................... 5

ARGUMENT ........................................................................................................................... 5

I.     Plaintiffs Have Failed to Establish that the May 2008 Conversation Is Protected by Attorney-Client Privilege. ................................................................ 5

     A.     No Formal Attorney-Client Relationship Existed at the Time of Mr. Ariza's Communication to Ms. Ariza. ....................................................... 6

     B.     No Implied Attorney-Client Relationship Existed Because Ms. Ariza Had Not Contacted Any Lawyer for the Purpose of Seeking Legal Advice. ................................................................................................. 6

     C.     The Attorney-Client Privilege Does Not Protect Factual Matters Regarding the Privileged Communication. ................................................. 8

II.     Plaintiffs Have Waived Any Privilege by Disclosing the Substance of the Communication and by Putting the Allegedly Privileged Matter Directly at Issue. ........................................................................................................................ 9

     A.     Ivan Ariza's Testimony Is Relevant, at the Very Least, to Plaintiffs' Adequacy as Class Representatives and Their Invocation of the Discovery Rule to Avoid the Statutes of Limitations. ................................ 12

          1.     Adequacy ................................................................................ 12

          2.     Limitations ............................................................................. 13

          3.     Knowledge of Other Relevant Facts ..................................... 14

     B.     Dell Is Not Attempting to Depose Plaintiffs' Counsel. ............................ 15

     C.     Dell Is Not Required to Pursue "Less Intrusive Means" of Discovery. ................................................................................................. 16

CONCLUSION ...................................................................................................................... 16

PROOF OF SERVICE ........................................................................................................... 18

# <u>TABLE OF AUTHORITIES</u>

Page(s)

## <u>CASES</u>

*Action Performance Cos., Inc. v. Bohbot*,
  420 F. Supp. 2d 1115 (C.D. Cal. 2006)................................................................... 5

*Bank of the West v. Valley Nat'l Bank of Ariz.*,
  132 F.R.D. 250 (N.D. Cal. 1990) ......................................................................... 11

*Barton v. U.S. Dist. Ct.*,
  410 F.3d 1104 (9th Cir. 2005)........................................................................... 7, 8

*Blankenship v. Hearst Corp.*,
  519 F.2d 418 (9th Cir. 1975)................................................................................ 5

*Bodner v. Oreck Direct, LLC*,
  2007 WL 1223777 (N.D. Cal. April 25, 2007) ..................................................... 12

*Boston Scientific Corp. v. Cordis Corp.*,
  2008 WL 1766757 (N.D. Cal. April 15, 2008) ..................................................... 11

*Costco Wholesale Corp. v. Super. Ct.*,
  47 Cal. 4th 725 (Cal. 2009)................................................................................... 5

*DR Sys., Inc. v. Eastman Kodak Co.*,
  2009 WL 2973008 (S.D. Cal. Sept. 14, 2009) ..................................................... 15

*Drimmer v. WD-40 Co.*,
  343 F. App'x 219 (9th Cir. 2009) ........................................................................ 13

*Electro Scientific Indus., Inc. v. General Scanning, Inc.*,
  175 F.R.D. 539 (N.D. Cal. 1997) ......................................................................... 11

*Hamm v. TBC Corp.*,
  597 F. Supp. 2d 1338 (S.D. Fla. 2009), *aff'd*, 345 F. App'x 406 (11th Cir. 2009)
  ....................................................................................................................... 14

*In re Valence Techn. Secs. Litig.*,
  1996 WL 119468 (N.D. Cal. March 14, 1996) ..................................................... 13

*Meachum v. Outdoor World Corp.*,
  171 Misc.2d 354, 654 N.Y.S.2d 240 (N.Y. Sup. Ct. 1996) ................................... 12

*Ogden v. AmeriCredit Corp.*,
  225 F.R.D. 529 (N.D. Tex. 2005) ........................................................................ 12

*Samuels v. Mix*,
  22 Cal. 4th 1 (Cal. 1999)................................................................................... 8, 9

*Sanchez v. Wal Mart Stores, Inc.*,
  2009 WL 1514435 (E.D. Cal. May 28, 2009)....................................................... 12

*Shelton v. Am. Motors Corp.*,
  805 F.2d 1232 (8th Cir. 1986)............................................................................ 15

*Sipper v. Capital One Bank*,
  2002 WL 398769 (C.D. Cal. Feb. 28, 2002) ........................................................ 13

*State Farm Fire & Cas. Co. v. Super. Ct.*,
  54 Cal. App. 4th 625 (Cal. Ct. App. 1997) ............................................................ 8

*Tennenbaum v. Deloitte & Touche,*
    77 F.3d 337 (9th Cir. 1996) ......................................................................................... 9

*U.S. v. Bauer,*
    132 F.3d 504 (9th Cir. 1997) ....................................................................................... 7

*U.S. EEOC v. Caesars Entm't, Inc.,*
    237 F.R.D. 428 (D. Nev. 2006) ................................................................................... 5

*Younger Mfg. Co. v. Kaenon, Inc.,*
    247 F.R.D. 586 (C.D. Cal. 2007) .............................................................................. 15

**STATUTES**

CAL. EVID. CODE § 912 ..................................................................................................... 9, 11

CAL. EVID. CODE § 951 ........................................................................................................... 7

CAL. EVID. CODE §§ 952, 953 ................................................................................................. 7

**RULES**

FED. R. CIV. P. 26 ................................................................................................................... 4

1

## INTRODUCTION

Plaintiffs' Motion for Protective Order should be denied because Plaintiffs have failed to carry their burden of establishing an attorney-client privilege and because Plaintiffs have failed to establish good cause for preventing the deposition of a third-party witness on matters other than allegedly privileged conversations.  According to Plaintiff Vivian Fiori Ariza, Ivan Ariza told her about the claims in this lawsuit in May 2008, when he worked as a legal assistant for Plaintiffs' counsel.  Ms. Ariza's testimony shows that this communication occurred before any attorney-client privilege could have existed.  Even if the communication were privileged, any privilege has been waived by Plaintiffs' testimony and their strategic partial disclosure of that communication in their class certification motion.  The law of privilege does not permit a party to disclose only the part of a communication that suits its purpose but prevent the opposing party from discovering the rest of the communication.  Furthermore, Plaintiffs have filed sworn declarations purporting to alter their testimony regarding those communications, thus highlighting their relevance and Dell's need for the requested discovery.  Ivan Ariza's deposition must go forward because he is a third-party witness with knowledge of facts relevant to the solicitation of Plaintiffs to serve as class representatives for this lawsuit including, but not limited to, his May 2008 communication with Vivian Fiori Ariza.

## BACKGROUND AND FACTS

Plaintiffs allege in their Second Amended Complaint (the "Complaint") that they discovered their claims against Defendants Dell Inc., Dell Catalog Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell Marketing L.P., LLC, Dell Marketing G.P., LLC, and Dell USA L.P. (collectively "Dell") through "an unrelated legal proceeding."  Second Amended Complaint ¶¶ 35, 45.  Plaintiffs now claim, however, that Plaintiff Vivian Fiori Ariza learned about the claims from Ivan Ariza in May 2008, when he worked as a legal assistant for Strange &

Carpenter, Plaintiffs' counsel in this case.  Ms. Ariza testified in her deposition that Ivan Ariza

told her "of a Dell issue, overcharging for fees."  Deposition of Vivian Lauren Fiori Ariza (Jan.

20, 2010) ("Ariza Deposition"), at 113:8–11, attached as Exh. J to the Declaration of Matthew H.

Frederick ("Frederick Declaration").  Ivan Ariza was not her attorney, *id.* at 114:20–21, and she

did not contact an attorney until after Mr. Ariza spoke to her. *See id.* at 114:22–25.  Nevertheless,

Plaintiff Ariza was instructed, on grounds of attorney-client privilege, not to answer further

questions about the substance of Ivan Ariza's communication. *See id.* at 113:13–17; 114: 16–18.

    Plaintiff Roggie Trujillo testified that she discovered her claims against Dell from Vivian

Fiori Ariza, who told her that

> her brother-in-law or at that time her brother-in-law to be was working for a law
> firm that was becoming involved with a lawsuit against Dell for the service
> contract agreement.
> . . .
> **She said they were looking for people to represent the lawsuit and asked me if
> I was interested**, and that's when she told me we had paid for a service contract
> that we didn't agree to.

Deposition of Roggie Trujillo (Jan. 26, 2010) ("Trujillo Deposition"), at 84:13–16; 85:5–8

(emphasis added), attached as Exh. K to the Frederick Declaration.

    In their Motion for Class Certification, Plaintiffs made the following statement about

Vivian Fiori Ariza's discovery of her claims:

> Plaintiff Ariza did not discover she was cheated until May, 2008, when her
> brother-in-law who worked at Strange & Carpenter at the time, told her that
> there may be hidden charges involved with her purchase.  She then contacted Mr.
> Rothschild's office to learn more and was angered to learn how she and her mother
> had been deceived, and wanted to file suit against Dell.

Plaintiffs' Motion for Class Certification at 7.

    Plaintiffs attempted to change their deposition testimony in their declarations in support of

class certification.  Plaintiff Trujillo's declaration includes the following statement:

> I recently realized that I made a mistake at my deposition in testifying about what
> Vivian told me in 2008 about this lawsuit.  I believe I mixed-up what she told this

case) [sic][1] and applied it to what she told me in 2008 when she first found out that Dell had cheated us with regard to the service contracts.  I believe that I mixed up the conversations and testified as if part of the 2010 conversation was instead part of the 2008 conversation.  I believe that, in 2008, Vivian told me that Dell had secretly charged us both for the first year onsite service contract which neither of us even wanted, and that she intended to get involved in a case concerning that issue, and I told her that I would like to get involved as well, but **I do not believe there was any discussion in 2008 about the attorneys "looking for" representatives.**

Declaration of Roggie Trujillo in Support of Motion for Class Certification at 2-3 (emphasis added) (Docket #93).  Plaintiff Ariza's declaration includes a similar statement:

I was informed of a mistake my mother made at her deposition in testifying about what I told her in 2008 about this lawsuit.  She apparently mixed-up what I told her after my deposition in 2010 with what I told her in 2008 when I first found out that Dell had cheated us with regard to the service contracts.  At that time in 2008, I told her that Dell had secretly charged us both for the first year onsite service contract which neither of us ever wanted, and that I intended to get involved in a case concerning that issue.  She then told me that she would like to get involved as well.  **No one from Strange & Carpenter told me that they were "looking for" class representatives, and I did not tell my mother that.**  Nor did anyone from Strange & Carpenter ask me to contact my mother to ask whether she would like to be a class representative in a case against Dell.

13.     After my deposition in this case, and shortly before her deposition, I talked to my mother about the depositions and about being "class representatives" in this case.  I believe that my mother took what we talked about in our recent conversation and applied it to our prior conversation about initially getting involved in this matter, which resulted in the testimony described above.

Declaration of Vivian Fiori Ariza in Support of Motion for Class Certification at 4–5 (emphasis added) (Docket #92).

Vivian Fiori Ariza's deposition was taken on January 20, 2010.  Dell received the rough transcript on January 30, 2010 and the final transcript on February 8, 2010.  *See* Frederick Declaration ¶ 3.  Roggie Trujillo's deposition was taken on January 26, 2010.  Dell received the rough transcript on January 29, 2010 and the final transcript on February 16, 2010.  *See* Frederick Declaration ¶ 4.  Plaintiffs filed their motion for class certification on February 11, 2010.

---

[1] The Trujillo declaration appears to be missing text between the words "told" and "this," which appear at the end of page one and the beginning of page two, respectively.

Dell requested Ivan Ariza's contact information by interrogatory served on February 11, 2010, *see* Frederick Declaration, Exh. A, and by letter on February 12, 2010. *See id.*, Exh. B. Plaintiffs' February 24, 2010 response to that letter did not provide Mr. Ariza's contact information. *See id.*, Exh. C. Instead, Plaintiffs suggested that Dell provide authority supporting its right to depose Mr. Ariza. Plaintiffs suggested that if the parties could not reach an agreement, they could discuss service of the subpoena for Mr. Ariza's deposition. Dell responded on February 25, 2010 with authority supporting its right to take Mr. Ariza's deposition. *See id.*, Exh. D. In an e-mail sent February 26, 2010, Plaintiffs requested that Dell "hold off" on serving Mr. Ariza until they had the opportunity to discuss service with him, *see id.*, Exh. E, and in a March 1, 2010 letter Plaintiffs suggested that the parties meet and confer on Thursday March 4, 2010. *See id.*, Exh. F.

In the March 4th meet-and-confer call, Plaintiffs' counsel refused to provide Mr. Ariza's contact information; however, they stated that they would accept service of the subpoena for Mr. Ariza and asked that Dell provide at least fourteen days' notice of the deposition. *See id.* ¶ 11. Plaintiffs' counsel stated their belief that Dell was not entitled to depose Mr. Ariza and informed Dell that they had no intention of producing him for deposition. *See id.*, Exhs. G, I. Later that same day, Dell noticed Ivan Ariza's deposition for March 19, 2010 and served Plaintiffs' counsel with a deposition subpoena issued by the United States District Court for the Eastern District of Virginia. *See id.*, Exh. H.

## LEGAL STANDARD

A party may obtain discovery of any information that "appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26. Courts have the discretion to limit discovery, but a "strong showing" of good cause is "required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975); *see also U. S. EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) ("As a general rule, courts will not grant protective orders that prohibit the taking of deposition testimony.").

## ARGUMENT

### I.   Plaintiffs Have Failed to Establish that the May 2008 Conversation Is Protected by Attorney-Client Privilege.

As the party asserting privilege, Plaintiffs have the burden to establish that the communications they seek to protect are covered by the attorney-client privilege. *See e.g.*, *Action Performance Cos., Inc. v. Bohbot*, 420 F. Supp. 2d 1115, 1118 (C.D. Cal. 2006). To establish attorney-client privilege, Plaintiffs must prove that an attorney-client relationship existed at the time of the communications. *See e.g.*, *Costco Wholesale Corp. v. Super. Ct.*, 47 Cal. 4th 725, 733 (Cal. 2009) ("The party claiming the privilege has the burden of establishing the preliminary facts necessary to support its exercise, i.e., a communication made in the course of an attorney-client relationship."). Plaintiffs' Motion consistently begs this fundamental question. Rather than meet their burden of proof, Plaintiffs take the unsupported leap and assume that an attorney-client relationship existed at the time of Ivan Ariza's May 2008 communication to Vivian Fiori Ariza. *See, e.g.*, Motion at 3.

Plaintiffs offer no evidence to support their claim of attorney-client privilege. The declarations submitted in support of their motion for class certification only prove up documents related to the meet-and-confer process. None of the declarations or documents support Plaintiffs'

claim of privilege.  Plaintiffs' failure to offer any evidence in support of their claim of privilege is sufficient reason to deny their motion for a protective order.

### A.      No Formal Attorney-Client Relationship Existed at the time of Mr. Ariza's Communication to Ms. Ariza.

There is no evidence that Vivian Fiori Ariza had entered a formal attorney-client relationship with her present counsel (or any lawyer) when Mr. Ariza first contacted her about this lawsuit in May 2008.  The only evidence shows that the conversation occurred before Ms. Ariza entered into a formal attorney-client relationship with her present counsel.   In her deposition, she testified that her first contact with any of her lawyers was an e-mail she wrote to Randy Rothschild in the spring of 2008, Ariza Deposition at 111:17–25 (Ex. ___), after Ivan Ariza gave her Mr. Rothschild's name.  *Id.* at 112:1–6, 17–20.  She also testified that she retained an attorney after her conversation with Ivan Ariza.  *Id.* at 114:22–25.  Plaintiffs effectively concede this point and maintain that the privilege applies despite the absence of a formal attorney-client relationship.

### B.      No Implied Attorney-Client Relationship Existed Because Ms. Ariza Had Not Contacted Any Lawyer for the Purpose of Seeking Legal Advice.

Plaintiffs provide no evidence whatsoever to support their claim that an implied or informal attorney-client relationship existed at the time Ivan Ariza first contacted Plaintiff Ariza about this lawsuit.  Plaintiffs cite several cases for the proposition that "[c]ommunications that occur prior to the signing of a retainer agreement are covered by the attorney-client privilege, provided they are made in the pursuit of legal advice or services."  Motion at 5.  Dell does not contest that this is a valid proposition of law; however, Plaintiffs do not point to a single fact to support its application in this case.  Plaintiffs cannot establish an attorney-client relationship because they have not provided evidence that Vivian Fiori Ariza contacted a lawyer for the purpose of seeking legal advice prior to Ivan Ariza's communication in May 2008.  Instead,

Plaintiffs' sworn testimony indicates that Mr. Ariza was *soliciting* Plaintiff Ariza to become a part of a not-yet-filed lawsuit—an issue that is unquestionably relevant to the adequacy determination in any class action analysis.

The attorney-client privilege protects confidential communications made in the course of an attorney-client relationship. *See, e.g.*, CAL. EVID. CODE §§ 952, 953. The privilege extends beyond formal attorney-client relationships when necessary to protect client statements made before the lawyer accepts the representation. *See, e.g.*, *Barton v. U.S. Dist. Ct.*, 410 F.3d 1104, 1111 (9th Cir. 2005) (quoting CAL. EVID. CODE § 951). This rule is based on the policy that failure to extend attorney-client privilege to a prospective client's statement would discourage people from speaking frankly when seeking legal representation. *See id.* That policy does not justify extending the privilege to a lawyer's (or in this case, a legal assistant's) unsolicited communication to a prospective client who has not sought out the attorney's legal advice.

Plaintiffs attempt to bridge the gap between the law and their facts by arguing that the attorney-client privilege extends to a lawyer's unsolicited communications to a potential client. Plaintiffs provide no authority to support this contention. Every case Plaintiffs cite stands for the proposition that the privilege protects statements made by the client for the purpose of obtaining legal advice "as well as an attorney's advice in response to such disclosures." *U.S. v. Bauer*, 132 F.3d 504, 507 (9th Cir. 1997), *cited in* Motion at 5. None supports the notion that the privilege extends to unsolicited statements made by an attorney for the purpose of obtaining a client.

*Barton v. U.S. District Court*, on which Plaintiffs rely, is no exception. In that case, a law firm sent out a questionnaire seeking information from potential class members. The court held that an attorney-client relationship was formed when potential clients responded to the questionnaire. *See Barton*, 410 F.3d at 1110–11. Notably, the court did not hold that the questionnaire itself was protected by attorney-client privilege. In fact, the questionnaire is quoted

at length in the opinion. *See id.* at 1107 nn.4, 5. The court clearly held that the attorney-client relationship, and thus the privilege, is triggered by the *potential client's communication to the lawyer*. *See id.* at 1111–12 (noting that the privilege applies "to acquisition by the lawyer of information that would be confidential were there to be representation"). The rule recognized in *Barton* does not support Plaintiffs' claim of privilege because Ivan Ariza first spoke to Vivian Fiori Ariza about the lawsuit before she had contacted any attorney, and he did not acquire any confidential information.

The only evidence on the issue undermines Plaintiffs' claim of privilege. Plaintiff Ariza testified that she did not have an attorney-client relationship with Ivan Ariza at the time he told her about the claims against Dell. *See* Ariza Deposition at 114:20–21; 124:15–17, Frederick Declaration, Exh. J.[2] She also testified that she first decided to contact a lawyer *after* Ivan Ariza told her "of a Dell issue, overcharging for fees." *Id.* at 113:4–9. This evidence leaves no question that Ivan Ariza's initial communication occurred before any privilege could have attached.

C.    **The Attorney-Client Privilege Does Not Protect Factual Matters Regarding the Privileged Communication.**

In their attempt to establish attorney-client privilege, Plaintiffs highlight additional fact issues that are subject to discovery even if the privilege applies. "[T]he attorney-client privilege does not protect 'independent facts related to a communication; that a communication took place, and the time, date and participants.'" *Samuels v. Mix*, 22 Cal. 4th 1, 20 n.5 (Cal. 1999) (quoting

---

[2] Plaintiffs attempt to avoid the impact of this testimony by arguing that Ms. Fiori's lay opinion is irrelevant to the existence of an attorney-client relationship. *See* Motion at 4. This argument is directly contrary to controlling law. The client's perception is unquestionably relevant to the existence of an attorney-client relationship. *See, e.g.*, *Barton*, 410 F.3d at 1107 (holding that an attorney-client relationship was formed when putative clients responded to a law firm questionnaire despite the law firm's apparent intent not to form any attorney-client relationship, noting that "[m]ore important than what the law firm intended is what the clients thought").

*State Farm Fire & Cas. Co. v. Super. Ct.*, 54 Cal. App. 4th 625, 640 (Cal. Ct. App. 1997)).  There are a number of unsettled factual issues that are relevant to the existence of the privilege, such as when the communication took place, how it occurred (e.g., in person or over the telephone), whether anyone else was present during the communication, whether there had been previous communications on the same subject, and whether Mr. Ariza was in fact acting as the agent of any attorney when he contacted Vivian Fiori Ariza.  *See* Motion at 6 (asserting that Mr. Ariza "was an agent and employee of Strange & Carpenter").  Because there are factual questions regarding the very existence of the attorney-client privilege, Mr. Ariza's deposition cannot fairly be characterized as an attempt to "circumvent the attorney-client privilege."  Motion at 1.  Dell is engaged in appropriate discovery of facts relevant to the existence of attorney-client privilege as well as other issues, including improper solicitation of the class representatives.

**II.**   **Plaintiffs Have Waived Any Privilege by Disclosing the Substance of the Communication and by Putting the Allegedly Privileged Matter Directly at Issue.**

Even if Vivian Fiori Ariza's May 2008 conversation with Ivan Ariza were otherwise subject to the attorney-client privilege, Plaintiffs have waived any privilege.  "[A] plaintiff who exposes any significant part of a communication in making his own case waives the privilege with respect to the communication's contents bearing on discovery, as well." *Samuels*, 22 Cal. 4th at 20 n.5 (citing CAL. EVID.CODE § 912 (a)).  The Ninth Circuit has explained that

> [t]he doctrine of waiver of the attorney-client privilege is rooted in notions of fundamental fairness.  Its principal purpose is to protect against the unfairness that would result from a privilege holder selectively disclosing privileged communications to an adversary, revealing those that support the cause while claiming the shelter of the privilege to avoid disclosing those that are less favorable.

*Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 340 (9th Cir. 1996).  Plaintiffs have waived any privilege by their deposition testimony about Ivan Ariza's communication and their intentional, selective disclosure of the content of that communication to support their case.

Plaintiff Ariza testified that Ivan Ariza informed her "of a Dell issue, overcharging for fees."   Ariza Deposition at 113:8–11.   In addition, Plaintiffs rely on the substance of that conversation to support their motion for class certification:

> Plaintiff Ariza did not discover she was cheated until May, 2008, when her brother-in-law, who worked at Strange & Carpenter at the time, told her that there may be hidden charges involved with her purchase.  She then contacted Mr. Rothschild's office to learn more and was angered to learn how she and her mother had been deceived, and wanted to file suit against Dell.

Motion for Class Certification at 7.[3]  This statement, together with Plaintiffs' declarations, belies their claim that any disclosure "was obviously unintentional."  *See* Motion at 9.

Ms. Ariza also disclosed the substance of Ivan Ariza's communication to her mother before Ms. Trujillo became involved in the lawsuit.   According to Plaintiff Trujillo, Plaintiff Ariza told her in 2008 that Ivan Ariza "was working for a law firm that was becoming involved with a lawsuit against Dell for the service contract agreement" and that "**they were looking for people to represent the lawsuit**."   Trujillo Deposition at 84:14–16; 85:5–6 (emphasis added), Frederick Declaration, Exh. K.   Both Plaintiffs contradicted Ms. Trujillo's deposition testimony in declarations submitted in support of class certification.  Both Plaintiffs stated that Ms. Trujillo was mistaken about the conversation.   Ms. Trujillo stated, "I do not believe there was any discussion in 2008 about the attorneys 'looking for' representatives."   Trujillo Declaration at 3 (Docket # 93).   Plaintiff Ariza stated, "No one from Strange & Carpenter told me that they were 'looking for' class representatives, and I did not tell my mother that."   Ariza Declaration at 5 (Docket # 92).   Plaintiffs' attempt to disclaim this testimony only underscores its relevance and highlights Dell's right to conduct further discovery on the subject.

---

[3] Plaintiffs' strategic disclosure that Mr. Rothschild educated her about how she was allegedly deceived arguably waives the privilege with respect to her first conversation with Mr. Rothschild.

There is no merit to Plaintiffs' argument that the existing deposition testimony precludes further discovery regarding Ivan Ariza's communication.  *See* Motion at 9.  The law does not allow parties to disclose only a part of a communication and refuse to allow discovery about the remainder.  *See, e.g.*, *Boston Scientific Corp. v. Cordis Corp.*, 2008 WL 1766757, at *2 & n.3 (N.D. Cal. April 15, 2008) ("[The doctrine of selective disclosure] applies when disclosure of some part of attorney-client communications would render it unfair to withhold other parts."); *Bank of the West v. Valley Nat'l Bank of Ariz.*, 132 F.R.D. 250, 253, 255 (N.D. Cal. 1990) ("[T]he court cannot allow plaintiff to selectively disclose some privileged communications, or parts of them, while holding back others . . . ." (citing CAL. EVID. CODE § 912)).  Nor is the scope of waiver limited to the part of the communication that has been disclosed.  *See, e.g.*, *Electro Scientific Indus., Inc. v. General Scanning, Inc.*, 175 F.R.D. 539, 543 (N.D. Cal. 1997) ("The fact that is critical to waiver analysis . . . is the fact that the 'News Release' voluntarily disclosed an important, substantive component of a communication from counsel. . . .  I know of no precedents that hold that all of a communication between attorney and client must be disclosed before a waiver occurs, and it makes no sense to hold that no waiver occurs when what is disclosed is the most important part of the privileged communication.").

Plaintiffs' surprising assertion that "no privileged communication was disclosed" at all, Motion at 9, contradicts their previous position on Ivan Ariza's May 2008 communication and undermines the basic premise of their Motion.  Plaintiffs have asserted that the conversation is protected by privilege, and part of that conversation has been disclosed.  Plaintiffs cannot have it both ways.  If, as Plaintiffs contend, the conversation is not privileged, that takes care of the waiver issue, but it also means that there is no basis for a protective order.  If, on the other hand, the conversation is privileged (as Plaintiffs also claim), they have waived the privilege by disclosure and by reliance on the substance of the conversation in their own case.

1   **A.   Ivan Ariza's Testimony Is Relevant, at the Very Least, to Plaintiffs'
2       Adequacy as Class Representatives and Their Invocation of the Discovery
        Rule to Avoid the Statutes of Limitations.**

3       **1.   Adequacy**

4       The question whether Plaintiffs were solicited to serve as plaintiffs is directly relevant to

5   their adequacy as class representatives, which is a basic element of Rule 23(a).[4]   Try as they

6   might, Plaintiffs cannot avoid the impact of Judge Patel's decision in *Bodner v. Oreck Direct,*

7   *LLC*, 2007 WL 1223777 (N.D. Cal. April 25, 2007).   That case and others leave no question that

8

9   the solicitation of individuals to stand in as class representatives raises serious questions.   *See*

10  *Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 1514435, *3 (E.D. Cal. May 28, 2009) ("Plaintiff

11  learned that she allegedly had a claim against Defendants only after her uncle was injured and

12  class counsel contacted her and told her so.   Such a 'cart before the horse' approach to litigation is

13  not the proper mechanism for the vindication of legal rights."); *Bodner*, 2007 WL 1223777, at *2

14  ("It is clear from the record that plaintiff's counsel, and not plaintiff, is the driving force behind

15  this action.  Such a 'cart before the horse' approach to litigation is not the proper mechanism for

16  the vindication of legal rights."); *Meachum v. Outdoor World Corp.*, 171 Misc.2d 354, 369, 654

17  N.Y.S.2d 240, 251 (N.Y. Sup. Ct. 1996) ("Solicitation of clients for the commencement or

18  continuation of a class action is improper, sufficient to warrant denial of class action

19  certification."), *quoted in Bodner*, 2007 WL 1223777 at *2; *cf. Ogden v. AmeriCredit Corp.*, 225

20  F.R.D. 529, 535 (N.D. Tex. 2005) (denying class certification based on inadequacy of the class

21

22  representative, noting that "it is apparent that counsel has provided the vast majority of the

23  knowledge that she does possess").   Plaintiffs' counsel is well aware that solicitation of class

24  representatives is relevant to, and potentially determinative of, class certification.   *See* Ruling

25

26

27  ────────────────

    [4] The issue of adequacy is especially pertinent because Plaintiffs argue that Dell bears the burden,
28  on class certification, to *disprove* adequacy.  If this were the case, which Dell denies, it would
    only reinforce Dell's right to seek Ivan Ariza's testimony on the subject.

Denying Plaintiffs' Motion for Class Certification, *Alvarez v. Dell Inc. et al.*, Case SCUK CVG 04-92921 (Cal. Super. Ct. April 8, 2009), attached as Exh. E to Declaration of Matthew H. Frederick.

Ivan Ariza's relationships with Plaintiff Vivian Fiori Ariza and Strange & Carpenter are relevant to adequacy because they create potential conflicts of interest between the named plaintiffs and absent class members. Any relationship between class counsel and the class representatives creates a risk that the class representative will not make decisions based on the best interest of the class. Indeed, in another case involving Plaintiffs' counsel, the court found it "unfathomable that counsel could assert that the [class counsel/class representative] relationship is simply 'irrelevant.'" *Sipper v. Capital One Bank*, 2002 WL 398769, at **3–4 (C.D. Cal. Feb. 28, 2002) (denying class certification where class counsel and Sipper were partners in a series of real estate deals, Sipper had been the named plaintiff in two other class actions brought by the plaintiffs' lawyers, and Sipper and class counsel had been co-defendants in a lawsuit); *cf., e.g., Drimmer v. WD-40 Co.*, 343 F. App'x 219, 221 (9th Cir. 2009) (affirming denial of class certification on adequacy grounds based on the named plaintiff's preexisting friendship and business relationship with class counsel); *In re Valence Techn. Secs. Litig.*, 1996 WL 119468, at *7 (N.D. Cal. March 14, 1996) (Ware, J.) (finding that named plaintiff could not adequately represent class where he had assisted class counsel in prior cases and where he was part of a firm that sub-leased space from law firm acting as class counsel).

### 2.   Limitations

Because Plaintiffs' claims were filed outside the relevant limitations periods, they must establish facts to support an exception to limitations. Plaintiffs have relied on the discovery rule, claiming that they could not have discovered their claims until 2008, when they discovered the basis of their claims through "an unrelated legal proceeding." Second Amended Complaint ¶¶ 35,

45.    When Dell's counsel asked Plaintiff Ariza to identify the unrelated legal proceeding, Plaintiffs' counsel objected based on the attorney-client privilege.  *See* Ariza Deposition at 120:15–23, Frederick Declaration, Exh. J.   Ms. Ariza then testified that she did not have any knowledge about the "unrelated legal proceeding" other than what she had learned from her attorneys, *see id.* at 120:24–121:3, and that she did not know what the unrelated legal proceeding was.  *See id.* at 121:4–7.  Plaintiffs now contend that they discovered their claims from Ivan Ariza.  Whatever the facts may be, they are relevant to Plaintiffs' burden to prove an exception to the statute of limitations.  The circumstances of Plaintiffs' discovery of their claims are plainly relevant to a potential defense, and Mr. Ariza appears to have knowledge relevant to that defense.

### 3.    Knowledge of Other Relevant Facts

Plaintiffs' Motion for Protective Order also rests on the faulty premise that Ivan Ariza's May 2008 communication to Vivian Fiori Ariza is the only subject on which he has relevant knowledge.  Plaintiffs maintain that because Mr. Ariza is a former employee of Strange & Carpenter, any communication with Plaintiff Ariza is necessarily privileged.  Even if Plaintiffs were correct that all communications during Mr. Ariza's employment were privileged (which Dell disputes), nothing prevents Dell from discovering whether Mr. Ariza has knowledge of relevant facts that he acquired after his employment with Strange & Carpenter.  It is possible, for instance, that Plaintiff Ariza has had additional conversations about the case with Mr. Ariza after his employment ended.

Mr. Ariza also has knowledge of facts relevant to the question of solicitation that do not require the disclosure of any communication.  Dell may discover, for instance, why he told Vivian Fiori Ariza about the claims against Dell, whether he told other potential plaintiffs about the case, and whether Strange & Carpenter had a policy regarding solicitation. *See, e.g.*, *Hamm v. TBC Corp.*, 597 F. Supp. 2d 1338, 1352 (S.D. Fla. 2009) (finding, in an order sanctioning a law

firm for improper solicitation of plaintiffs, that the firm "failed to provide formal, substantial, and informative training to its staff on compliance with the Florida Bar rules on solicitation"), *aff'd*, 345 F. App'x 406 (11th Cir. 2009) (per curiam); *cf.* Cal. Rules of Prof. Conduct 1-400(C) ("A solicitation shall not be made by or on behalf of a member or law firm to a prospective client with whom the member or law firm has no family or prior professional relationship."); *id.* at 1-400(B) (defining solicitation as "any communication: (1) Concerning the availability for professional employment of a member or a law firm in which a significant motive is pecuniary gain; and (2) Which is: (a) delivered in person or by telephone . . . .").

## B. Dell Is Not Attempting to Depose Plaintiffs' Counsel.

In their Motion, Plaintiffs argue for the first time that a deposition of Mr. Ariza is tantamount to a deposition of Plaintiffs' litigation counsel.  Plaintiffs' argument on this point is based on policies and authority addressing the deposition of a party's current trial counsel, which are plainly inapposite.  *See, e.g.*, *Shelton v. Am. Motors Corp.*, 805 F.2d 1232 (8th Cir. 1986), *cited in* Motion at 6–7; *cf. Younger Mfg. Co. v. Kaenon, Inc.*, 247 F.R.D. 586, 588 (C.D. Cal. 2007) (noting that the Ninth Circuit has never adopted *Shelton* and permitting the deposition of a party's general counsel, who had first-hand personal knowledge of non-privileged, relevant facts); *DR Systems, Inc. v. Eastman Kodak Co.*, No. 08-669, 2009 WL 2973008, *6 & n.3 (S.D. Cal. Sept. 14, 2009) (requiring deposition of Kodak's "director of patent litigation" where he had "relevant, first-hand knowledge" of non-privileged facts underlying the claims at issue).

The fact is that Dell has not noticed a deposition of Plaintiffs' litigation counsel, nor is it attempting to discover opposing counsel's litigation strategy or work product.  Dell merely seeks to take the deposition of a non-attorney third-party witness to discover his personal knowledge of factual issues that are relevant to class certification and potential defenses.  Plaintiffs' reliance on Ivan Ariza's relationship with Plaintiffs' counsel raises one such issue, namely whether Mr. Ariza

acted in his capacity as "an agent and employee of Strange & Carpenter at the time his communications with Plaintiff regarding this case occurred." Motion at 6. Plaintiffs have submitted no evidence on this point, which is directly relevant to Plaintiffs' claim of privilege and the issue of solicitation.

### C. Dell Is Not Required to Pursue "Less Intrusive Means" of Discovery.

Deposition of Ivan Ariza is entirely proper. Indeed, it is necessary because Plaintiffs have already given conflicting sworn testimony on the subject of their discovery of the claims in this lawsuit. Furthermore, Plaintiffs have consistently resisted Dell's discovery on this subject. Plaintiff Ariza was instructed not to answer questions at her deposition, *see, e.g.*, Ariza Deposition at 113:12–17; 114:14–18; 120:15–20; 123:11–15; 124:23–125:2, Frederick Declaration, Exh. J, and Plaintiffs have refused to produce her for further deposition. *See, e.g.*, Frederick Declaration, Exh. F. Plaintiffs' baseless argument that Dell has "effectively waive[d]" further use of Plaintiff Ariza's testimony, Motion at 15 n.8, shows that they will continue to resist any discovery efforts in this area. Finally, Ivan Ariza likely has personal knowledge of facts not known by Plaintiffs. There is no basis for Plaintiffs' insistence that Dell seek "less intrusive means" of discovery such as "by serving written discovery on Plaintiff" or "a deposition by written questions." Motion at 15.

### CONCLUSION

For the foregoing reasons, Dell respectfully urges the Court to DENY Plaintiffs' Motion for Protective Order.

1

2     DATED:  March 16, 2010                    Respectfully submitted,

3                                               **REEVES & BRIGHTWELL LLP**

4                                               */s/Matthew Frederick*_____
                                                Paul Schlaud
5                                               Matthew H. Frederick
                                                221 W. 6th Street, Suite 1000
6                                               Austin TX  78701-3418
                                                (512) 334-4500
7                                               (512) 334-4492 (Facsimile)
                                                pschlaud@reevesbrightwell.com
8                                               mfrederick@reevesbrightwell.com

9
                                                Attorneys for Defendants
10                                              DELL INC., DELL CATALOG SALES, L.P.,
                                                DELL PRODUCTS, L.P., DELL
11                                              MARKETING L.P., DELL MARKETING
                                                L.P., LLC, DELL MARKETING G.P., LLC,
12                                              AND DELL USA, L.P.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>PROOF OF SERVICE</u>

I, the undersigned, declare that I am a resident of the State of Texas, over the age of eighteen years and not a party to the within action. My business address is Reeves & Brightwell, 221 W. 6th Street, Suite 1000, Austin, TX  78701.

On this date I served the within document:

### **DELL DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**

_X_   **ELECTRONIC FILING**: the within document, the automatically generated notification for which constitutes service pursuant to General Order 45, Section IX(A) and (B).

Brian R. Strange
lacounsel@earthlink.net
Gretchen Carpenter
gcarpenter@strangeandcarpenter.com
STRANGE & CARPENTER
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Telephone:     310-207-5055
Fax:              310-826-3210
*Attorneys for Plaintiffs*

Randall S. Rothschild
randy.rothschild@verizon.net
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:     310-806-9245
Fax:              310-988-2723
*Attorney for Plaintiffs*

Michael S. Blanton
mblanton@rrbllp.com
ROBERTS, RASPE & BLANTON LLP
Union Bank Plaza
445 South Figueroa Street
Suite 3200
Los Angeles, California 90071
Telephone:     (213) 430-4777
Fax:              (213) 430-4780

*Attorney for Defendants BancTec, Inc. and QualxServ, LLC*

___  **MAIL**:  by placing a true copy thereof, addressed as set forth below and enclosed in a sealed envelope with postage thereon fully prepaid and deposited for collection and mailing with the U.S. Postal  Service pursuant to the ordinary business practice of this office.

___ **FACSIMILE TRANSMISSION**:  a true and correct copy transmitted via facsimile to each addressee listed below.

___  **FEDERAL EXPRESS**:  by placing a true copy thereof, addressed as set forth below and enclosed in a sealed envelope for delivery by overnight courier to the addressee.

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.  Executed in Austin, Texas on March 16, 2010.

*/s/Matthew Frederick*_____
Matthew H. Frederick