UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI, et al.,<br><br>        Plaintiffs,<br><br>  v.<br><br>DELL, INC., et al.,<br><br>        Defendants. | Case No.: C 09-1518 JW (PVT)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSES TO PLAINTIFFS' FIRST, SECOND, THIRD, FOURTH AND FIFTH SETS OF DOCUMENTS DEMANDS AND FIRST AND SECOND SETS OF INTERROGATORIES** |

On March 2, 2010 Plaintiffs filed a Motion to Compel Further Responses to Plaintiffs' First, Second, Third, Fourth and Fifth Sets of Documents Demands and First and Second Sets of Interrogatories. Defendant Dell, Inc. ("Dell") opposed the motion. Based on the moving, opposition and reply papers,

IT IS HEREBY ORDERED that Plaintiffs' motion is GRANTED.

Plaintiffs' motion raises two specific issues: 1) whether Dell must provide information and documents for the period January 2000 through September 2003; and 2) whether Dell must provide the names and contact information of customers in California who opted to purchase a Dell computer directly from Dell without an initial service contract.

Plaintiffs argue that the pre-2003 information and documents are relevant because the putative class period begins in 2000. Dell argues that information and documents for the years 2000

ORDER, *page 1*

through 2002 is not relevant because named Plaintiffs bought their computers in 2003 and 2004. Defendants note that no class has yet been certified. Defendants also argue that class claims from 2000 through 2002 would be time-barred. In response, Plaintiffs point out that Judge Ware already rejected the statute of limitations argument at this stage of the proceedings.

Discovery of information and documents from the 2000 through 2003 time frame may well be warranted. The scope of discovery is broad and includes information that may lead to the discovery of admissible information. Thus, even if the court were to use the Plaintiffs' first purchase of a Dell computer as the yardstick for determining how far back in time discovery may reach, allowing a temporal scope beginning two or three years before that date would be appropriate. In any event, unless and until the court rules out a class period extending back to 2000, the class allegations of Plaintiffs' complaint govern the scope of discovery. However, because the parties did not brief relevance with respect to specific discovery requests, this order is without prejudice to Dell supplementing its responses to assert a relevance objection to particular requests on grounds *other* than the date of Plaintiffs' first purchase of a computer or the statute of limitations. In the event Dell does so, the parties shall meet and confer regarding the objection, and Plaintiff may renew its motion as to any specific requests for which the parties cannot reach agreement.

With regard to the identity and contact information of customers who purchased the Dell computers without an initial service contract, discovery is warranted because they are percipient witnesses. The privacy rights of Defendant's customers do not preclude this discovery. Where, as here, federal jurisdiction is founded on the diversity of the parties pursuant to the Class Action Fairness Act, state privilege law applies to discovery dispute. *See Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 355-56 (E.D. La. 2007). Under California law, the right to privacy is set forth in Article I, Section I of the California Constitution. It is not an absolute right, but a right subject to invasion depending on the circumstances. *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994). The right of privacy protects only a reasonable expectation of privacy against a serious invasion. *Id*. at 36-37.

In the context of a putative class action, the California Supreme Court has held that an

opt-out notice[1] for pre-certification discovery of potential class members' identity and contact information was appropriate. *See Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360 (2007).[2] While the main issue in the *Pioneer* case was whether the named Plaintiffs could contact potential class members, its reasoning makes clear that discovery of contact information for a company's customers who are percipient witnesses does not violate the customers' privacy rights. The *Pioneer* court did not base its decision on the fact the individuals to be contacted were potential class members, but rather on its determination that: 1) individuals who contact a company to complain about a product have a reduced expectation of privacy in the contact information they supply to the company; and 2) disclosure of those individuals' identities and contact information to the named plaintiff in a putative class action, after notice to those individuals and opportunity to object, was not a serious invasion of their privacy.

The court noted that those factors alone could end the inquiry, but it also noted that "'the identity and location of persons having (discoverable) knowledge' are proper subjects of civil discovery. (Code Civ. Proc., § 2017.010; see Judicial Council of Cal. Form Interrogatories Nos. 12.1 through 12.7.) In a real sense, many of Pioneer's complaining customers would be *percipient witnesses* to relevant defects in the DVD players." *Ibid*. at 374. In short, privacy rights cannot shield possible witnesses from being contacted by parties to ongoing litigation. If this were the case, parties would never be able to locate, depose, and subpoena for trial, all the percipient witnesses they need for the prosecution or defense of a case.

Dell's privacy policy does not change this analysis. To begin with, the only express promise Dell makes *not* to disclose customer information is that it "will not disclose your personal information to third parties for their own marketing purposes unless you have provided consent." By contrast, Dell's privacy policy states that it may disclose its customers' personal information "in connection with . . . legal action." Thus, Dell has already notified its customers that their personal

---

[1] Because the customers at issue here are *not* potential class members, the opt-out notice procedure, even if it would otherwise be required for potential class members, is inapplicable. Nothing in the *Pioneer* case requires a litigant to send any kind of notice to a percipient witness before contacting the witness.

[2] In light of this controlling California Supreme Court case authority, the district court cases cited by Defendant are inapposite.

information may be disclosed in litigation.  Rather than giving its customers a heightened expectation of privacy, Dell's privacy policy gives its customers a *reduced* expectation of privacy where legal actions involving Dell are concerned.  Weighing the customers' reduced expectation of privacy against Plaintiffs' legitimate need to locate percipient witnesses, the court finds an order compelling production of the information is warranted.

    IT IS FURTHER ORDERED that the customer identification and contact information compelled herein may be designated "Highly Confidential" under the terms of the protective order.

Dated: *4/5/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge