| | |
|---|---|
| Sean P. DeBruine (SBN 168071)<br>C. Augustine Rakow (SBN 254595)<br>**ALSTON & BIRD LLP**<br>Two Palo Alto Square<br>3000 El Camino Real, Ste 400<br>Palo Alto, CA 94306-2112<br>Phone: (650) 838-2000<br>Fax: (650) 838-2001<br>Email: sean.debruine@alston.com<br>Email: augie.rakow@alston.com | Brian R. Strange (SBN 103252)<br>Gretchen Carpenter (SBN 180525)<br>**STRANGE & CARPENTER**<br>12100 Wilshire Blvd., Suite 1900<br>Los Angeles, CA 90025<br>Phone: (310) 207-5055<br>Fax: (310) 826-3210<br>Email: lacounsel@earthlink.net<br>Email:gcarpenter@strangeandcarpenter.com |
| Kristine M. Brown (Georgia SBN 480189)<br>Matthew D. Richardson (Georgia SBN 231474)<br>**ALSTON & BIRD LLP**<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, GA 30309-3424<br>Phone: 404-881-7000<br>Fax: 404-881-7777<br>Email: kristy.brown@alston.com<br>Email: matt.richardson@alston.com | Randall S. Rothschild (SBN 101301)<br>**RANDALL S. ROTHSCHILD, A P.C.**<br>12100 Wilshire Blvd., Suite 1600<br>Los Angeles, CA 90025<br>Phone: (310) 207-8530<br>Fax: (310) 207-3230<br>Email: randy.rothschild@verizon.net<br><br>Attorneys for Plaintiffs Vivian Fiori and Roggie Trujillo |
| Paul Schlaud (Texas SBN 24013469)<br>Matthew H. Frederick (Texas SBN 24040931)<br>**REEVES & BRIGHTWELL LLP**<br>221 West Sixth Street, Ste 1000<br>Austin, TX 78701-3410<br>Phone: 512.334.4504<br>Fax: 512.334.4492<br>E-mail: pschlaud@reevesbrightwell.com<br>E-mail: mfrederick@reevesbrightwell.com | Michael Blanton (SBN 190148)<br>**ROBERTS RASPE & BLANTON LLP**<br>445 South Figueroa St., Ste. 3200<br>Union Bank Plaza<br>Los Angeles, CA 90071-1651<br>Phone: (213) 430-4777<br>Fax: (213) 430-4780<br>E-mail: mblanton@rrbllp.com<br><br>Attorneys for Defendants Banctec, Inc. and QualxServ LLC |
| Attorneys for Dell Defendants | |

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI, and ROGGIE TRUJILLO, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiff,<br>　　v.<br><br>DELL INC., a corporation; BANCTEC, INC., a corporation; QUALXSERV LLC, an entity; DELL CATALOG SALES, L.P., an entity; DELL PRODUCTS, L.P., an entity; DELL MARKETING L.P., an entity; DELL MARKETING L.P., LLC, an entity; DELL USA, L.P., an entity; and DOES 1 Through 10,<br>　　　　Defendants. | Case No. 09-CV-01518 JW<br><br>**STIPULATED PROTECTIVE ORDER** |

STIPULATED PROTECTIVE ORDER　　　　　　　　- 1 -

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 "Highly Confidential" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

     2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

     2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential."

     2.8    <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential" or "Highly Confidential."

     2.9    <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

     2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.

     2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

     2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

     2.13    <u>Confidential-Only Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and who is a current employee of a competitor of a Party or who, at the time of retention, is anticipated to become an employee of a competitor of a Party.

     2.14    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material

(as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

    5.1  Exercise of Restraint and Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, section 5.2(b), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    (a)  For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, on each page that contains protected material. When the information is in such form that a stamp or mark cannot be reasonably placed thereon, then such information may be designated as "Confidential" or "Highly Confidential," as appropriate, in such a manner as is reasonable under the circumstances to place the other party on notice of the confidential or highly confidential nature of the information.

(b) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify all protected testimony by: (1) declaring the same on the record before the close of the deposition, hearing, or other proceeding, or (2) in the case of a deposition, designating specific pages as "Confidential" or "Highly Confidential," as appropriate, and serving such designations within ten (10) days of receipt of the deposition transcript in which the designations are made. The entirety of all deposition transcripts shall be treated as highly confidential for the ten (10) day period following receipt of the transcript. After the ten (10) day period, only those portions of the testimony that are appropriately designated for protection within the ten (10) day period shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate, as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>For information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" or "Highly Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order, but shall not be deemed in violation of this Order

for any use of the information prior to the Designating Party's "Confidential" or "Highly Confidential" designation.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by not mounting a challenge promptly after the original designation is disclosed. However, a Party challenging a confidentiality designation shall make reasonable efforts to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation as a result of the timing of such challenge.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation, whether to an entire document or to a portion of a document, must do so in good faith and must begin the process by meeting and conferring in good faith with counsel for the Designating Party. In conferring, the challenging Party must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after meeting and conferring in good faith may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth the justification, if any, for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a)     the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     the Receiving Party and the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is made in connection with their engagement who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d)     Confidential-Only Experts (as defined in this Order) of the Receiving Party to whom disclosure is made in connection with their engagement who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters, their staffs, and professional vendors ;

    (g) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

    (h) the author of the document or the original source of the information.

  7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated HIGHLY CONFIDENTIAL only to those persons listed in Paragraph 7.2, subsections (a), (b), (c), (e), (f), (g), and (h), under the same terms set forth therein.

  All copies of Exhibit A shall be retained by the Receiving Party.

  8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

  If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity

to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy it, at the election of the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that certifies that all the Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected

1  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
2  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work
3  product, even if such materials contain Protected Material. Any such archival copies that contain
4  or constitute Protected Material remain subject to this Protective Order as set forth in Section 4
5  (DURATION), above.

6       12.   PRODUCTION OF PRIVILEGED DOCUMENTS OR INFORMATION
7             Each party shall make efforts that are "reasonably designed" to protect its
8  privileged materials. See Gomez v. Vernon, 255 F.3d 1118, 1131-32 (9th Cir. 2001). What
9  constitutes efforts that are reasonably designed to protect privileged materials depends on the
10 circumstances; the law does not require "strenuous or Herculean efforts," just "reasonable
11 efforts." See, e.g., Hynix Semiconductor, Inc. v. Rambus, Inc., 2008 WL 350641, *1-*2 (N.D.
12 Cal., Feb. 2, 2008); see also, Fed.R.Civ.Pro. 26(f)(3) advisory committee's notes to 2006
13 amendments (discussing the substantial costs and delays that can result from attempts to avoid
14 waiving privilege, particularly when discovery of electronic information is involved). When a
15 particular Rule 34 request requires a production or inspection that is too voluminous, expedited or
16 complex (such as certain electronic productions) to allow for an adequate pre-production review,
17 the parties may enter into non-waiver agreements for that particular production. If the requesting
18 party is unwilling to enter into such an agreement, the Producing Party may move the court for a
19 non-waiver order.
20            In the event that, despite reasonable efforts, a Producing Party discovers it has
21 inadvertently produced privileged materials, then within 30 calendar days the Producing Party
22 shall notify the Receiving Party that the document(s) or materials should have been withheld on
23 grounds of privilege. After the Receiving Party receives this notice from the Producing Party
24 under this paragraph, the Receiving Party shall not disclose or release the inadvertently produced
25 material to any person or entity pending resolution of the Producing Party's claim of privilege.
26 The parties shall hold a meet and confer, as defined in Civil Local Rule 1-5(n), as soon as
27 reasonably possible after a notice of inadvertent production. If the Producing Party and
28 Receiving Party agree that the inadvertently produced material is privileged, and was disclosed

STIPULATED PROTECTIVE ORDER            - 10 -

despite efforts by the Producing Party that were "reasonably designed" to protect the materials, then the Receiving Party shall return or certify the destruction of all copies (including summaries) of such material. If no agreement is reached, then within 10 court days after the meet and confer, the Producing Party must seek a ruling from this court to establish that the material is privileged and that the Producing Party did not waive the privilege by inadvertently producing the material. If the Producing Party seeks such a ruling, the Receiving Party shall not disclose or release the inadvertently produced material to any person or entity pending the court's ruling on the Producing Party's motion.

13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | | |
|---|---|---|
| 1 | DATED: January 4, 2010 | /s/ Matthew H. Frederick |
| 2 | | Matthew H. Frederick |

Sean P. DeBruine (SBN 168071)
C. Augustine Rakow (SBN 254595)
**ALSTON & BIRD LLP**
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA 94306-2112
Phone: (650) 838-2000
Fax: (650) 838-2001
Email: sean.debruine@alston.com
Email: augie.rakow@alston.com

Kristine M. Brown (Georgia SBN 480189)
Matthew D. Richardson (Georgia SBN 231474)
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: (404) 881-7000
Fax: (404) 881-7777
Email: kristy.brown@alston.com
Email: matt.richardson@alston.com

Paul Schlaud (Texas SBN 24013469)
Matthew H. Frederick (Texas SBN 24040931)
**REEVES & BRIGHTWELL LLP**
221 W. 6th Street, Suite 1000
Austin, TX 78701-3410
Phone: (512) 334-4504
Fax: (512) 334-4492
E-mail: pschlaud@reevesbrightwell.com
E-mail: mfrederick@reevesbrightwell.com

Attorneys for Defendants
DELL INC.; DELL CATALOG SALES, L.P.; DELL PRODUCTS, L.P.; DELL MARKETING L.P.; DELL MARKETING L.P., LLC; DELL USA, L.P.

DATED: 12/28/09

_____
Michael Blanton

Michael Blanton (SBN 190148)
**ROBERTS RASPE & BLANTON LLP**
445 South Figueroa St., Ste. 3200
Union Bank Plaza
Los Angeles, CA 90071-1651
Phone: (213) 430-4777
Fax: (213) 430-4780
E-mail: mblanton@rrbllp.com

Attorneys for Defendants BANCTEC, INC.
AND QUALXSERV LLC

DATED: January 4, 2010

_____
Gretchen Carpenter

Brian R. Strange (SBN 103252)
Gretchen Carpenter (SBN 180525)
**STRANGE & CARPENTER**
12100 Wilshire Blvd., Suite 1900
Los Angeles, CA 90025
Phone: (310) 207-5055
Fax: (310) 826-3210
Email: lacounsel@earthlink.net
Email: gcarpenter@strangeandcarpenter.com

Randall S. Rothschild (SBN 101301)
Randall S. Rothschild, A P.C.
12100 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Phone: (310) 806-9245
Fax: (310) 988-2723
Email: randy.rothschild@verizon.net

Attorneys for Plaintiffs
VIVIAN FIORI AND ROGGIE TRUJILLO

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: 9/29/10

_____
Hon. Patricia V. Trumball
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER        - 14 -

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Fiori v. Dell Inc., et al.*, Case No. 09-CV-01518 JW. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
            [printed name]

Signature: _____
            [signature]