1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

10

**NORTHERN DISTRICT OF CALIFORNIA**

11

**SAN JOSE DIVISION**

12

| | |
|---|---|
| VIVIAN FIORI ARIZA, ROGGIE TRUJILLO, PAMELA NEWPORT, ROBERT DEAN, AND RAUL REYES, on behalf of themselves and all others similarly situated, | Case No.  09 CV 01518 JW |
| | **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| Plaintiffs, | **CLASS ACTION** |
| vs. | Date: November 22, 2010<br>Time: 9:00 a.m.<br>Courtroom: 8 |
| DELL INC., a corporation; BANCTEC, INC., a corporation; WORLDWIDE TECHSERVICES, LLC, an entity; DELL CATALOG SALES, L.P., an entity; DELL PRODUCTS, L.P., an entity; DELL MARKETING L.P., an entity; DELL MARKETING L.P., LLC, an entity; DELL MARKETING G.P., LLC, an entity; DELL USA, L.P., an entity; and DOES 1 Through 10, | Assigned to the Honorable James Ware, Courtroom 8<br><br>Action filed on April 7, 2009 |
| Defendants. | |

13
14
15
16
17
18
19
20
21
22
23
24
25
26

**WHEREAS**, Plaintiffs Vivian Fiori Ariza, Roggie Trujillo, Pamela Newport, Robert Dean, and Raul Reyes ("Plaintiffs" or "Class Representatives"), on the one hand, and Defendants Dell Inc., Dell Catalog Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell Marketing L.P., LLC, Dell Marketing G.P., LLC, Dell USA L.P. (collectively, "Dell"); Defendant BancTec, Inc. ("BancTec"); and Defendant Worldwide TechServices, LLC, f/k/a QualxServ, LLC ("Worldwide") (collectively, "Defendants"), on the other hand, have reached a proposed settlement and compromise of the disputes between them and other similarly situated individuals, which is embodied in the Settlement Agreement filed with the Court; and

**WHEREAS**, Plaintiffs have applied to the Court for preliminary approval of the proposed Settlement, the terms and conditions of which are set forth in the Settlement Agreement; and

**WHEREAS** the Court finds as follows:  The Settlement Agreement was entered into at arm's-length, in a non-collusive manner, by experienced counsel and only after extensive arm's-length negotiations involving multiple mediation sessions and extensive discovery and legal briefing.  The Settlement bears a reasonable relationship to the claims alleged by Plaintiffs, and the Settlement is sufficiently within the range of reasonableness so that notice of the class action and Settlement should be given to the members of the Settlement Class, as defined in the Settlement Agreement, for their consideration as provided herein; and

**WHEREAS,** this Court has fully considered the record of these proceedings, the representations, argument, and recommendation of counsel for the moving parties, and the requirements of law, and good cause appearing,

**IT IS HEREBY ORDERED** as follows:

1.      The capitalized terms used in this Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement shall have the same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

2.      Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

3.      For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all individual consumers in California and Arizona who purchased directly from Dell a Dell notebook or desktop computer with a Service Contract during the period from January 1, 2000 through July 31, 2010.  Excluded from membership in the Settlement Class are the following:  (a) Defendants, the Released Parties, and their employees, their employees' immediate family members, and agents; (b) retailers, wholesalers, and other individuals or entities that purchased Dell notebook and desktop computers for resale; (c) any businesses or entities that purchased Dell notebook and desktop computers; (d) individuals who did not purchase their computers primarily for personal, family, or household purposes; (e) any judge to whom the *Fiori*, *Newport*, and *Alvarez* actions are assigned and the judge's immediate family members; and (f) all persons who timely and validly opt to exclude themselves from the Settlement Class.

4.      The Court preliminarily finds, solely for purposes of considering this Settlement, that the requirements of Federal Rule of Civil Procedure 23 are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class

Representatives are typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Action.

5.     The Court conditionally designates the law firms of Strange & Carpenter and Randall S. Rothschild, A Professional Corporation, as Class Counsel and Plaintiffs Vivian Fiori Ariza, Roggie Trujillo, Pamela Newport, Robert Dean, and Raul Reyes as Class Representatives for purposes of this Settlement.  The Court preliminarily finds that the Class Representatives and Class Counsel fairly and adequately represent and protect the interests of the absent Settlement Class Members.

6.     A Final Approval Hearing shall be held before this Court at _____ a.m. on __[at least seventy-five (75) days after the mailing of the Class Notice]___, 2011, at the United States District Court for the Northern District of California, San Jose Division, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and incentive awards should be approved.  Consideration of Class Counsel's application for an award of attorneys' fees, costs, and incentive awards shall be separate from consideration of whether or not the proposed Settlement should be approved, and shall be embodied in a separate order.

7.     Not later than thirty-five (35) days prior to the Final Approval Hearing, Representative Plaintiffs and Class Counsel may make a written application to the Court for an award of attorneys' fees, costs and incentive awards to the Representative Plaintiffs.

8.     All Settlement Class Members are hereby enjoined from prosecuting separate actions against Defendants asserting any of the Class Claims.

9.     The Court approves, as to form and content, the Class Notice and the Claim Form, substantially similar to the forms attached as Exhibits "B," "C," "D," "E," and "F" to the Settlement Agreement.  Defendants shall have discretion to make non-material minor revisions to the notice before emailing or mailing, with the consent of Class Counsel.  Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be delegated to an independent third-party class action claims administrator ("ICA"), subject to Class Counsel's approval, which is not to be unreasonably withheld.

10.     A settlement website in both English and Spanish shall be operative no later than the date of publication of the Class Notice.  The settlement website shall contain downloadable copies of this Preliminary Approval Order, the Long Form Notice, the Settlement Agreement, the Claim Form, and, when filed, Class Counsel's application for attorneys' fees, costs, and incentive awards.  The settlement website shall also contain appropriate links through which Settlement Class Members can submit online claims for benefits.

11.     Within thirty-five (35) days after this Preliminary Approval Order is entered, the Class Notice will be provided to all Settlement Class Members on the Settlement Class List, as defined in the Settlement Agreement.  As provided in the Settlement Agreement, for Settlement Class Members for whom an email address is available and to the extent practicable, notice will be provided by email.  For all other Settlement Class Members on the Settlement Class List, notice shall be provided by first class postcard to their physical shipping address.  The email notice shall contain contact information to obtain a Claim Form by mail and shall also contain a

hyperlink to the settlement website.  The postcard notice shall also contain contact information to obtain a Claim Form by mail and the address for the settlement website.

12.    For Settlement Class Members whose email notices are returned for bad email addresses, notice shall be provided by first class postcard to the Settlement Class Member's physical shipping address or an updated address obtained through the National Address Change Database.  For mailed notices which are returned for bad addresses, the notices will be re-mailed for all Settlement Class Members for whom the U.S. Postal Service provides a forwarding address to the ICA.

13.    Publication notice shall also be published once each in a weekday edition in a 1/10th page ad in the following regional newspapers in California and Arizona within thirty (30) days of this Preliminary Approval Order:  *Arizona Daily Star* (Tucson), *Arizona Republic* (Phoenix), *Bakersfield Californian*, *Contra Costa Times*, *Fresno Bee*, *Los Angeles Times*, *Oakland Tribune*, *Orange County Register*, *Press-Enterprise* (Riverside), *Sacramento Bee*, *San Diego Union-Tribune*, *San Francisco Chronicle*, and *San Jose Mercury News*.

14.    The Court finds that the Parties' plan for providing notice to the Settlement Class (the "Notice Plan") described in Section III(B)(1) of the Settlement Agreement constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the Settlement Agreement, and the Final Approval Hearing, and complies fully with the requirements of Federal Rule of Civil Procedure 23, the United States Constitution, and any other applicable law.

15.     The Court further finds that the Notice Plan described in Section III(B)(1) of the Settlement Agreement will adequately inform members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement.  Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must mail to the ICA, pursuant to the instructions set forth in the Long Form Notice and on the settlement website, a timely and valid written request for exclusion, postmarked no later than fifty-six (56) days after the date of mailing and emailing of the Class Notice (the "Opt-Out Period").  No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representative of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization that predates the Class Notice, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

16.     After the expiration of the Opt-Out Period, the ICA shall create a list of Successful Opt-Outs.  Defendants shall submit this list of Successful Opt-Outs to the Court on or before _____, 2011.  The Court retains jurisdiction to resolve any disputed exclusion requests.

17.     Any member of the Settlement Class who elects to be excluded shall not receive any cash benefits of the Settlement, including any cash Settlement Benefit available to Settlement Class Members, and shall not be bound by the terms of the Settlement Agreement.  Any person who is a Successful Opt-Out shall have no standing to object to the Settlement or intervene in the Action.

18.     Any Settlement Class Member who does not submit a valid and timely request for exclusion may object to the Settlement Agreement.  Any such Settlement Class Member shall have the right to appear and be heard at the Final Approval Hearing, either personally or through an attorney retained at the Settlement Class Member's own expense.  Any such Settlement Class Member must file with the Court and serve upon Class Counsel and Defendants' Counsel at the addresses set forth in the Class Notice a written objection to the Settlement ("Objection").  The Objection must satisfy the requirements set forth in Section III(B)(3)(a) of the Settlement Agreement and must be filed and served no later than fifty-six (56) calendar days after the date of mailing and emailing of the Class Notice.  Any Settlement Class Member who does not submit a timely Objection in accordance with the Settlement Agreement and as set forth herein shall not be treated as having filed a valid objection to the Settlement.

19.     Any Settlement Class Member who wishes to intervene in the Action must file a motion or application to do so with the Court and contemporaneously serve it upon Class Counsel and Counsel for Defendants at the addresses set forth in the Class Notice no later than thirty (30) days after the date of mailing the Class Notice.

20.     Any Class Member who wishes to appear at the Final Approval Hearing must file a notice of his or her intention to do so with the Court and contemporaneously serve it upon Class Counsel and Counsel for the Defendants at the addresses set forth in the Class Notice no later than fifty-six (56) days after the date of mailing and emailing of the Class Notice.

21.     In the event that the proposed Settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith shall become null and

void, shall be of no further force and effect, and shall not be used or referred to for any purposes

whatsoever in this Action or in any other case or controversy; in such event the Settlement

Agreement and all negotiations and proceedings directly related thereto shall be deemed to be

without prejudice to the rights of any and all of the Parties, who shall be restored to their

respective positions as of the date and time immediately preceding the execution of the

Settlement Agreement.

22.    The Court may, for good cause, extend any of the deadlines set forth in this Order

without further notice to the Settlement Class Members.  The Final Approval Hearing may, from

time to time and without further notice to the Settlement Class Members, be continued by Order

of the Court.

IT IS SO ORDERED this ____ day of _____, 2010.

_____
HON. JAMES WARE
UNITED STATES DISTRICT COURT
JUDGE