1  Darrell Palmer (SBN 125147)
   Email:  darrell.palmer@palmerlegalteam.com
2  Law Offices of Darrell Palmer
   603 North Highway 101, Ste A
3  Solana Beach, California 92075
   Telephone: (858) 792-5600
4  Facsimile: (858) 792-5655

5

   Attorney for Objectors
6  Margaret Munoz and Cery Perle

7

8                 UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11
   VIVIAN FIORI ARIZA, ROGGIE TRUJILLO,      )  Case No. 09-CV-01518-JW
12 PAMELA NEWPORT, ROBERT DEAN, and          )
   RAUL REYES                                )
13                                           )  **OBJECTION OF MARGARET MUNOZ**
                                             )  **AND CERY PERLE  TO PROPOSED**
14             Plaintiffs,                   )  **SETTLEMENT AND NOTICE OF INTENT**
                                             )  **TO APPEAR**
15 v.                                        )
                                             )
16                                           )
   DELL INC., a corporation; BANCTEC, INC., a )
17 corporation; WORLDWIDE TECHSERVICES,      )  Date:  March 21, 2011
   LLC, f/k/a QUALXSERV, LLC, an entity; DELL )  Time:  9:00 a.m.
18 CATALOG SALES, L.P., an entity; DELL      )  Place:  CourtRoom 8
   PRODUCTS, L.P., an entity; DELL           )  Judge:  Honorable James Ware
19 MARKETING L.P., an entity; DELL           )
   MARKETING L.P., an entity; DEL USA, L.P., an )
20 entity; and DOES 1 through 10,            )
                                             )
21                                           )
                                             )
22             Defendants.                   )

23

24

25

26

27

28

COME NOW, MARGARET MUNOZ and CERY PERLE ("Objectors") unnamed Class Members to this action, by and through their undersigned counsel, who hereby object to Class Counsel's Memorandum Of Points And Authorities In Support of Its Application For An Award Of Attorneys' Fees, Costs, And Incentive Awards; dated February 1, 2011 (Docket # 181)(hereinafter, "Motion for Fees") and Plaintiffs' Memorandum Of Points And Authorities In Support Of Motion For Final Approval Of Class Action Settlement dated February 8, 2011 (Docket # 193)(hereinafter, "Motion for Settlement") in this matter and hereby notify this Court of its intention to appear by and through the undersigned, to present argument in this matter at the Fairness Hearing currently set for March 21, 2011.

Objectors, MARGARET MUNOZ and CERY PERLE, represent to the court that they are Class Members, qualified to make claims as set forth in the NOTICE OF CLASS ACTION SETTLMENT; Ms. Munoz resides in San Diego County, State of California and Mr. Perle resides in Los Angeles County, State of California; but all mail should be sent to their attorney's address above.

The Motion for Fees and Motion for Settlement should not be approved for the reasons more fully delineated below.

## I. COURT MUST CRITICALLY ANALYZE THE FEE APPORTIONMENT AS FIDUCIARY OF THE CLASS.

The court has a "duty under Rule 23 of the Federal Rules of Civil Procedure to protect absent class members and to police class action proceedings." *Strong v. BellSouth Telecommunications*, Inc., 137 F.3d 844, 849 (5th Cir. 1998). The duty requires a review of substantive claims included in the agreement and an investigation into the manner in which fees of class counsel are to be paid and the dollar amount for such services. *Id.* "Active judicial involvement in measuring fee awards is singularly important to the proper operation of the class-action process. Continued reliance on case law development of fee-award measures does not diminish the court's responsibility. In a class action, the

1

1   district court must ensure that the amount and mode of payment of attorney fees are fair and proper

2   whether the fees come from a common fund or are otherwise paid. Even in the absence of objections, the

3   court bears this responsibility." Committee Notes to Rule 23(h), 2003.

4         Once a settlement is reached, both Class and Defendant's counsel's interests change. No longer

5   vigorously advocating for their clients' interests, Class Counsel's interests are inherently conflicted with

6   the Class, as they become another claimant to the very fund that they have created for their clients. Thus,

7   the Court necessarily becomes the fiduciary for the fund's beneficiaries and must carefully monitor

8   disbursement to the attorneys by scrutinizing fee applications. *Skelton v. General Motors Corp.*, 860

9   F.2d 250, 253 (7th Cir. 1988), cert denied, 493 US 810, 110 S. Ct. 53, 107 L. Ed. 2d 22 (1989).

## II.   THE NINTH CIRCUIT SUPPORTS A LODESTAR "CROSS-CHECK" REGARDLESS OF THE METHOD OF CALCULATION USED TO DETERMINE ATTORNEYS' FEES.

         The District Court has discretion to use either the lodestar method or the percentage of the fund

method for calculating attorney fees in common fund cases. *In re Washington Public Power Supply*

*System Securities Litigation*, 19 F.3d 1291, (9th Cir. 1994.) Whichever method the District Court

employs, the Ninth Circuit has opined that "we require only that fee awards in common fund cases be

reasonable under the circumstances." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir.1990). "Because a

reasonable fee award is the hallmark of common fund cases, and because arbitrary, and thus

unreasonable, fee awards are to be avoided, neither method should be applied in a formulaic or

mechanical fashion." *In re Washington Public Power Supply System Securities Litigation,* 19 F.3d

1291, 1295 (9th Cir. 1994.)

         Although the Ninth Circuit permits use of either method, the one constant in this calculation is

reasonableness. The Ninth Circuit opined "we require only that fee awards in common fund cases be

reasonable under the circumstances." *Florida v. Dunne*, 915 F.2d 542, 545 (9th Cir.1990). "Because a

2

reasonable fee award is the hallmark of common fund cases, and because arbitrary, and thus unreasonable, fee awards are to be avoided, neither method should be applied in a formulaic or mechanical fashion." *In re Washington Public Power Supply System Securities Litigation,* 19 F.3d 1291, 1295 (9th Cir. 1994.) "Calculation of the lodestar, which measures the lawyers' investment of time in the litigation, provides a check on the reasonableness of the percentage award…the lodestar may provide a useful perspective on the reasonableness of a given percentage award." *Vizcainzo v. Microsoft Corp.*, 290 F.3d 1043, 1050 (9th Cir. 2002.)

A.    **Lead Counsel is Required to Submit Detailed Billing Records to Demonstrate the Reasonableness of Its Request for Fees and Costs.**

Lead Counsel bears the burden of demonstrating entitlement to their fees and the reasonableness of the request through detailed documentation of its efforts. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983.)  In the instant matter, Lead Counsel has provided the Court with only a bare bones summary of the total value of fees and expenses incurred in this case.  (See Declaration of Brian R. Strange, Exhibits 2, 3, and 4.)

Courts, therefore, must inquire into the nature and source of the attorneys' fees requested by Class Counsel in order to ascertain their reasonableness.  The Committee Notes to Rule 23(h) in 2003 state, "courts may take account of the fees charged by class counsel or other attorneys for representing individual claimants or objectors in the case. In determining a fee for class counsel, the court's objective is to ensure an overall fee that is fair for counsel and equitable within the class."  2003 Committee Notes, Rule 23.

Thus, the Court must necessarily inquire into the billing records of Class Counsel to determine their reasonableness. *Hensley,* at 437.  While summaries of these records can be used in certain circumstances, the underlying material must be made available. Fed. R. Evid. 1006.

The Supreme Court, in *Hensley* opined that, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, at 436. (In Footnote 12, the *Hensley* Court further stated it would not "view with sympathy" a fee applicant's claim that the District Court had abused it's discretion by awarding unreasonably low attorney's fees if counsel's records do not provide support for the request. Id.)

Likewise, the Ninth Circuit has concurred that, "[c]ounsel may not submit 'mere summaries of hours worked in calculation of the Lodestar.'" *Intel Corp. v. Terabyte Intern.*, Inc., 6 F.3d 614 (9th Cir. 1993); citing *Entertainment Research Group, Inc. v. Genesis Creative Group, Inc.*, 122 F.3d 122, 1231 (9th Cir. 1997).) So, since the Ninth Circuit relies on a lodestar cross check to ensure reasonableness when awarding fees to Class Counsel, this Court necessarily must inquire into Class Counsel's billing records.

**B.     Class Counsel Has Provided No Detailed Billing Records for Its Lodestar Calculation.**

The Ninth Circuit recently had opportunity to decide whether and how much information a Class Member is entitled to in advance of the objection deadline. The Court opined, "[a]llowing class members an opportunity thoroughly to examine counsel's fee motion, inquire into the bases for various charges and ensure that they are adequately documented and supported is essential for the protection of the rights of class members. It also ensures that the district court, acting as a fiduciary for the class, is presented with adequate, and adequately-tested, information to evaluate the reasonableness of a proposed fee.." *Mercury Interactive Corp. Securities Litig.*, 618 F.3d 988, 994 (9th Cir. 2010). **Thus, this Circuit requires that disclosure of the bases for the requested attorneys' fee in the Motion for Fees is absolutely mandatory.** The *Mercury* court further concluded that this "practice borders on a denial of due process because it deprives objecting class members of a full and fair opportunity to contest class counsel's fee motion." *Id* at 993.

4

In this case, Class Counsel is requesting a fee of $ 5,368,000 in its Motion for Fees.  (Doc. 181.) However, the Motion submitted provides little additional factual basis to support this request to inform this Objector whether or not the fee request is a fair one.  The Motion provides only a summary, in chart form, of the total hours expended by each attorney in this litigation.  (See Dec. Strange, Ex. 2, 3, 4.) This places Objectors in the peculiar and anomalous position of being required to merely trust that the attorneys representing their Class have provided accurate totals and that their work was neither duplicative nor wasteful.  Objectors believe that the procedure being followed in this case violates F.R.C.P. 23 (h) because the Class does not have actual notice of the details underlying such request prior to the Objection deadline.  Objectors and the Court need to examine the time reports submitted by Class Counsel in order to properly analyze the instant Fee Request.   The Class is entitled to know how their attorneys spent their time in vigorously advocating their interests.

Thus, the Court should, and must, investigate not only the total amount of time expended, but by whom it was expended. Was it by a partner, an associate or a contract attorney, and were the rates charged reasonable? Did one person take or defend a deposition, or were many associates in attendance? All of these matters should be investigated to make sure that the Class is not being overcharged. Because none of these important details are provided to the Class or the Court, notice of the fee motion has not been directed to class members in a "reasonable manner" as required by Fed. R. Civ. P. 23 (h)(1).

### III.   THE FEE ARRANGEMENT BREACHES THE DUTY TO THE CLASS

In its Motion for Fees, Class Counsel informs the Class that any attorneys' fees will not be paid out of the settlement fund.  As a result, if the court reduces the fee request the money will revert back to the defendant rather than make its way into the hands of the Class.  Framing the attorneys' fee provision in this manner only serves to decrease Class Members' incentive to object to the requested fee and to

5

1    evade the necessary scrutiny of this court.  Thus, this structure may have the improper result of

2    improperly inflating Class Counsels' fee award.

3            The truth is that "a defendant is interested only in disposing of the total claim asserted against it;

4    ... the allocation between the class payment and the attorneys' fees is of little or no interest to the

5    defense." *In re General Motors Corp. Pickup Truck Fuel Tank Prod. Liab. Litig.,* 55 F.3d 768, 819-20

6    (3rd Cir. 1995)(*see also Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43,52 (2d Cir. 2000)(

7    "Defendants, once the settlement amount has been agreed to, have little interest in how it is distributed

8    and thus no incentive to oppose the fee.")  Therefore, "private agreements to structure artificially

9    separate fee and settlement arrangements cannot transform what is in economic reality a common fund

10   situation."  *General Motors* at 821.

11           As stated above, the primary danger in separating the fee awarded from the common fund is that

12   the incentive, by both Objectors and the Court, to scrutinize the fee application is significantly

13   diminished.  In so doing, Class Counsel places their own financial interest above that of the class in that

14   any portion of the fee request this Court finds to be excessive will revert back to the Defendants rather

15   than to the Class Members.  Or, should the Court awards the fee request in its entirety, this may result in

16   an inflated award of attorneys' fees.  Either way, structuring the fees in this manner side step the

17   safeguards of Rule 23 in that it minimizes scrutiny into its application.

18           Additionally, part of the Court's determination of reasonableness of fees includes a review of the

19   result obtained on behalf of the Class.  *Vizcainzo v. Microsoft Corp.,*  290, F. 3d 1043 (9th Cir. 2002.)

20   However, separating Class Counsels' attorneys' fee request from the fund itself removes this portion of

21   the analysis.  Whether the number of claimants to this common fund is two Class Members or the

22   purported 4.7 million Class Members (See Motion for Settlement, p. 10, lns. 19, 25-6), Class Counsel's

6

award remains firmly fixed at approximately $5 million dollars (if the Court grants the instant fee request in its entirety).

Thus, Class Counsel has brokered a deal that puts their financial interests above those of the Class Members.  This fact alone renders this settlement unfair, inadequate, and unreasonable under Rule 23(e)(2).

## IV.   THE COURT MAY NOT RELY ON THE OPINION OF THE MEDIATOR IN ITS CALCULATION OF FEES AND DETERMINATION OF FAIRNESS

Class Counsel states, in support of its fee application, that "both mediators have filed declarations in support of the settlement and attorneys' fee award in this case, and both testify as to the arms-length nature of the negotiations for the settlement and attorneys' fees." (Motion for Fees, p. 6, lns. 23-25.)(See Also Declaration of Panelli, Doc. 191 and Declaration of Piazza, Doc. 182.)  The Mediators' opinions regarding settlement and Class Counsels' request for fees and costs is wholly improper and should be struck or at least ignored in its entirety.  These opinions were clearly formed as a result of the mediators' involvement in mediation.  As such, the opinions are clearly inadmissible under Federal Rules of Evidence, Rule 408(a).

To inject the Mediators into the judicial examination and approval process taints the process with a biased opinion regarding fairness or reasonableness, by someone who is supposed to be, by definition, a neutral. This Objector further objects to the Declarations of the Mediators Piazza and Panelli to the extent that they are hearsay evidence under Federal Rules of Evidence 801, 802.  As such, these opinions regarding the reasonableness of the fee request must be disregarded or, in the alternative, the mediators should be produced at the final approval hearing for examination by the court, parties, and objectors.

7

## V.   <u>OBJECTORS' ADDED VALUE TO THE CLASS.</u>

In their zeal to win approval of an agreement, professional class counsel and professional defense counsel often overlook or deny the importance of objectors to the class-action process.  Indeed, professional class counsel and professional defense counsel may even denounce objectors' counsel as "serial objectors," or use some other pejorative epithet.  However, settlements, such as this one, can be so complicated that only lawyers who have participated in many class action lawsuits can provide insightful and useful analysis, thoughtful alternatives, and a context within which to identify flaws or oversights in a settlement, and thereby assist a court in fulfilling its duty to examine the settlement as an independent and impartial neutral.

Thus, objectors provide great value to the class action process.  Without resolving the issues described above, the Settlement could become a complete sham and no one would be the wiser.  The judicial system would have failed Class Members by requiring no mechanism for assuring that the persons who should benefit receive the agreed relief.  The foregoing observations are submitted to improve the Settlement, and thereafter to guarantee it will work, and to show when and how well it is completed.  These improvements are developed only now because objectors offer the last opportunity to preserve the adversary process which is necessary to test the fairness of a proposed settlement.

"It is desirable to have as broad a range of participants in the fairness hearing as possible because of the risk of collusion over attorneys' fees and the terms of settlement generally. . . .  It is impossible for a class to select, retain or monitor its lawyers as an individual client would."  *Great Neck Capital Appreciation Inv. P'ship, L.P. v. PricewaterhouseCoopers, L.L.P.*, 212 F.R.D. 400, 412 (E.D. Wis. 2002).  "Class counsel and defendants' counsel may reach a point where they are cooperating in an effort to consummate the settlement."  <u>Id.</u>  "Courts, too, are often inclined toward favoring the settlement, and the general atmosphere may become largely cooperative."  <u>Id.</u>

8

"Thus, objectors serve as a highly useful vehicle for class members, for the court and for the public generally." *Great Neck*, 212 F.R.D. at 412. "From conflicting points of view come clearer thinking." *Id.* at 412-13. "Therefore, a lawyer for an objector who raises pertinent questions about the terms or effects, intended or unintended, of a proposed settlement renders an important service." *Id.* at 413.

In other cases, objectors' counsel have been recognized where their efforts have augmented the common fund or otherwise improved a class action settlement. See, e.g., *Bowling v. Pfizer, Inc.,* 922 F.Supp. 1261, 1285 (S.D. Ohio), aff'd, 102 F.3d 777 (6th Cir. 1996); *In re Domestic Air Transp. Antitrust Litig.,* 148 F.R.D. 257, 359-60 (N.D.Ga. 1993). Indeed, even in cases where objectors appeared but the settlement terms were not altered, courts have recognized their value in that their presence improved the process and assisted the court in its scrutiny of the settlement. *See County of Suffolk v. Long Island Lighting Co.*, 907 F.2d 1295, 1325-27 (2d Cir. 1990); *Howes v. Atkins*, 668 F.Supp. 1021, 1027 (E.D.Ky. 1987); *Frankenstein v. McCrory Corp.,* 425 F.Supp. 762, 767 (S.D.N.Y. 1977); *see also Domestic Air*, 148 F.R.D. at 359. Likewise, the Committee Notes to Rule 23(h) expressly states the benefit that objectors may bring to a case:

> "In some situations, there may be a basis for making an award to other counsel whose work produced a beneficial result for the class, such as attorneys who acted for the class before certification but were not appointed class counsel, or attorneys who represented objectors to a proposed settlement under Rule 23(e) or to the fee motion of class counsel. Other situations in which fee awards are authorized by law or by agreement of the parties may exist."
> 2003 Committee Note, Rule 23(h).

A.   **Request for Attorneys' Fees.**

Based on the foregoing, these Objectors wish to reserve the right to apply for reasonable and appropriate compensation for the valuable and crucially important services which have been provided in assisting the Court with this complex matter, preserving the adversary process needed to test the

9

Proposed Settlement, identifying problems with the Proposed Settlement, and presenting substantial and workable solutions.

Just as objectors' counsel should be encouraged to assist the class-action process, so should individual class members be encouraged to participate. Accordingly, an incentive award is appropriate for Objectors herein for its willingness to be a named party, promoting fairness, and contributing to the common welfare of the Class.

## VI. **JOINDER IN OTHER OBJECTIONS**

This Objector adopts and joins in all other well taken - bona fide objections filed by other Class Members in this case, and incorporates them by reference as if they appeared in full herein.

## VII. **CONCLUSION**

Based on the foregoing arguments and any additional arguments presented at the hearing, these Objectors respectfully request the following:

A. Upon proper hearing, sustain these Objections;

B. Upon proper hearing, enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement;

C. Continue the Fairness Hearing until such time that these Objectors and the Class have had the opportunity to review Class Counsels' detailed billing records; AND

D. Award an incentive fee to these Objectors for their service as representative of unnamed Class Members in this litigation.

Dated:  February 22, 2011             By: ____/s/ Darrell Palmer_____
                                          DARRELL PALMER

                                      Attorney for Objectors Margaret Munoz and Cery Perle

10

## CERTIFICATE OF SERVICE

   I hereby certify that on February 22, 2011, I electronically filed the foregoing OBJECTION OF MARGARET MUNOZ AND CERY PERLE TO PROPOSED SETTLEMENT AND NOTICE OF INTENT TO APPEAR with the Clerk of the Court of the United States District Court for the Northern District of California by using the USDC CM/ECF system.

   I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the USDC CM/ECF system, to wit:

**Counsel for Class**

Brian R. Strange                          Randall S. Rothschild
Gretchen Carpenter                     Randall S. Rothschild, APC
Strange & Carpenter                    Randy.rothschild@verizon.net
gcarpenter@strangeandcarpenter.com

**Counsel for Defendants**

Paul Schlaud                              Kristy McAlister Brown
Reeves & Brightwell LLP            Alston & Bird LLP
pschlaud@reevesbrightwell.com    kmbrown@alston.com

Michael S. Blanton
Roberts, Raspe & Blanton LLP
mblanton@rrbllp.com


                              ____/s/ Darrell Palmer_____
                              Darrell Palmer
                              Attorney for Objectors

11