Sean P. DeBruine (SBN 168071)
ALSTON & BIRD LLP
Two Palo Alto Square
3000 El Camino Real, Ste 400
Palo Alto, CA  94306-2112
Phone:  (650) 838-2000
Fax:   (650) 838-2001
sean.debruine@alston.com

Kristine M. Brown (Georgia SBN 480189)
Matthew D. Richardson (Georgia SBN 231474)
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Phone: 404-881-7000
Fax: 404-881-7777
kristy.brown@alston.com
matt.richardson@alston.com

Paul Schlaud (Texas SBN 24013469)
Matthew H. Frederick (Texas SBN 24040931)
Reeves & Brightwell
221 West Sixth Street, Ste 1000
Austin, TX 78701-3410
Phone: 512.334.4504
Fax: 512.334.4492
pschlaud@reevesbrightwell.com
mfrederick@reevesbrightwell.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| VIVIAN FIORI ARIZA, ROGGIE TRUJILLO, PAMELA NEWPORT, ROBERT DEAN, AND RAUL REYES, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>        vs.<br><br>DELL INC., et al.<br><br>        Defendants. | Case No.  09 CV 01518 JW<br><br>**DELL DEFENDANTS' RESPONSE TO OBJECTIONS AND IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT**<br><br>Date:     March 21, 2011<br>Time:    9:00 a.m.<br>Courtroom:  8<br><br>Assigned to the Honorable Judge James Ware, Courtroom 8<br><br>Action filed April 7, 2009 |

Defendants Dell Inc., Dell Catalog Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell Marketing L.P., LLC, and Dell USA L.P. ("Dell") submit this Response to Objections and in Support of Final Approval of Settlement.

## INTRODUCTION

This hard-fought Settlement, which resolves three different class actions after years of litigation and provides an opportunity to claim a non-coupon cash benefit to millions of California and Arizona residents, is fair, adequate and reasonable. Almost no objectors have suggested otherwise. Rather than attempting to comprehensively catalog the many reasons why this Settlement should be approved, this Response focuses on a few additional points that strongly support the approval of this Settlement.

## I.     SETTLEMENT IS FAR SUPERIOR TO ANY LITIGATION ALTERNATIVE.

The standard for granting final approval of a class action settlement is whether the settlement is "fair, adequate, and reasonable," and this standard is satisfied when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *Fulford v. Logitech, Inc.* 2010 U.S. Dist. LEXIS 29042, *5 (N.D. Cal. March 5, 2010) (citations omitted). In determining whether a settlement is fair, adequate and reasonable, a court must balance several factors, including "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; [and] (3) the risk of maintaining class action status throughout the trial." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004). This Settlement is exceedingly fair, particularly in light of the difficulties that Plaintiffs would have had in successfully prosecuting any of their claims and protecting any such victory on appeal.

### A.     This Settlement Resolves Three Highly Contentious Class Actions.

This Settlement resolves three separate putative class actions filed in three different courts. *Alvarez* was filed in California Superior Court, Mendocino County in July of 2004; *Newport* was filed in Arizona Superior Court, Pima County in November of 2007 and was removed to the United States District Court for the District of Arizona in February of 2008; and

*Fiori* was filed in the United States District Court for the Northern District of California in April of 2009. *Alvarez* and *Newport* both challenged Dell's representations relating to the timing of at-home service (the "service-timing" claim); *Fiori* and *Newport* both challenged Dell's disclosures relating to one-year service contracts that came with its computers (the "service contract" claim). These cases were contentious and vigorously litigated. There is ample reason to expect that, absent this Settlement, each case would proceed for years in hard-fought litigation. That litigation might provide no benefit to some portions of the settlement class, and would provide only a small chance of recovery, delayed by years of litigation and appeal, to the remainder of the class (if a class could even be certified for litigation, as opposed to settlement, purposes). In contrast, this Settlement provides substantial and immediate benefits to the putative class members of all three underlying actions.

## B. Plaintiffs Faced Numerous Obstacles in Each Action

Throughout this litigation, Defendants have maintained that Plaintiffs' core claims are not valid under the law.[1] Even aside from the problem of the potential non-viability of Plaintiffs' core claims, Plaintiffs faced other substantial obstacles including statute of limitations, causation, over-breadth of class definitions, and arbitration defenses. Focusing on a single one of these defenses, the arbitration defense, is instructive. If litigation resumed, the plaintiffs in each case would face a risk that no class relief would be available at all because of clauses requiring individual, non-class arbitration. Defendants believe that each of the named plaintiffs purchased under terms and conditions requiring individual arbitration. This is not merely a hypothetical concern. Before *Discover Bank v. Superior Court*, 36 Cal.4th 148, 113 P.3d 1100 (2005), was decided, the district court in *Alvarez* found that the arbitration and class waiver provisions were enforceable and ordered the lead plaintiff to individual arbitration. *See* Arbitration Order, *Alvarez v. Dell*, attached to Schlaud Decl. as Ex. A. After *Discover Bank*, the court reconsidered the arbitration order, and the case proceeded in court as a putative class action. But a shadow now hangs over *Discover Bank*. After this case was stayed for settlement purposes, the U.S. Supreme

---

[1] Plaintiffs, unsurprisingly, have a very different view of the strength and merits of their various claims. This settlement, like any other, reflects the uncertainty both sides faced.

Court granted certiorari in *AT&T Mobility, LLC v. Concepcion*, 130 S. Ct. 3322 (May 24, 2010) (No. 09-893) to review the Ninth Circuit's decision in *Laster v. AT&T Mobility, LLC*, 584 F.3d 849 (9th Cir. 2009). *Concepcion* was argued on November 9, 2010, and a decision, which will ultimately determine if *Discover Bank* is preempted by the FAA, is expected by the end of June 2011. Although Plaintiff will surely have arguments to the contrary, a Supreme Court roll-back of *Discover Bank* would have the potential to end these class actions outright. The risk of this outcome, and the delay related to resolution of arbitration issues, demonstrates the fairness of the Settlement, as this Court has previously recognized in another case:

> Dell has succeeded in having courts enforce its arbitration clause against consumers seeking to bring class actions, even in this Circuit. . . . While the Court makes no finding as to whether it would have enforced that clause here, it is an issue that is complex and difficult and added to Class counsel's risk.

*Lundell v. Dell, Inc.*, 2006 WL 3507938, *3 (N.D. Cal. Dec. 5, 2006).

In contrast to the uphill battle towards delayed and uncertain recovery that Plaintiffs faced in litigating their claims, the Settlement provides class members with certain, substantial, and immediate relief. Objector Scheiman even admits that the individual compensation is fair and the injunctive relief is an adequate, separate benefit. *See* Scheiman Objection at 2. The Settlement provides generous monetary compensation to class members who file valid claims through a very simple claims process, and it also provides substantial nationwide injunctive relief.

## II.   NONE OF THE OBJECTIONS UNDERMINES THE FAIRNESS OF THE SETTLEMENT TO THE CLASS AS A WHOLE.

### A.   Attorneys' Fees are a Separate Determination from Approval of the Settlement.

The objectors focus primarily, if not exclusively, on the amount and calculation of Class Counsel's attorneys' fees. Defendants do not oppose Plaintiffs' requested fee and note that their lodestar exceeds the amount sought. But Dell believes that the Objectors are confusing two inquiries to the extent that they urge the Court to deny final approval of the Settlement based on the fees. Under the Settlement, the attorneys' fee question and the fairness of the Settlement are separate questions. Objectors overlook the explicit Settlement provision that the "Court's award

of any Class Counsels' fees and expenses shall be separate from its determination of whether to approve the settlement."   Settlement Agreement § VI(2).   Defendants have agreed that the requested fees are appropriate, but even if this Court were to disagree, the Court's decision on whether to award Class Counsels' fees in the amount requested should not affect its decision on whether to grant final approval of the Settlement.

**B.     The Notice, Claims and Objection Processes are Appropriate.**

**1.     The Class List**

Objector Scheiman requests information on the generation of the class notice list.   He notes that "nothing submitted thus far indicates how the parties could know which buyers were purchasing primarily for personal, family or household use as opposed to business use." Scheiman Objection at 5.

Mr. Scheiman is correct that the Parties did not know which buyers were purchasing for individual consumer purposes, hence the claims-made procedure.   The class definition in this case is limited to individuals (non-entities) who purchased for personal use, not business use.   *See* Settlement Agreement Section II(23).   The class definition effectively incorporates the definition of "consumer" found in California consumer statutes.   *See* CAL. CIV. CODE §§ 1761 & 1791. Although the definition is clear in the Settlement and under California law, it does not correspond to the way Dell tracks its customer orders.   Instead, Dell sells through different purchasing segments, several of which focus on sales to individuals while others sell to businesses, governments, educational entities, etc.   In order to generate the class list, Dell pulled records from its segments that sell to individuals.   However, businesses sometimes purchase computers for their business through the individual segments.   The best that Dell could do in the generation of its class list was to gather all customers who purchased through the individual segments, knowing that any list generated in such a manner would be over-inclusive under the legal definition of "consumer."

The only effort undertaken to further reduce the list to exclude non-consumer purchases was the removal of 123 corporate entities who purchased in their own name and shipped to

themselves.  *See* Reid Decl. at ¶ 5.  This approach was reasonable and actually resulted in a Class List that was over- rather than under-inclusive.

Mr. Scheiman also notes that only 3.462 million notices were sent, while the Settlement Agreement contained higher estimates of the potential number of claims.  The difference between these numbers is easily explained.  The estimated 4.7 million number used in the Settlement Agreement was based on computers, not on human beings.[2]  Under the Settlement, persons who purchased more than one computer only received one notice unless they purchased with different addresses.  *See* Reid Decl. at ¶ 4.  The ICA sent notice to every distinct combination of name and address, but did not send multiple notices to the same name and address.  *Id*.  This reduction for unique name and address yielded the 3.4 million notices that were sent.  However, any individuals who made multiple qualifying purchases are free to make as many qualifying claims as they are entitled to, even if they only received one notice.

The notice provided here, which ultimately involved attempted direct email and/or postcard notice, publication in thirteen periodicals, and a settlement website, *see* Reid Decl. of Due Diligence, Dck # 197, was the best practicable and strongly supports final approval in this case.

## 2.   The Claims Process

Objector Scheiman also argues that the claims process is improper; however, this argument is based on a misinterpretation of the Settlement.  Mr. Scheiman mistakenly states that class members who did not receive an email or postcard notice are required to produce an invoice number, customer number, and a date of purchase.  Although the claim form does provide an opportunity for class members to give this information in Part II of the form, it also clearly states that class members need only "*provide as much information as you have for Part II*."  Claim Form at 1 (emphasis added); *see also* Reid Decl. at ¶ 6 (none of the fields identified by Scheiman

---

[2]   The 4.7 million number was also, as the settlement agreement itself states, an estimate.  During the negotiation of the settlement, because of the limitations of the data, Defendants had to use statistical inferences to fill in some missing data and to estimate the number of individuals who might fit a given category.

1    are required fields).   Thus, class members who are not able to provide an invoice number,

2    customer number, or date of purchase are still eligible to claim the cash benefit.

3         **3.    The Objection Process**

4         Objector Golden's argument regarding the objection procedure is without merit.   The

5    requirement that a class member make any objections in writing before appearing in court is

6    standard in class settlements.  *See, e.g., Turner v. Storm8, LLC*, 2010 WL 3037275, *3 (N.D. Cal.

7    July 30, 2010) (objector will not be heard if objection not timely filed in writing); *In re NVIDIA*

8    *Corp. Derivative Litigation*, 2008 WL 5382544, *5 (N.D. Cal. Dec. 22, 2008) (same).   In

9    addition, there is nothing in the Settlement Agreement to suggest that the parties intended an

10   unreasonable interpretation of the requirement that class members who file objections with the

11   Court "simultaneously" serve their objections on the parties.  *See* Settlement Agreement III

12   (B)(3)(a).

13                          **<u>CONCLUSION</u>**

14        For the foregoing reasons, the Court should approve the Settlement.

15   DATED this 7th day of March 2011          Respectfully submitted,

16                                  **REEVES & BRIGHTWELL L.L.P.**

17

18                                  By  */s/ Paul Schlaud*
                                        Paul Schlaud
19                                      Matthew H. Frederick

20

21                                  ATTORNEYS FOR DEFENDANTS DELL INC.,
                                    DELL CATALOG SALES, L.P., DELL
22                                  PRODUCTS, L.P., DELL MARKETING L.P.,
                                    DELL MARKETING L.P., LLC, DELL
23                                  MARKETING G.P., LLC, AND DELL USA L.P.

24

25

26

27

28

**PROOF OF SERVICE**

I, the undersigned, declare that I am a resident of the State of Texas, over the age of eighteen years and not a party to the within action. My business address is Reeves & Brightwell, 221 W. 6th Street, Suite 1000, Austin, TX 78701.

On March 7, 2011, I served the following document:

**DELL DEFENDANTS' RESPONSE TO OBJECTIONS AND**
**IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT**

_X_ **ELECTRONIC FILING**: the within document, the automatically generated notification for which constitutes service pursuant to General Order 45, Section IX(A) and (B).

| | |
|---|---|
| Brian R. Strange<br>lacounsel@earthlink.net<br>Gretchen Carpenter<br>gcarpenter@strangeandcarpenter.com<br>STRANGE & CARPENTER<br>12100 Wilshire Blvd., Suite 1900<br>Los Angeles, CA 90025<br>Telephone:    310-207-5055<br>Fax:             310-826-3210<br><br>Attorneys for Plaintiffs | Michael S. Blanton<br>mblanton@rrbllp.com<br>ROBERTS, RASPE & BLANTON LLP<br>Union Bank Plaza<br>445 South Figueroa Street<br>Suite 3200<br>Los Angeles, California 90071<br>Telephone:    (213) 430-4777<br>Fax:             (213) 430-4780<br><br>Attorney for Defendants BancTec, Inc. and<br>QualxServ, LLC |
| Randall S. Rothschild<br>randy.rothschild@verizon.net<br>12100 Wilshire Blvd., Suite 800<br>Los Angeles, CA 90025<br>Telephone:    310-806-9245<br>Fax:             310-988-2723<br><br>Attorney for Plaintiffs | Charles D. Chalmers<br>851 Irwin Street, Suite 200<br>San Rafael, CA 94901<br>Telephone:  (415) 860-8134<br>Fax:  (801) 382-2469<br><br>Attorney for Objector Neil Scheiman |
| Howard Strong<br>Law Offices of Howard Strong<br>P. O. Box 570092<br>Tarzana CA 91357-4031<br>Telephone: (818) 343-4434<br>Fax: (818) 343-7910<br><br>Attorney for Objector Joel Golden | Darrell Palmer<br>Law Offices of Darrell Palmer<br>603 North Highway 101, Ste. A<br>Solana Beach, CA 92075<br>Telephone:  (858) 792-5600<br>Fax:  (858) 792-5655<br><br>Attorney for Objectors Margaret Munoz and<br>Cery Perle |

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct.  Executed in Austin, Texas on March 7th, 2011.

_/s/ Paul Schlaud_____
Paul Schlaud

DELL DEFENDANTS' RESPONSE TO OBJECTIONS AND
IN SUPPORT OF FINAL APPROVAL OF SETTLEMENT
Case No. 09-CV-01518JW