IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vivian Fiori, et al., | NO. C 09-01518 JW |
| Plaintiffs,<br>v.<br>Dell, Inc., et al.,<br>Defendants. | **ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND ENTERING JUDGMENT** |

On March 21, 2011, the Court conducted a hearing on Final Approval of Class Settlement and Application for Attorney Fees and Costs. Counsel for the parties were present.

Pursuant to the Order issued by this Court on November 23, 2010,[1] Class Notice, including notice of this hearing, was sent to the Class. Based on the papers submitted to date and oral argument, the Court finds and orders as follows:

(1) This Order incorporates by reference the definitions in the Settlement Agreement, and, unless otherwise provided herein, all capitalized terms used in this Order shall have the meanings as set forth in the Settlement Agreement.

(2) The Court has personal and subject matter jurisdiction over this case and over all claims raised therein and all Parties thereto, including the Settlement Class.

(3) The Settlement Class, which will be bound by this Final Approval Order and

---

[1] (See Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Docket Item No. 180.)

1  Judgment, shall include all members of the Settlement Class who did not submit
2  timely and valid requests for exclusion.

3  (4) The Court finds that the prerequisites of Federal Rule of Civil Procedure 23(a) and (b)(3) have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class they represent; the common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Classes is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

(5) For purposes of the Settlement and this Final Approval Order and Judgment, the Court hereby certifies the following Settlement Class: All individual consumers in California and Arizona who purchased directly from Dell a Dell notebook or desktop computer with a Service Contract during the period from January 1, 2000 through July 31, 2010. Excluded from membership in the Settlement Class are the following: (a) Defendants, the Released Parties, and their employees, their employees' immediate family members, and agents; (b) retailers, wholesalers, and other individuals or entities that purchased Dell notebook and desktop computers for resale; (c) any businesses or entities that purchased Dell notebook and desktop computers; (d) individuals who did not purchase their computers primarily for personal, family, or household purposes; (e) any judge to whom this action, *Newport v. Dell Inc., et al.*, United States District Court for the District of Arizona, Case No. 08-096

("*Newport*"), or *Alvarez, et al. v. Dell Inc., et al.*, California Superior Court, Mendocino County, Case No. SCUK CVG 0492921 ("*Alvarez*"), is assigned and the judge's immediate family members; and (f) all persons who timely and validly opted to exclude themselves from the Settlement Class. Those Class Members who timely and properly requested exclusion are listed on Exhibit 1 hereto.

(6) The Court hereby finally certifies Plaintiffs Vivian Fiori Ariza, Roggie Trujillo, Pamela Newport, Robert Dean, and Raul Reyes as Settlement Class Representatives, and Strange & Carpenter and Randall S. Rothschild, APC, as Class Counsel.

(7) The Parties complied in all material respects with the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in Section III(B)(1) of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constituted the best notice practicable under the circumstances and constituted due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, existence and terms of the Settlement Agreement, Class Counsel's request for attorneys' fees, costs, and incentive awards, and the Final Approval Hearing. Further, the Notice Plan satisfies the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law including Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Defendants' counsel provided notice of the Settlement to the appropriate state and federal government officials and filed with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (CAFA Notice).

(8) The Court has determined that full opportunity has been given to the members of the Settlement Class to opt out of the Settlement, object to the terms of the Settlement or to Class Counsel's request for attorneys' fees and expenses and incentive awards, and otherwise participate in the Final Approval Hearing held on March 21, 2011. The fact that only a few class members filed objections to the proposed Settlement and the

3

fact that there were few opt-outs out of millions of Class Members also is a factor supporting a finding of fairness, reasonableness and adequacy of the Settlement. Notwithstanding the procedural defects noted in the Parties' responses to the objections, the Court has considered all submissions and arguments made at the final approval hearing provided by Class Members objecting to the Settlement as well, as the Parties' responses to those objections, and has determined, for all the reasons set forth in the Parties' responses, that none of the objections have any merit or warrant disapproval of the Settlement Agreement and/or Class Counsel's request for attorney's fees and expenses and incentive awards. The Objections were conclusory in nature, and lacked factual or legal support. Further, none of the Objectors made any showing of collusiveness in the settlement or fee negotiations which were conducted before independent mediators, nor did they make any showing that the settlement benefits are inadequate. In addition, none of the Objectors claimed that any of their objections as to the "structure" of the Settlement even applied to Class Counsel's lodestar showing here. All such objections to the Settlement and/or to Class Counsel's request for attorneys' fees and expenses and incentive awards are overruled.

(9) The Court finds that the Settlement is in all respects fair, reasonable and adequate. The Court therefore finally approves the Settlement for all the reasons set forth in the Motion for Final Approval including, but not limited to, the fact that the Settlement Agreement was the product of informed, arms-length negotiations between competent, able counsel and conducted with the oversight and involvement of two independent, well respected, and experienced mediators; the record was sufficiently developed and complete through meaningful discovery and motion proceedings to have enabled counsel for the Parties to have adequately evaluated and considered the strengths and weaknesses of their respective positions; the Action involved disputed claims, and this dispute underscores the uncertainty and risks of the outcome in this

matter; the Settlement provides meaningful remedial and monetary benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

(10) The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the Class Claims. The relief provided to the settling Class Members under the Settlement Agreement is appropriate as to the individual members of the settling Class and to the Class as a whole. All requirements of statute, rule, and Constitution necessary to effectuate the Settlement have been met and satisfied. The Parties shall effectuate the Settlement Agreement in accordance with its terms.

(11) Pursuant to Section VII of the Settlement Agreement, upon the Effective Date, Plaintiffs and Class Members shall have, by operation of this Final Approval Order and Judgment, unconditionally, completely, and irrevocably released and discharged the Released Parties[2] from any and all claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, costs, expenses, or losses of any kind whatsoever, including any known or unknown claims, which Plaintiffs or Class Members have or may claim to have against any or all Released Parties based upon, arising out of, or in any way relating to any act, failure to act, omission, misrepresentation, fact, event, transaction, or occurrence from the beginning of time until the Effective Date of the Settlement Agreement that has been raised or is directly related to claims that were raised or could have been raised in the *Fiori,*

---

[2] Released Parties means Dell Inc., Dell Catalog Sales, L.P., Dell Products, L.P., Dell Marketing L.P., Dell Marketing L.P., LLC, Dell USA L.P., BancTec, Inc., Worldwide TechServices, LLC f/k/a QualxServ, LLC, and all of their respective corporate parents, affiliates, subsidiaries, predecessors, successors, and assigns, as well as the officers, directors, attorneys, insurers, vendors, agents (alleged or actual), representatives, and employees of any such companies or divisions.

*Newport* or Alvarez actions, to the extent they arise out of or relate to the allegations made in the *Fiori*, *Newport* or *Alvarez* actions, except for claims for personal injury or wrongful death. Pursuant to the February 8, 2011 Clarifying Statement Regarding Scope of the Release, and as reflected in the Release set forth in Section VII of the Settlement Agreement, no claims currently at issue in *Mohan, et al. v. Dell, Inc., et al.*, Case No. CGC 03-419192 (San Francisco Superior Court, California), relating to the collection of sales and/or use tax relating to optional service contracts, are hereby released.

(12) All Released Claims and rights set forth above shall be barred by the principles of res judicata and collateral estoppel. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment.

(13) Pursuant to Section VII of the Settlement Agreement, upon the Effective Date, Plaintiffs and Settlement Class Members shall, by operation of this Final Approval Order and Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

(14) Further, by operation of this Final Approval Order and Judgment, Plaintiffs and Settlement Class Members shall be deemed to have expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

(15) By operation of this Final Approval Order and Judgment, upon the Effective Date, Plaintiffs and Settlement Class Members shall be deemed to have fully, finally, and forever settled and released any and all Released Claims, known or unknown,

6

suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including without limitation conduct that is negligent, intentional, with or without malice, and a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.

(16) No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party. Defendants specifically deny any liability and have entered into the Settlement Agreement for the sole purpose of avoiding the expense and inconvenience of litigation. Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Agreement, or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Agreement, in any proceeding in any court, administrative agency, or other tribunal. Defendants' agreement not to oppose the entry of this Final Approval Order shall not be construed as an admission or concession by Defendants that class certification was appropriate in the Action or would be appropriate in any other action.

(17) Following the March 28 Hearing, the Court found that attorney fees and reimbursement of expenses would properly be addressed after May 20, 2011, the deadline for filing a claim. On or before **May 26, 2011**, the parties shall file a Joint

Statement updating the Court as to the number of claims that have been filed and whether Plaintiffs' request for fees and expenses is justified in light of those claims.

(18) The Court finds that the Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

(19) The above-captioned Action is hereby dismissed in its entirety with prejudice. Each party waives all rights to appeal.

(20) Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement, including any releases or disputes, including disputes about attorneys' fees, enforcement of the injunction issued above, exclusion requests, and any other any future disputes arising out of the terms and conditions of the Settlement Agreement.

(21) Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

(22) There is no just reason for delay in the entry of this Final Judgment, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Dated: April 1, 2011

JAMES WARE  
United States District Chief Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Russell Strange jhood@strangeandcarpenter.com
Charles D. Chalmers cchalmers@allegiancelit.com
Gretchen Arlene Carpenter gcarpenter@strangeandcarpenter.com
Howard Strong stronglaw@gmail.com
Joseph Darrell Palmer darrell.palmer@cox.net
Matt Frederick mfrederick@reevesbrightwell.com
Matthew D. Richardson matt.richardson@alston.com
Michael Scott Blanton mblanton@rrbllp.com
Paul Schlaud pschlaud@reevesbrightwell.com
Randall Scot Rothschild randy.rothschild@verizon.net
Sean P DeBruine sean.debruine@alston.com

**Dated: April 1, 2011**  **Richard W. Wieking, Clerk**

**By:  /s/ JW Chambers**
**Elizabeth Garcia**
**Courtroom Deputy**