IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Vivian Fiori, et al., | NO. C 09-01518 JW |
| Plaintiffs, | **ORDER GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEY FEES** |
| v. | |
| Dell, Inc., et al., | |
| Defendants. | |

Presently before the Court is Class Counsel's Motion for an Award of Attorney Fees, Costs, and Incentive Awards. (hereafter, "Motion," Docket Item No. 181.) The Court finds it appropriate to take the Motion under submission without oral argument.[1] See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court GRANTS Class Counsel's Motion.

**A.   Background**

On April 7, 2009, Plaintiffs filed a Class Action Complaint. (See Class Action Complaint, Docket Item No. 1.) On November 12, 2010, the Court consolidated the case with two others for settlement purposes: Alvarez v. Dell, Inc., California Superior Court, Mendocino County, Case No. SCUK CVG 0492921 and Newport v. Dell, Inc., et al., United States District Court for the District of Arizona, No. 08-CV-0096-CKJ. (See Stipulation and Order, Docket Item No. 177.) On

---

[1] In light of the Court's taking the matter under submission without oral argument, the Court DENIES Defendants' Motion for a Telephonic Appearance as moot. (See Docket Item No. 229.)

1 November 23, 2010, the Court granted Preliminary Approval of the Settlement.[2] On April 1, 2011,
2 the Court granted Final Approval of the Settlement, but delayed consideration of Class Counsel's
3 Motion for Attorney Fees until after the May 20, 2011 deadline for filing a claim.[3] On June 7, 2011,
4 a Joint Report in Response to the Court's Order Re Number of Claims was filed detailing the
5 number of claims submitted. (hereafter, "Report," Docket Item No. 222.)

The Claims Administrator estimated the total number of Class Members to be about 3.4
7 million. (See Declaration of Jonathan Reid ¶ 3, Docket Item No. 197.) The total potential recovery
8 was calculated to be about $30 million.[4] According to the Report, a total of 66,047 claims were
9 filed, with the total amount of benefits claimed being approximately $523,953. (See Report at 2.)

10 On February 18, 2011, Neil Scheiman ("Objector") filed an Objection to Settlement and
11 Award of Attorneys' Fees. (hereafter, "Objection," Docket Item No. 198.) On June 9, 2011,
12 Objector moved for Leave to File a Response to the Report, and the Court set a briefing schedule.
13 (See Docket Item No. 224.) On June 29, 2011, Objector filed his Response. (hereafter, "Response,"
14 Docket Item No. 230.)

15 **B.    Discussion**

16 Class Counsel moves for $5,368,000 in attorney fees, $172,072.24 in unreimbursed litigation
17 costs, and a $5,000 incentive award for each of the five named Plaintiffs. (See Motion at 1-2, 7, 21,
18 23.) Objector responds that the amount of attorney fees should not be based on the total potential
19 recovery by the Class, but on benefits actually claimed, given the low response rate of less than 1%
20 of the Class. (See Response at 4-5.) Objector does not object to the litigation costs or the incentive
21 award to named Plaintiffs.

---

[2] (See Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, hereafter, "Preliminary Order," Docket Item No. 180.)

[3] (See Order Granting of Final Approval of Class Settlement and Entering Judgment at 7, Docket Item No. 216.)

[4] (See Notice of Motion and Unopposed Motion for Preliminary Approval of Class Action Settlement at 1, Docket Item No. 176.)

2

1    "In a certified class action, the court may award reasonable attorney's fees and nontaxable
2 costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h).  In the Ninth
3 Circuit, district courts have "discretion in common fund cases to choose either the percentage-of-
4 the-fund or the lodestar method." Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002).
5 Courts have often chosen to apply the percentage method and then use the lodestar method to cross-
6 check the reasonableness of the percentage. Glass v. UBS Fin. Services, Inc., 331 Fed. Appx. 452,
7 456-57 (9th Cir. 2009).

**(1)    Percentage Method**

At issue is whether the Court should apply the percentage method on the total potential recovery by Class or on the actual monetary benefits recovered, and whether the $5,368,000 claimed by Class Counsel in attorney fees is reasonable.

When applying the percentage method, "25 percent has been a proper benchmark figure." Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 273 (9th Cir. 1989).  To determine the amount to be awarded, the percentage "should be assessed against every class members' share, not just the claiming members." Six (6) Mexican Workers v. Arizona Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990) (citing Boeing Co. v. Van Gemert, 444 U.S. 472, 480 (1980)).  This is true even if "some class members make no claims against the fund so that money remains in it that otherwise would be returned to the defendants." Williams v. MGM-Pathe Communications Co., 129 F.3d 1026, 1027 (9th Cir. 1997).

However, while 25 percent is the benchmark, the Court can then adjust the percentage amount higher or lower to account for any "unusual circumstances" involved in the case. Graulty, 886 F.2d at 272.  The court should consider "all circumstances" of the case in reaching a reasonable percentage. Vizcaino, 290 F.3d at 1048.  Factors that a court may consider include: "[1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to

the proposed settlement." Rodriguez v. West Publ'g Corp., 563 F.3d 948, 963 (9th Cir. 2009) (citations omitted).

Here, the requested amount of attorney fees is $5,368,000. The total potential monetary recovery for the Class is approximately $30 million, while the amount of benefits actually claimed is approximately $523,953. While the fees requested are much higher than the amount of recovery actually claimed by the Class, the Ninth Circuit has held that when calculating attorney fees under the percentage method, the Court should base the percentage on the total potential recovery, not the actual recovery claimed by the Class. See Williams, 129 F.3d at 10267. When compared to the potential recovery of $30 million, the $5,368,000 requested by Class Counsel amounts to approximately 15 percent of the total fund, well below the Ninth Circuit benchmark of 25 percent. Thus, the Court finds the requested amount of attorney fees reasonable under the percentage method.

**(2) Lodestar Cross-check**

After calculating attorney fees under the percentage method, the Court performs a lodestar cross-check.

When cross-checking the benchmark percentage using the lodestar method, a court should calculate the lodestar by taking "the product of reasonable hours times a reasonable rate." City of Burlington v. Dague, 505 U.S. 557, 559-60 (1992) (citation omitted). There is a "strong presumption" that the lodestar represents a reasonable fee. Id. at 562. In assessing the reasonableness of rates, the court is "entitled to take account of fees customarily charged by that attorney and others in the community for similar work." Ackerman v. W. Elec. Co., Inc., 860 F.2d 1514, 1520 (9th Cir. 1988).

Class Counsel contends that they have expended a total of 10,402.84 hours pursuing the litigation, billed at rates ranging from $325 to $750 per hour, for a total lodestar of $5,713,899.50. (See Motion at 9-10.) In light of rates that courts in the Northern District have approved in the past,

1  the Court does not find these rates to be unreasonable.[5]  Moreover in this case, the amount of

2  attorney fees requested by Class Counsel is lower than the lodestar.  In addition, Objector makes no

3  objection to Class Counsel's lodestar calculation.  (See Reply re Motion for Leave to File Response

4  at 2, Docket Item No. 225.)  Thus, the Court finds Class Counsel's request for attorney fees to be

5  reasonable in light of the lodestar cross-check.

6  Accordingly, the Court GRANTS Class Counsel's Motion for Attorney Fees.

7  **C.  Conclusion**

8  The Court GRANTS Class Counsel's Motion for Attorney Fees.  The Clerk shall close this

9  file.

11  Dated: July 6, 2011

JAMES WARE
United States District Chief Judge

---

[5] See, e.g., Stuart v. Radioshack Corp., No. C 07-4499 EMC, 2010 WL 3155645, at *6-7 (N.D. Cal. Aug. 9, 2010) (approving billing rates between $450 and $1000 per hour); Suzuki v. Hitachi Global Storage Technologies, Inc., No. C 06-7289 MHP, 2010 WL 956896, at *3-4 (N.D. Cal. Mar. 12, 2010) (approving billing rates of $650 for partner attorneys and $500 for associate attorneys).

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Brian Russell Strange lacounsel@earthlink.net
Charles D. Chalmers cchalmers@allegiancelit.com
Gretchen Arlene Carpenter gcarpenter@strangeandcarpenter.com
Howard Strong stronglaw@gmail.com
Joseph Darrell Palmer darrell.palmer@palmerlegalteam.com
Matt Frederick mfrederick@reevesbrightwell.com
Matthew D. Richardson matt.richardson@alston.com
Michael Scott Blanton mblanton@rrbllp.com
Paul Schlaud pschlaud@reevesbrightwell.com
Randall Scot Rothschild randy.rothschild@verizon.net
Sean P DeBruine sean.debruine@alston.com

**Dated: July 6, 2011**                    **Richard W. Wieking, Clerk**


                                           **By:    /s/ JW Chambers**
                                                  **Susan Imbriani**
                                                  **Courtroom Deputy**